

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| CORY R. MAPLES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Case No. CV 03-B-2399-NE |
| | ) | |
| DONAL CAMPBELL, | ) | |
| -and- | ) | |
| THE ATTORNEY GENERAL OF | ) | |
| THE STATE OF ALABAMA, | ) | |
| | ) | |
| Respondents. | ) | |

# RESPONDENTS' ANSWER TO MAPLES'S PETITION
## (AND MEMORANDUM BRIEF IN SUPPORT)

Troy King
***Attorney General***

Corey L. Maze
*Assistant Attorney General*
Counsel of Record*

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama  36130-0152
(334) 242-7300*

October 4, 2005

**TABLE OF CONTENTS**

ANSWER TO MAPLES'S PETITION ....................................................................1

PROCEDURAL HISTORY ..............................................................................2

      Trial Proceedings and Direct Appeal.....................................................2

      Rule 32 Petition For Post-Conviction Relief .......................................4

      Federal Petition .................................................................................7

AVAILABILITY OF RECORDS ....................................................................8

MEMORANDUM BRIEF ..............................................................................9

      A.     Statute of Limitation ....................................................10

      B.     Exhaustion ...................................................................11

      C.     Procedural Default .......................................................15

      D.     § 2254(d) Grounds For Relief .....................................17

      E.     Application to Each Claim ...........................................21

                Conclusion....................................................................64

      F.  Chart of Claims.................................................................66

CONCLUSION ............................................................................................67

CERTIFICATE OF SERVICE.....................................................................68

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| CORY R. MAPLES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Case No. CV 03-B-2399-NE |
| | ) | |
| DONAL CAMPBELL, | ) | |
| -and- | ) | |
| THE ATTORNEY GENERAL OF | ) | |
| THE STATE OF ALABAMA, | ) | |
| | ) | |
| Respondents. | ) | |

## ANSWER TO MAPLES'S PETITION
### (AND MEMORANDUM BRIEF IN SUPPORT)

Respondents, through the Attorney General of the State of Alabama, answer Cory Maples's petition for a writ of habeas corpus and respectfully request this Court dismiss Maples's petition. In support of its motion, Respondents state the following:

1.       Cory Maples attacks his October 30, 1997 capital murder convictions and sentence of death. Maples was convicted and sentenced in the Morgan County (Alabama) Circuit Court. Pursuant to Title 28 U.S.C. § 2254, Maples now challenges his convictions and sentence to this Court.

2.      Maples is currently serving his term of imprisonment, pursuant to a valid state court conviction, in the Holman Correctional Facility in Atmore, Alabama.

3.      Respondents aver that Maples's habeas petition is due to be dismissed as a whole because Maples fails to show – or even allege – in his petition that he is entitled to relief under Title 28 U.S.C. §§ 2254(d)(1) or (d)(2).  Furthermore, Maples's habeas petition is due to be dismissed in part because Maples failed to exhaust many of his claims in Alabama state courts, and these claims are therefore procedurally defaulted from habeas review because the claims would be barred in Alabama state courts under independent and adequate state procedural law if Maples now attempted to exhaust the claims.

## PROCEDURAL HISTORY

### *Trial Proceedings and Direct Appeal*

4.      Maples was convicted of 1) intentional murder during a robbery, a capital offense under Section 13A-5-40(a)(2) of the Code of Alabama (1994), and 2) intentional murder of two or more persons pursuant to one scheme or course of conduct, a capital offense under Section 13A-5-40(a)(10), in the Morgan County Circuit Court on December 4, 1996.  See Maples v. State, 758 So. 2d 1, 14 (Ala. Crim. App. 1999).  Following a jury's 10-2 recommendation of death, the

2

Honorable Glenn E. Thompson sentenced Maples to death on November 21, 1997.
Id.

5.     On direct appeal to the Alabama Court of Criminal Appeals, Maples

raised 33 issues for appellate review.  (Tab.R-36)  The Alabama Court of Criminal

Appeals affirmed Maples's conviction and sentence on March 26, 1999.  Id. at 81.

The Supreme Court of Alabama granted Maples's petition for a writ of certiorari,

and Maples raised, *verbatim*, the same 33 issues in his brief to that court.  (Tab.R-

41)  The supreme court affirmed Maples's conviction on December 10, 1999.  See

Ex parte Maples, 758 So. 2d 81 (Ala. 1999).   The United States Supreme Court

denied Maples's petition for a writ of certiorari on October 2, 2000.  See Maples v.

Alabama, 531 U.S. 830 (2000).

6.     Many of the claims presented in Maples's petition for habeas relief to

this Court are the 33 claims Maples presented in his briefs on direct appeal -- and,

again, these claims are copied almost *verbatim* from his direct appellate brief to the

Alabama Court of Criminal Appeals.[1] (Tab.R-36)

---

[1]As outlined in more detail in the argument section of this answer, because Maples
merely cut-and-pasted his arguments from his initial direct appellate brief, none of
these claims actually address the Alabama appellate court's rulings on those claims
in the light of Title 28 U.S.C. § 2254(d), as required for federal habeas relief.

*Rule 32 Petition For Post-Conviction Relief*

7.       Pursuant to Rule 32 of the Alabama Rules of Criminal Procedure,
Maples filed his first (and only) state petition for post-conviction relief with the
Morgan County Circuit Court on August 1, 2001.  (Tab.R-47)   The State answered
Maples's petition on September 27, 2001 and requested Judge Thompson
summarily dismiss Maples's petition.  (Tab.R-48)  In response, Maples amended
his petition on December 7, 2001.  (Tab.R-49)   Judge Thompson summarily
dismissed Maples's Rule 32 petition on May 22, 2003.  (Tab.R-66)  See Ex parte
Maples, 885 So. 2d 845, 846 (Ala. Crim. App. 2004).

8.       Throughout his Rule 32 proceedings, Maples was represented *pro hac
vice* by Jaasi Munanka and Clara Ingen-Housz of the New York law firm of
Sullivan and Cromwell and locally by John G. Butler, Jr. of Huntsville, Alabama.
See id.  The day after Maples's petition was dismissed, the Morgan County Circuit
Clerk mailed a copy of Judge Thompson's order of dismissal to the Attorney
General, Mr. Butler, Ms. Ingen-Housz, and Mr. Munanka.[2]  See id.  Under
Alabama law, Maples had 42 days to file his notice of appeal from the denial of his
Rule 32 petition to preserve his post-conviction claims for appellate review.  See

---

[2]In his petition, Maples notes that a copy of the dismissal order was not sent to him
in prison.  (Maples's petition at 3, n.4)  Under Rule 34.4 of the Alabama Rules of
Criminal Procedure, however, Judge Thompson's order was properly served on
Maples's attorneys of record, not Maples.

Ala. R. App. P. 4(a)(1); Ala. R. Crim. P. 32.10(a).  Maples, however, never filed a notice of appeal.

9.     On August 13, 2003, Jon Hayden – the State's counsel at the time – sent a letter to Maples, informing him that his attorneys failed to appeal the dismissal of his Rule 32 petition, but Maples still had approximately four weeks to file a federal habeas petition before the AEDPA's statute of limitations expired, thereby foreclosing all of Maples's avenues to seek relief.  (Tab.R-56, p.21-22)  In this letter, the State informed Maples 1) how and where to file a federal habeas petition, 2) how to obtain an attorney to assist him, and 3) that "it [was] important that [Maples] act in a timely manner."  (Tab.R-56, p.21-22)

10.  After being informed of the State's letter, Maples's mother called the Sullivan and Cromwell law firm to inquire about the status of her son's case.  See Maples, 885 So. 2d at 846.  After a brief investigation, the law firm discovered that 1) John Butler (Maples's local attorney) received and read his copy of the dismissal order but did nothing and 2) the copies of the orders sent to Ms. Ingen-Housz and Mr. Munanka (Maples's *pro hac vice* attorneys) were received by Sullivan and Cromwell, but were returned to the circuit clerk unopened because both attorneys had left the firm.  See id. at 847.  In fact, the returned orders had the handwritten notation: "Return to Sender-- Left Firm."  Id.  At no time before August 2003 did Ms. Ingen-Housz or Mr. Munanka, or anyone at the Sullivan and

Cromwell law firm, inform the court or the circuit clerk of the attorneys' change of address, file a motion to withdraw the departed attorneys from representing Maples, or file a motion to add additional Sullivan and Cromwell attorneys to represent Maples.  See id. at 849-50.

11.    Shortly after Maples's mother contacted the law firm, an associate of Sullivan and Cromwell filed a motion in the Mobile County Circuit Court requesting Judge Thompson reissue his order of dismissal.  See id. at 846.  Judge Thompson denied the motion because the proper procedure for seeking an out-of-time appeal in Alabama (at the time[3]) was to seek a writ of mandamus from the Alabama Court of Criminal Appeals and he was "unwilling to enter into subterfuge in order to gloss over mistakes made by counsel for the petitioner."  See id. at 847.

12.    The Alabama Court of Criminal Appeals denied Maples's petition for a writ of mandamus on January 23, 2004 by holding that the circuit clerk had properly served each of Maples's attorneys, who failed to take appropriate action. See id. at 848-50.  The Supreme Court of Alabama denied Maples's similar petition for a writ of mandamus, without opinion, on September 3, 2004.  (Tab.R-68)  The United States Supreme Court denied Maples's petition for a writ of certiorari on February 22, 2005.  (Tab.R-69)

---

[3]As of June 1, 2005, Rule 32 petitioners can seek an out-of-time appeal from the denial of their petition in the trial court.  See Ala. R. Crim. P. 32.1(g).

13.   As a result, neither of the Alabama appellate courts addressed the 11 issues, which included numerous sub-issues, contained in Maples's 107-page amended Rule 32 petition.  These claims comprise the remainder of the issues presented by Maples to this Court in his habeas petition.  Again, like his claims that arose on direct appeal, Maples merely cut-and-pasted his arguments from his amended Rule 32 petition into his federal habeas petition; thereby failing to address why the Alabama state courts incorrectly ruled on his claims under Title 28 U.S.C. §§ 2254(d)(1) or (d)(2).

*Federal Petition*

14.   Pursuant to Title 28, Section 2254 of the United States Code, Maples filed a petition for a writ of habeas corpus -- his first such petition -- with this Court on August 29, 2003.   Maples filed a motion for a stay and abeyance pending the resolution of the previously-discussed petitions for a writ of mandamus on November 24, 2003, and this Court granted a stay on December 3, 2003.

15.   The United States Supreme Court denied Maples's petition for a writ of certiorari on February 22, 2005.  Consequently, Maples filed his amended habeas petition with this Court on March 7, 2005.  Maples filed a second amended habeas petition with this Court on May 23, 2005.

16.     This Court ordered Respondents to answer Maples's second amended petition by October 4, 2005.  This answer follows.

## AVAILABILITY OF RECORDS

17.     Under Rules 5(c) and 5(d) of the Rules Governing §2254 cases, Respondents aver that the following records are available and have been filed with this Court for review:

A.     The entire transcript and clerk's record from Maples's direct appeal, which includes a transcript from his trial;

B.     Both parties' direct appellate briefs to the Alabama Court of Criminal Appeals and the Supreme Court of Alabama;

C.     A copy of the published opinions of the Alabama Court of Criminal Appeals and Supreme Court of Alabama affirming Maples's conviction and sentence of death;

D.     Maples's petition for a writ of certiorari to the United States Supreme Court and the State's reply;

E.     Maples's Rule 32 petition and Amended Rule 32 petition;

F.     The State's answer to Maples's Rule 32 petition;

G.     Judge Thompson's order summarily dismissing Maples's Rule 32 petition;

H.     Judge Thompson's order denying Maples's request to reissue the order dismissing his Rule 32 petition;

I.     Maples's petitions for a writ of mandamus to the Alabama Court of Criminal Appeals and the Supreme Court of Alabama seeking an out-of-time appeal and the State's replies;

J.     The published opinion of the Alabama Court of Criminal Appeals and the order of the Supreme Court of Alabama denying Maples's petitions for mandamus relief; and,

H.     Maples's petition for a writ of certiorari to the United States Supreme Court and the State's reply.

Respondents aver that no transcript or clerk's record from the denial of Maples's Rule 32 petition exists because 1) no evidentiary hearing was conducted and 2) Maples failed to appeal the dismissal of his Rule 32 petition.  To assist this Court further, a complete listing of all briefs, filings, and opinions forwarded to this Court is contained within "Respondent's Habeas Corpus Checklist," which Respondents filed along with the record.

## MEMORANDUM BRIEF

18.     As required by Rule 5(b) of the Rules Governing §2254 cases, Respondents address each claim in Maples's amended petition, as well as the application of the AEDPA's statutes of limitation, procedural bars, and exhaustion requirements to Maples's petition.[4]  In short, Maples's petition is not time-barred, but it is subject to dismissal 1) in part, due to several procedural bars stemming

---

[4]Because Maples filed his petition after April 24, 1996, this case is governed by Title 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Penry v. Johnson, 532 U.S. 782, 792, 121 S. Ct. 1910 (2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003).

from a failure to exhaust Maples's Rule 32 petition claims and 2) as a whole, because Maples fails to state – or even allege – why any of his claims entitle him to relief under Title 28 U.S.C. §§ 2254(d)(1) or (d)(2).

19.     To assist this Court, Respondents answer Maples's petition using the following format.  First, Respondents address Maples's petition as a whole by briefly addressing the AEDPA's statute of limitation, exhaustion requirement, procedural default rules, and requirements for relief as they apply to Maples's petition in general.  Second, in accordance with this Court's order, the State briefly applies these general applications to each claim in Maples's petition in an effort to avoid as much unnecessary repetition as possible.  Finally, the State provides this Court with an outlined chart summarizing which claims are due to be dismissed under the AEDPA's various rules and requirements.

## A.  Statute of Limitation

20.     While Respondents do not specifically waive this ground, Respondents do not allege the AEDPA's one-year statute of limitation is a bar to relief.  See 28 U.S.C. § 2244(d)(1).   Respondents note, however, that while Maples -- or more correctly, Maples's attorneys -- continue to blame the State (in part) for his failure to timely file his Rule 32 notice of appeal, Maples would have similarly failed to timely file his federal habeas petition under § 2244(d) if not for

the State's letter warning Maples of his pending AEDPA deadline.  (Maples's petition at 3-4.)

## B.  Exhaustion

19.     A federal habeas petitioner is not entitled to relief unless "the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).  To fully exhaust a claim under § 2254(b), the petitioner must present the claim to the highest state court to which review is possible – in this case, the Supreme Court of Alabama.  See O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728 (1999)(holding that a petitioner must seek *certiorari* review in a state's highest court to fully exhaust a claim); Esslinger v. Davis, 44 F.3d 1515 (11th Cir. 1995)(holding that a petitioner must appeal the trial court's denial of a Rule 32 petitioner to fully exhaust his post-conviction claims).

20.     Maples's habeas petition is due to be partially dismissed because Maples failed to exhaust many of his claims in the state courts of Alabama.  Specifically, Maples failed to exhaust each of the claims he raised in his Rule 32 petition for post-conviction relief because he failed to appeal the denial of his petition; therefore, none of the claims raised in Maples's Rule 32 petition can entitle him to federal habeas relief.  See id.

21.     As outlined in detail above, Maples failed to appeal from the dismissal of his Rule 32 petition, and the Alabama Court of Criminal Appeals, the Supreme Court of Alabama, and the United States Supreme Court have denied his requests for an out-of-time appeal.  Consequently, neither the Alabama Court of Criminal Appeals nor the Supreme Court of Alabama has addressed the claims Maples raised in his Rule 32 petition and copied into his federal habeas petition.  Because Maples failed to raise his Rule 32 claims on appeal in the Supreme Court of Alabama, he failed to adequately exhaust these claims under § 2254(b).  See id.

22.     Maples therefore presents this Court with a "mixed petition": The claims from his direct appeal were properly exhausted and the claims from his Rule 32 post-conviction petition were not exhausted.  Typically, such a petition would require this Court to either dismiss this petition entirely (without prejudice) or stay the petition until Maples fully exhausted his Rule 32 claims.  See, e.g., Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982)(requiring a mixed petition to be dismissed, without prejudice, in its entirety).

23.     In this case, however, this Court can dismiss Maples's petition with prejudice without granting another stay for Maples to exhaust his Rule 32 claims. As outlined in the procedural history, each appellate court with jurisdiction over Maples's Rule 32 claims has ruled that Maples is not entitled to an out-of-time appeal from the denial of his petition.  Thus, the only way Maples could exhaust

the Rule 32 claims that he includes in his federal habeas petition would be to file a second Rule 32 petition in the Morgan County Circuit Court raising the same claims.

24.     Rule 32.2(b) of the Alabama Rules of Criminal Procedure, however, precludes review of claims raised in a successive Rule 32 petition "on the same or similar grounds on behalf of the same petitioner."  Furthermore, Rule 32.2(c) precludes review of claims raised in a petition that is filed over one year after the petitioner's conviction became final.  As a result, it is certain that Maples could not receive relief on his previously raised Rule 32 claims in Alabama state courts because the claims would be procedurally barred.

25.     The Court of Appeals for the Eleventh Circuit has held that "where all the unexhausted claims are procedurally barred from being considered in [state] courts, it would serve no purpose to dismiss the petition for further exhaustion because review of those claims is unavailable in state courts." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998).  The Court of Appeals for the Eleventh Circuit has applied this "familiar principle" to hold that Rule 32.2(b)'s preclusion of successive petitions is an adequate and independent state procedural bar that warrants dismissal of a §2254 habeas petition without first needlessly requiring the petitioner to re-file his claims in an Alabama state court.  See Bailey v. Nagle, 172 F.3d 1299, 1305-06 (11th Cir. 1999).  The Court of Appeals has

similarly held that Rule 32.2(c)'s statute of limitation is an adequate and independent state procedural bar that warrants dismissal of the same claim in a federal habeas petition.  See Hurth v. Mitchem, 400 F.3d 857, 858-64 (11th Cir. 2005).

26.    Accordingly, this Court may dismiss Maples's unexhausted claims – and his petition as a whole[5] – with prejudice without first requiring Maples to re-file his Rule 32 petition because it is apparent Maples's unexhausted claims cannot entitle him to relief in a state court because they would be precluded under Rules 32.2(b) and 32.2(c).  See Snowden, 135 F.3d at 736.

27.    The State recognizes this ability to dismiss Maples's petition with prejudice is actually a function of the procedural default doctrine, not § 2254(b)'s exhaustion requirement -- although the two are intertwined in this case.[6] Accordingly, the "cause and prejudice" and "fundamental miscarriage of justice" -- i.e. "actual innocence" -- exceptions to the procedural default doctrine would generally be available to preserve Maples's unexhausted claims for habeas review. See Wilson v. Jones, 902 F.2d 923, 925 (11th Cir. 1990)(outlining the "cause and

---

[5]Of course, Maples's properly exhausted claims would have to be dismissed for reasons other than a failure to exhaust.   Here, as outlined later in this answer, Maples's exhausted claims should be dismissed for failure to raise a claim under Title 28 U.S.C. §§ 2254(d)(1) or (d)(2).

[6]Logically, Maples's Rule 32 claims can be viewed as being "exhausted" to the extent that they possess no further ability to entitle Maples to state post-conviction relief due to Rule 32.2's mandatory procedural bars.

prejudice" exception);  Murray v. Carter, 477 U.S. 478, 496, 106 S.Ct 2639

(1986)(outlining the "fundamental miscarriage of justice exception).  Maples,

however, does not allege either exception in his petition; thus, Maples cannot rely

upon the exceptions to preserve his unexhausted claims.[7]  As a result, each of

Maples's habeas claims that were initially raised in his Rule 32 petition should be

dismissed as procedurally defaulted.

### C.  Procedural Default

28.     Similarly, a federal habeas petitioner cannot be entitled to relief on a

particular claim if the State court rejected the claim because it was procedurally

defaulted, waived, or barred by an independent and adequate state procedural rule.

See Harmon v. Barton, 894 F.2d 1268, 1270 (11th Cir. 1990).  As outlined above,

all of Maples's Rule 32 claims are procedurally barred in his federal habeas

petition under Rule 32.2(b) of the Alabama Rule of Criminal Procedure, which

forbids review of successive petitions, and Rule 32.2(c), which precludes review of

claims filed over one year after the petitioner's conviction became final.

---

[7]Furthermore, Maples has forwarded no evidence of his actual innocence, and
errors by counsel -- in this case, counsel's failure to file a notice of appeal --
typically do not amount to sufficient "cause" to trigger a procedural default
exception.  See Murray v. Carrier, 477 U.S. 478, 488 (1986).

29.     Many of the same claims are also procedurally defaulted under other independent and adequate Alabama procedural rules.  To assist this Court by avoiding unnecessary repetition, Respondents do not list each of these claims here. Respondents do, however, lay out the adequate and independent Alabama procedural rules here, with relevant citations, to avoid repeating them in each applicable claim.

30.     Alabama Rules of Criminal Procedure 32.2(a)(3) and 32.2(a)(5) preclude post-conviction review of claims that could have been, but were not, raised at the petitioner's trial or on direct appeal.  The Court of Appeals for the Eleventh Circuit has held that these rules are independent and adequate state law grounds to procedurally default a claim from federal habeas review.  See Holliday v. Haley, 209 F.3d 1243, 1254 (11th Cir. 2000).  Accordingly, Maples is not entitled to federal habeas relief on any claim that was rejected by Alabama courts under either of these rules.

31.     Alabama Rule of Criminal Procedure 32.6(b) precludes state post-conviction review of any claim that is not sufficiently pleaded in the petitioner's Rule 32 petition.  Rule 32.6(b) is an independent and adequate state law ground to procedurally default a claim from federal habeas review.  See Reed v. Jones, No. Civ. A. 97056RVL, 2000 WL 1848148, at *5-6 (S.D. Ala. Dec. 4, 2000). Furthermore, because an application of Rule 32.6(b) means that the petitioner

failed to plead sufficient facts to the state court to allow a merits review of the claim, it is apparent that a claim barred in the state court by Rule 32.6(b) cannot entitle a petitioner to relief under § 2254(d)(1) because the state court was not given the chance to misapply federal law to the facts of the claim or under § 2254(d)(2) because the state court could not have committed an "unreasonable determination of the facts" in its ruling.  Thus, any of Maples's claims barred under Rule 32.6(b) by the Morgan County Circuit Court are also procedurally defaulted from review in this habeas proceeding.

### D.  § 2254(d) Grounds For Relief

32.     If a petitioner's habeas claim is not time-barred or procedurally defaulted, and it was properly exhausted in state courts, the petitioner must sufficiently show that he is entitled to federal habeas relief under the AEDPA.  The limited grounds for federal habeas relief for prisoners under a valid state conviction are found in Title 28 U.S.C. § 2254(d).

33.     "Under AEDPA, a person in custody pursuant to the judgment of a state court *shall not* be granted habeas relief unless the state court's decision was (1) 'contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) . . . was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding.'" <u>McNair v. Campbell</u>, 416 F3d 1291,

1297 (11th Cir 2005)(quoting 28 U.S.C. § 2254(d))(emphasis added).   Stated

simply, if a habeas petitioner's claim has been adjudicated on the merits in state-

court proceedings, Section 2254(d) forecloses habeas relief unless either

subsections 2254(d)(1) or (d)(2) are found to be applicable to the claim.  See <u>Early</u>

<u>v. Packer</u>, 537 U. S. 3, 7, 123 S. Ct. 362, 364 (2002).

    34.    Under Section 2254(d)(1), the phrase "clearly established Federal

law" encompasses only the holdings of the United States Supreme Court. <u>Williams</u>

<u>v. Taylor</u>, 529 U.S. 362, 412, 120 S. Ct. 1495 (2000).  Accordingly, to be entitled

to relief under Section 2254(d)(1), the petitioner must show that the highest state

court's determination of an issue was contrary to, or was an unreasonable

application of, a particular case from the United States Supreme Court.

Furthermore, the Court of Appeals for the Eleventh Circuit has made clear that the

facts from the cited United States Supreme Court precedent must be identical to the

facts of the petitioner's claim to a high degree of specificity.  See <u>Washington v.</u>

<u>Crosby</u>, 324 F.3d 1263, 1265 (11th Cir. 2003)(holding that the state court's

determination that the admission of the audio portion of a video tape violated the

confrontation clause was not contrary to clearly established federal law because the

petitioner failed to cite any Supreme Court precedent that has held that playing the

audio portion of a videotape violates a defendant's Confrontation Clause rights).

35.     Under Section 2254(d)(2), a federal habeas petitioner must show that the state court's ruling on a claim "was based on an unreasonable determination of the facts in light of the evidence presented."  Section 2254(e)(1), however, provides that "a determination of a factual issue made by a State court shall be presumed to be correct."  Accordingly, the petitioner possesses "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

36.     The burden of showing that an issue falls within subsections 2254(d)(1) or (d)(2) is upon the petitioner.  See Woodford v. Visciotti, 537 U.S. 19, 25, 123 S. Ct. 357, 360 (2002).  Under Section 2254(d)(1), this burden requires the petitioner to cite the relevant United States Supreme Court precedent and argue why the state court's decision was contrary to, or an unreasonable application of, that particular case.  Under Section 2254(d)(2), this burden requires the petitioner to highlight the particular factual finding of his case that the highest state court unreasonably determined in the light of the evidence the petitioner presented to the court.

37.     In this case, Maples cannot meet his burden under either Section 2254(d)(1) or (d)(2) for at least two reasons.  First, and most obviously, Maples cannot meet his burden of proving either subsection is applicable because he never cites or argues Section 2254(d)(1) or (d)(2) as the basis for any of his claims.

Obviously, if Maples does not rely on either § 2254(d)(1) or (d)(2) -- *i.e.* the *exclusive* avenues for federal habeas relief in this proceeding -- he cannot be entitled to federal habeas relief.

38.     Second, and just as importantly, Maples's habeas claims cannot entitle him to habeas relief because they were simply cut-and-pasted from his direct appellate brief to the Alabama Court of Criminal Appeals and his amended Rule 32 petition to the Morgan County Circuit Court (which, of course, explains why Maples never cites Section 2254(d) in any of his claims).  This tactic dooms Maples's request for habeas relief because it means each of Maples's habeas claims was written *before* the ruling of the state courts; thereby making it impossible for Maples to incorporate the rulings of the court into his claims.

39.     Under Section 2254(d)(1), this cut-and-paste tactic must fail because it is impossible to prove the Alabama Court of Criminal Appeals or the Supreme Court of Alabama misapplied a particular United States Supreme Court case when the claim was written *before* the court's ruling was rendered; thereby ensuring that the claim does not include a discussion of which United States Supreme Court case the appellate court relied upon.  Under Section 2254(d)(2), this tactic must fail because it is impossible to prove, by clear and convincing evidence, that the state court unreasonably determined a factual issue when the claim does not discuss the court's factual findings because it was written *before* the court made the findings.

40.     As a result, none of Maples's habeas claims entitle him to relief because Maples has made no attempt to show -- much less met his burden of proving -- that either Section 2254(d)(1) or Section 2254(d)(2) is applicable to any of his claims.  Consequently, this Court should deny and dismiss Maples's entire petition with prejudice.

### E.  Application to Each Claim

41.     Below, Respondents briefly respond to each of Maples's claims in the light of the Section 2254(b)'s exhaustion requirement, the procedural default rule, and the requirements for relief under Section 2254(d).  Because Maples fails to cite and argue any of his claims under the exclusive grounds for relief listed in Subject 2254(d), and because Maples is not entitled to relief for any claim for the reasons outlined below, Respondents do not (and cannot) address whether Maples is entitled to habeas relief on the merits of his claims.

42.     The lack of a merits answer to any of Maples's claim should not be interpreted to mean that Respondents give credence to any of Maples's claims.  Instead, Respondents aver that each of Maples's claims is without merit for the reasons each claim was rejected by the Alabama state courts – in addition to being subject to summary dismissal for the reasons listed below.

43.   <u>Introduction, ¶ 1-13a</u>:  Maples sets forth his version of the procedural history of this case in paragraphs one through thirteen of his petition.  To the extent that Maples's petition conflicts with the procedural history outlined in this answer, Respondents deny the facts and allegations set forth in Maples's petition.  Because Maples does not set forth a claim under Section 2254(d) in these paragraphs, this portion of Maples's petition cannot entitle him to relief.

44.   <u>Claim I, ¶ 14-118</u>:  In this claim, Maples argues that his trial counsel acted ineffectively in a variety of ways during the pre-trial and guilt phase portions of his trial.  This claim, and each of its sub-claims, is simply cut-and-pasted from paragraphs six through 110 of his amended Rule 32 petition.  (Tab.R-49, p. 2-54) In his petition, Maples fails to cite or argue that this claim -- or any of its sub-claims -- entitles him to relief under either Section 2254(d)(1) or (d)(2); thus, he has failed to show he is entitled to habeas relief.  Furthermore, because this claim -- which is cut-and-pasted from his Rule 32 petition -- was written *before* the Alabama state courts ruled on the claim, Maples fails to show or allege which United States Supreme Court case the state courts improperly applied or that the state courts' factual determination was unreasonable in the light of the evidence he presented.  <u>See</u> 28 U.S.C. §§ 2254(d)(1), -(d)(2).  Accordingly, Maples has not, and cannot, prove he is entitled to habeas relief.

45.     Additionally, this claim is procedurally defaulted.  As outlined in paragraphs 19-27 of this answer, each of Maples's Rule 32 claims is procedurally defaulted and due to be dismissed because Maples failed to exhaust his Rule 32 claims by failing to appeal the dismissal of his Rule 32 petition.  See Hurth, 400 F.3d at 858-64; Bailey, 172 F.3d at 1305-06; Snowden, 135 F.3d at 736. Furthermore, the Morgan County Circuit Court dismissed this claim as insufficiently pleaded under Rule 32.6(b) of the Alabama Rules of Criminal Procedure, and Rule 32.6(b) is an adequate and independent state rule that precludes federal habeas relief.  (Tab.R-66, p.10-48)  See Reed 2000 WL 1848148, at *5-6.

46.     For the reasons stated above, Respondents request this Court dismiss this claim because it is procedurally defaulted and fails to raise a claim upon which habeas relief may be granted.  Respondents cannot address the merits of Maples's claim, and its sub-claims, because Maples failed to raise a claim under Section 2254(d). Should this Court determine that further proceedings are necessary, Respondents specifically reserve the right to address the merits of Maples's claim.

47.     Claim II; ¶ 119-179:  In this claim, Maples argues that his trial counsel acted ineffectively during the penalty phase of his trial.  This claim, and each of its sub-claims, is cut-and-pasted from paragraphs 111-170 of his amended Rule 32 petition.  (Tab.R-49, p.55-89)  In his habeas petition, Maples fails to cite

or argue that this claim -- or any of its sub-claims -- entitles him to relief under either Section 2254(d)(1) or (d)(2); thus, he has failed to show he is entitled to habeas relief.  Furthermore, because this claim -- which is cut-and-pasted from his Rule 32 petition -- was written *before* the Alabama state courts ruled on the claim, Maples fails to show or allege which United States Supreme Court case the state courts improperly applied or that the state courts' factual determination was unreasonable in the light of the evidence he presented.  See 28 U.S.C. §§ 2254(d)(1), -(d)(2).  Accordingly, Maples has not proved -- and cannot prove -- he is entitled to habeas relief.

48.     Additionally, this claim is procedurally defaulted.  As outlined in paragraphs 19-27 of this answer, each of Maples's Rule 32 claims is procedurally defaulted and due to be dismissed because Maples failed to exhaust his Rule 32 claims by failing to appeal the dismissal of his Rule 32 petition.  See Hurth, 400 F.3d at 858-64; Bailey, 172 F.3d at 1305-06; Snowden, 135 F.3d at 736. Furthermore, the Morgan County Circuit Court dismissed this claim as insufficiently pleaded under Rule 32.6(b) of the Alabama Rules of Criminal Procedure, and Rule 32.6(b) is an adequate and independent state rule that precludes federal habeas relief.  (Tab.R-66, p.48-83)  See Reed 2000 WL 1848148, at *5-6.

49.     For the reasons stated above, Respondents request this Court dismiss this claim because it is procedurally defaulted and fails to raise a claim upon which habeas relief may be granted.  Respondents cannot address the merits of Maples's claim, and its sub-claims, because Maples failed to raise a claim under Section 2254(d).  Should this Court determine that further proceedings are necessary, Respondents specifically reserve the right to address the merits of Maples's claim.

50.     Claim III; ¶ 180-87:  In this claim, Maples argues that his trial counsel acted ineffectively by presenting "contradictory strategies" at the guilt and penalty phases of his trial.  This claim is cut-and-pasted from paragraphs 171-78 of his amended Rule 32 petition.  (Tab.R-49, p.90-93)  In his habeas petition, Maples fails to cite or argue that this claim entitles him to relief under either Section 2254(d)(1) or (d)(2); thus, he has failed to show he is entitled to habeas relief.  Furthermore, because this claim -- which is cut-and-pasted from his Rule 32 petition -- was written *before* the Alabama state courts ruled on the claim, Maples fails to show or allege which United States Supreme Court case the state courts improperly applied or that the state courts' factual determination was unreasonable in the light of the evidence he presented.  See 28 U.S.C. §§ 2254(d)(1), -(d)(2).  Accordingly, Maples has not proved -- and cannot prove -- he is entitled to habeas relief.

51.     Additionally, this claim is procedurally defaulted.  As outlined in paragraphs 19-27 of this answer, each of Maples's Rule 32 claims is procedurally defaulted and due to be dismissed because Maples failed to exhaust his Rule 32 claims by failing to appeal the dismissal of his Rule 32 petition.  See Hurth, 400 F.3d at 858-64; Bailey, 172 F.3d at 1305-06; Snowden, 135 F.3d at 736. Furthermore, the Morgan County Circuit Court dismissed this claim as insufficiently pleaded under Rule 32.6(b) of the Alabama Rules of Criminal Procedure, and Rule 32.6(b) is an adequate and independent state rule that precludes federal habeas relief.  (Tab.R-66, p.83-86)  See Reed 2000 WL 1848148, at *5-6.

52.     For the reasons stated above, Respondents request this Court dismiss this claim because it is procedurally defaulted and fails to raise a claim upon which habeas relief may be granted.  Respondents cannot address the merits of Maples's claim because Maples failed to raise a claim under Section 2254(d).  Should this Court determine that further proceedings are necessary, Respondents specifically reserve the right to address the merits of Maples's claim.

53.     Claim IV; ¶ 188-202:  In this claim, Maples argues that the prosecutor improperly commented on his failure to testify at trial.  This claim is cut-and-pasted from Maples's direct appellate brief to the Alabama Court of Criminal Appeals, where it was raised as Issue II on pages 11-21.  The one difference is that

Maples deleted the final paragraph from his appellate brief, which included citations to Alabama law, and he replaced Alabama law with a general citation to the "Fifth, Sixth, Eighth, and Fourteenth Amendments" to the United States Constitution.  (Tab.R-36, p.20-21; Maples's petition at 102)

54.    Maples, however, did not cite Section 2254(d) in his habeas petition, nor did he raise a claim under Section 2254(d).  Under Section 2254(d)(1), Maples did not cite or argue which United States Supreme Court case the Alabama Court of Criminal Appeals misapplied.  Under Section 2254(d)(2), Maples did not argue that the state court's ruling "was based on an unreasonable determination of the facts in light of the evidence presented."  In fact, because Maples cut-and-pasted this argument from his brief that was written *before* the state courts ruled on his claim, Maples cannot raise a claim under Section 2254(d).  Thus, Maples's petition cannot entitle him to relief.

55.    For the reason stated above, Respondents aver that this claim is due to be dismissed because it fails to raise a claim that can entitle Maples to habeas relief under Section 2254(d).  Accordingly, Respondents cannot address the merits of the claim under Section 2254(d).  Additionally, Respondents aver that the Alabama Court of Criminal Appeals correctly ruled upon the merits of Maples's claim on direct appeal.  See Maples, 758 So. 2d at 21-23.  Should this Court determine that

further proceedings are necessary, Respondents specifically reserve the right to address the merits of Maples's claim.

56.   Claim V; ¶ 203-248:  In this claim, and its various sub-claims, Maples argues that the prosecutor committed various acts of misconduct throughout Maples's trial.  This claim is cut-and-pasted from Maples's direct appellate brief to the Alabama Court of Criminal Appeals, where it was raised as Issue XVI on pages 98-122.  (Tab.R-36, p.98-122)  The only difference is that Maples deleted several citations to Alabama law from his brief and, in lieu of Alabama precedent, Maples added a general citation to the "Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution" to the end of several of his sub-claims.  (Tab.R-36, p.98-122; Maples's petition at 96-124.)

57.   Maples, however, did not cite Section 2254(d) in his habeas petition, nor did he raise a claim under Section 2254(d).  Under Section 2254(d)(1), Maples did not cite or argue which United States Supreme Court case the Alabama Court of Criminal Appeals misapplied.  Under Section 2254(d)(2), Maples did not argue that the state court's ruling "was based on an unreasonable determination of the facts in light of the evidence presented."  In fact, because Maples cut-and-pasted this argument from his brief that was written *before* the state courts ruled on his claim, Maples's argument in his habeas petition cannot raise a claim under Section 2254(d).  Thus, Maples's petition cannot entitle him to relief.

58.    For the reason stated above, Respondents aver that this claim is due to be dismissed because it fails to raise a claim that can entitle Maples to habeas relief under Section 2254(d).  Accordingly, Respondents cannot address the merits of the claim under Section 2254(d).  Additionally, Respondents aver that the Alabama Court of Criminal Appeals correctly ruled upon the merits of Maples's claim on direct appeal.  See Maples, 758 So. 2d at 53-60.  Should this Court determine that further proceedings are necessary, Respondents specifically reserve the right to address the merits of Maples's claim.

59.    Claim VI; ¶ 249-251:  In this claim, Maples claims that the State presented insufficient evidence to sustain his conviction.  This claim is simply cut-and-pasted from paragraphs 182-184 of his amended Rule 32 petition.  (Tab.R-49, p.94-95)  Because it is the same claim he raised in the state court, Maples fails to cite or argue in his habeas petition that this claim entitles him to relief under either Section 2254(d)(1) or (d)(2).  Furthermore, because this claim was actually written before the Alabama state courts ruled on the claim, Maples cannot show or allege which United States Supreme Court case the state courts improperly applied or that the state courts' factual determination was unreasonable in the light of the evidence he presented.  See 28 U.S.C. §§ 2254(d)(1), -(d)(2).  Accordingly, Maples has not proved -- and cannot prove -- he is entitled to habeas relief.

60.     Additionally, this claim is procedurally defaulted.  As outlined in paragraphs 19-27 of this answer, each of Maples's Rule 32 claims is procedurally defaulted and due to be dismissed because Maples failed to exhaust his Rule 32 claims by failing to appeal the dismissal of his Rule 32 petition.  See Hurth, 400 F.3d at 858-64; Bailey, 172 F.3d at 1305-06; Snowden, 135 F.3d at 736.  Furthermore, the Morgan County Circuit Court dismissed this claim as precluded under Rule 32.2(a)(5) of the Alabama Rules of Criminal Procedure because Maples could have, but did not, raise this claim on direct appeal.  (Tab.R-66, p.4-5)  As outlined in paragraph 30 of this answer, Rule 32.2(a)(5) is an adequate and independent state procedural rule that precludes federal habeas relief.  See Holliday, 209 F.3d at 1254.

61.     For the reasons stated above, Respondents request this Court dismiss this claim because it is procedurally defaulted and fails to raise a claim upon which habeas relief may be granted.  Respondents cannot address the merits of Maples's claim under Section 2254(d) because Maples failed to raise a claim under Section 2254(d).  Should this Court determine that further proceedings are necessary, Respondents specifically reserve the right to address the merits of Maples's claim.

62.     Claim VII; ¶ 252:  In this claim, Maples argues that the State improperly introduced "devastating" evidence of events that occurred after the murder.  This claim is cut-and-pasted from paragraph 185 of Maples's amended

Rule 32 petition.  (Tab.R-49, p.95-96)  Because it is the same claim he raised in the state court, Maples fails to cite or argue in his habeas petition that this claim entitles him to relief under either Section 2254(d)(1) or (d)(2).  Furthermore, because this claim was written *before* the Alabama state courts ruled on the claim, Maples cannot show or allege which United States Supreme Court case the state courts improperly applied or that the state courts' factual determination was unreasonable in the light of the evidence he presented.  See 28 U.S.C. §§ 2254(d)(1), -(d)(2).  Accordingly, Maples has not proved -- and cannot prove -- he is entitled to habeas relief.

63.     Additionally, this claim is procedurally defaulted.  As outlined in paragraphs 19-27 of this answer, each of Maples's Rule 32 claims is procedurally defaulted and due to be dismissed because Maples failed to exhaust his Rule 32 claims by failing to appeal the dismissal of his Rule 32 petition.  See Hurth, 400 F.3d at 858-64; Bailey, 172 F.3d at 1305-06; Snowden, 135 F.3d at 736.  Furthermore, the Morgan County Circuit Court dismissed this claim as precluded under Rule 32.2(a)(5) of the Alabama Rules of Criminal Procedure because Maples could have, but did not, raise this claim on direct appeal.  (Tab.R-66, p.5) As outlined in paragraph 30 of this answer, Rule 32.2(a)(5) is an adequate and independent state procedural rule that precludes federal habeas relief.  See Holliday, 209 F.3d at 1254.

64.     For the reasons stated above, Respondents request this Court dismiss this claim because it is procedurally defaulted and fails to raise a claim upon which habeas relief may be granted.  Respondents cannot address the merits of Maples's claim under Section 2254(d) because Maples failed to raise a claim under Section 2254(d). Should this Court determine that further proceedings are necessary, Respondents specifically reserve the right to address the merits of Maples's claim.

65.     <u>Claim VIII; ¶ 253-258</u>:  In this claim, Maples argues that the State improperly introduced various photographs and a slide show at trial.  This claim is cut-and-pasted from pages 144-149 of Maples's brief to the Alabama Court of Criminal Appeals on direct appeal.  (Tab.R-36, p.144-49)  Because it is the same claim he raised in the state court, Maples fails to cite or argue in his habeas petition that this claim entitles him to relief under either Section 2254(d)(1) or (d)(2). Furthermore, because this claim was written *before* the Alabama state appellate courts ruled on the claim, Maples cannot show or allege which United States Supreme Court case the state courts improperly applied or that the state courts' factual determination was unreasonable in the light of the evidence he presented. <u>See</u> 28 U.S.C. §§ 2254(d)(1), -(d)(2).[8]  Accordingly, Maples has not proved -- and cannot prove -- he is entitled to habeas relief from this Court.

---

[8]In fact, the Alabama Court of Criminal Appeals rejected this claim based on independent and adequate Alabama law.  <u>See</u> <u>Maples</u>, 758 So. 2d at 76-78.

66.    As a result, Respondents request this Court dismiss this claim because it fails to raise a claim upon which habeas relief may be granted. Respondents cannot address the merits of Maples's claim under Section 2254(d) because Maples failed to raise a claim under Section 2254(d). Should this Court determine that further proceedings are necessary, Respondents specifically reserve the right to address the merits of Maples's claim.

67.    <u>Claim IX; ¶ 259-270</u>:  In this claim, Maples argues that the trial court improperly failed to remove jurors that were inclined to vote for the death penalty. This claim is cut-and-pasted from pages 49-56 of Maples's brief to the Alabama Court of Criminal Appeals on direct appeal.  (Tab.R-36, p.49-56)  Because it is the same claim he raised in the state court, Maples fails to cite or argue in his habeas petition that this claim entitles him to relief under either Section 2254(d)(1) or (d)(2).  Furthermore, because this claim was written *before* the Alabama state appellate courts ruled on the claim, Maples cannot show or allege which United States Supreme Court case the state courts improperly applied or that the state courts' factual determination was unreasonable in the light of the evidence he presented.  <u>See</u> 28 U.S.C. §§ 2254(d)(1), -(d)(2).[9]  Accordingly, Maples has not proved -- and cannot prove -- he is entitled to habeas relief from this Court.

---

[9]In fact, the Alabama Court of Criminal Appeals rejected this claim based on independent and adequate Alabama law.  <u>See</u> <u>Maples</u>, 758 So. 2d at 26-29.

68.     As a result, Respondents request this Court dismiss this claim because it fails to raise a claim upon which habeas relief may be granted. Respondents cannot address the merits of Maples's claim under Section 2254(d) because Maples failed to raise a claim under Section 2254(d). Should this Court determine that further proceedings are necessary, Respondents specifically reserve the right to address the merits of Maples's claim.

69.     Claim X; ¶ 271-272:  In this claim, Maples argues that the trial court improperly excluded potential jurors that expressed reservations about the death penalty.  This claim is cut-and-pasted from pages 143-144 of Maples's brief to the Alabama Court of Criminal Appeals on direct appeal.  (Tab.R-36, p.143-44) Because it is the same claim he raised in the state court, Maples fails to cite or argue in his habeas petition that this claim entitles him to relief under either Section 2254(d)(1) or (d)(2).  Furthermore, because this claim was written *before* the Alabama state appellate courts ruled on the claim, Maples cannot show or allege which United States Supreme Court case the state courts improperly applied or that the state courts' factual determination was unreasonable in the light of the evidence he presented.  See 28 U.S.C. §§ 2254(d)(1), -(d)(2).[10]  Accordingly,

---

[10]In fact, the Alabama Court of Criminal Appeals rejected this claim based on independent and adequate Alabama law.  See Maples, 758 So. 2d at 74-76.

Maples has not proved -- and cannot prove -- he is entitled to habeas relief from this Court.

70.     As a result, Respondents request this Court dismiss this claim because it fails to raise a claim upon which habeas relief may be granted. Respondents cannot address the merits of Maples's claim under Section 2254(d) because Maples failed to raise a claim under Section 2254(d). Should this Court determine that further proceedings are necessary, Respondents specifically reserve the right to address the merits of Maples's claim.

71.     Claim XI; ¶ 273-282:  In this claim, Maples raises various "jury issues" arising from his trial.  This claim is cut-and-pasted from paragraphs 186-195 of Maples's amended Rule 32 petition.  (Tab.R-49, p.96-100)  Because it is the same claim he raised in the state court, Maples fails to cite or argue in his habeas petition that this claim entitles him to relief under either Section 2254(d)(1) or (d)(2).  Furthermore, because this claim was written *before* the Alabama state courts ruled on the claim, Maples cannot show or allege which United States Supreme Court case the state courts improperly applied or that the state courts' factual determination was unreasonable in the light of the evidence he presented. See 28 U.S.C. §§ 2254(d)(1), -(d)(2).  Accordingly, Maples has not proved -- and cannot prove -- he is entitled to habeas relief.

72.    Additionally, this claim is procedurally defaulted.  As outlined in paragraphs 19-27 of this answer, each of Maples's Rule 32 claims is procedurally defaulted and due to be dismissed because Maples failed to exhaust his Rule 32 claims by failing to appeal the dismissal of his Rule 32 petition.  <u>See</u> <u>Hurth</u>, 400 F.3d at 858-64; <u>Bailey</u>, 172 F.3d at 1305-06; <u>Snowden</u>, 135 F.3d at 736. Furthermore, the Morgan County Circuit Court dismissed this claim as precluded under Rule 32.2(a)(5) of the Alabama Rules of Criminal Procedure because Maples could have raised -- but did not raise -- any of these claims on direct appeal.  (Tab.R-66, p.5)  As outlined in paragraph 30 of this answer, Rule 32.2(a)(5) is an adequate and independent state procedural rule that precludes federal habeas relief.  <u>See</u> <u>Holliday</u>, 209 F.3d at 1254.

73.    For the reasons stated above, Respondents request this Court dismiss this claim because it is procedurally defaulted and fails to raise a claim upon which habeas relief may be granted.  Respondents cannot address the merits of Maples's claim under Section 2254(d) because Maples failed to raise a claim under Section 2254(d). Should this Court determine that further proceedings are necessary, Respondents specifically reserve the right to address the merits of Maples's claim.

74.    <u>Claim XII; ¶ 283-301</u>:  In this claim, Maples argues that the trial court improperly denied discovery of the State's DNA evidence.  This claim is cut-and-pasted from pages 1-14 of Maples's brief to the Supreme Court of Alabama on

direct appeal. (Tab.R-41, p.1-14) In that brief, Maples relied upon, and argued, that he was entitled to relief under the Supreme Court of Alabama's decisions in Ex parte Perry, 586 So. 2d 242 (Ala. 1991) and Turner v. State, 746 So. 2d 355 (Ala. 1998), which govern the admissibility of DNA evidence under Alabama law. (Tab.R-41, p.1-14) In his federal habeas petition, Maples merely cuts out 90 percent of the references to Turner and Perry, but leaves in the remaining cut-and-pasted sentences without raising any *new* argument under Section 2254(d). (Maples's petition at 139-45.)

75.   Because this claim was written *before* the Supreme Court of Alabama ruled on the claim, Maples cannot show or allege -- nor has he attempted to show or allege -- which United States Supreme Court case the Supreme Court of Alabama improperly applied or that the state court's factual determination was unreasonable in the light of the evidence he presented. See 28 U.S.C. §§ 2254(d)(1), -(d)(2).[11] Accordingly, Maples has not proved -- and cannot prove -- he is entitled to habeas relief from this Court.

76.   As a result, Respondents request this Court dismiss this claim because it fails to raise a claim upon which habeas relief may be granted. Respondents cannot address the merits of Maples's claim under Section 2254(d)

---

[11]Based on the argument forwarded by Maples in his appellate brief, the supreme court rejected Maples's claim under Alabama law. See Maples, 758 So. 2d at 82.

because Maples failed to raise a claim under Section 2254(d). Should this Court

determine that further proceedings are necessary, Respondents specifically reserve

the right to address the merits of Maples's claim.

77.    Claim XIII; ¶ 302-317:    In this claim, Maples argues that the trial

court improperly failed to instruct the jury on the lesser-included offense

manslaughter due to intoxication.  This claim is cut-and-pasted from pages 21-31

of Maples's brief to the Alabama Court of Criminal Appeals on direct appeal.

(Tab.R-36, p.49-56)  Again, Maples merely deletes a majority of the portions of his

brief that cite Alabama law.

78.    Because Maples's claim is the same claim he raised in the state court,

Maples fails to cite or argue in his habeas petition that this claim entitles him to

relief under either Section 2254(d)(1) or (d)(2).  Furthermore, because this claim

was written *before* the Alabama state appellate courts ruled on the claim, Maples

cannot show or allege which United States Supreme Court case the state courts

improperly applied or that the state courts' factual determination was unreasonable

in the light of the evidence he presented.  See 28 U.S.C. §§ 2254(d)(1), -(d)(2).[12]

Accordingly, Maples has not proved -- and cannot prove -- he is entitled to habeas

relief from this Court.

---

[12]In fact, the Alabama Court of Criminal Appeals rejected this claim based on
independent and adequate Alabama law.  See Maples, 758 So. 2d at 23-24.

79.     As a result, Respondents request this Court dismiss this claim because it fails to raise a claim upon which habeas relief may be granted. Respondents cannot address the merits of Maples's claim under Section 2254(d) because Maples failed to raise a claim under Section 2254(d). Should this Court determine that further proceedings are necessary, Respondents specifically reserve the right to address the merits of Maples's claim.

80.     Claim XIV; ¶ 318-334:   In this claim, Maples argues that the trial court improperly sentenced him to death in the light of the aggravating and mitigating circumstances.  This claim is cut-and-pasted from pages 26-36 of Maples's brief to the Supreme Court of Alabama on direct appeal.  (Tab.R-41, p.1-14)  Again, in his federal habeas petition, Maples merely cuts out some of the references to Alabama caselaw, but leaves in the remaining cut-and-pasted sentences without raising any *new* argument under Section 2254(d).  (Maples's petition at 152-60.)

81.     Because this claim was written *before* the Supreme Court of Alabama ruled on the claim, Maples cannot show or allege -- nor has he attempted to show or allege -- which United States Supreme Court case the Supreme Court of Alabama improperly applied or that the state court's factual determination was unreasonable in the light of the evidence he presented.  See 28 U.S.C. §§

2254(d)(1), -(d)(2).[13]  Accordingly, Maples has not proved -- and cannot prove --
he is entitled to habeas relief from this Court.

82.    As a result, Respondents request this Court dismiss this claim
because it fails to raise a claim upon which habeas relief may be granted.
Respondents cannot address the merits of Maples's claim under Section 2254(d)
because Maples failed to raise a claim under Section 2254(d). Should this Court
determine that further proceedings are necessary, Respondents specifically reserve
the right to address the merits of Maples's claim.

83.    <u>Claim XV; ¶ 335-47</u>:    In this claim, Maples argues that the State
improperly introduced evidence that was gained during a search of his motel room.
This claim is cut-and-pasted from pages 32-39 of Maples's brief to the Alabama
Court of Criminal Appeals on direct appeal.  (Tab.R-36, p.32-39)  Again, Maples
merely deletes from his appellate brief a majority of his citations to Alabama law.

84.    Because Maples's claim is the same claim he raised in the state court,
Maples fails to cite or argue in his habeas petition that this claim entitles him to
relief under either Section 2254(d)(1) or (d)(2).  Furthermore, because this claim
was written *before* the Alabama state appellate courts ruled on the claim, Maples
cannot show or allege which United States Supreme Court case the state courts

---

[13]In fact, the supreme court adopted the ruling of the Court of Criminal Appeals
and rejected Maples's claim under Alabama law.  <u>See</u> <u>Maples</u>, 758 So. 2d at 84.

improperly applied or that the state courts' factual determination was unreasonable in the light of the evidence he presented.  See 28 U.S.C. §§ 2254(d)(1), -(d)(2).[14] Accordingly, Maples has not proved -- and cannot prove -- he is entitled to habeas relief from this Court.

85.     As a result, Respondents request this Court dismiss this claim because it fails to raise a claim upon which habeas relief may be granted. Respondents cannot address the merits of Maples's claim under Section 2254(d) because Maples failed to raise a claim under Section 2254(d). Should this Court determine that further proceedings are necessary, Respondents specifically reserve the right to address the merits of Maples's claim.

86.     Claim XVI; ¶ 348-364:   In this claim, Maples argues that the trial court improperly failed to grant various pre-trial discovery motions.  This claim is cut-and-pasted from pages 55-65 of Maples's brief to the Alabama Court of Criminal Appeals on direct appeal.  (Tab.R-36, p.55-65)  Again, Maples merely deletes a majority of the portions of his brief that cite Alabama law.

87.     Because Maples's claim is the same claim he raised in the state court, Maples fails to cite or argue in his habeas petition that this claim entitles him to relief under either Section 2254(d)(1) or (d)(2).  Furthermore, because this claim

---

[14]In fact, the Alabama Court of Criminal Appeals rejected this claim based on independent and adequate Alabama law.  See Maples, 758 So. 2d at 24-26.

was written *before* the Alabama state appellate courts ruled on the claim, Maples cannot show or allege which United States Supreme Court case the state courts improperly applied or that the state courts' factual determination was unreasonable in the light of the evidence he presented.  See 28 U.S.C. §§ 2254(d)(1), -(d)(2).[15] Accordingly, Maples has not proved -- and cannot prove -- he is entitled to habeas relief from this Court.

88.     As a result, Respondents request this Court dismiss this claim because it fails to raise a claim upon which habeas relief may be granted. Respondents cannot address the merits of Maples's claim under Section 2254(d) because Maples failed to raise a claim under Section 2254(d). Should this Court determine that further proceedings are necessary, Respondents specifically reserve the right to address the merits of Maples's claim.

89.     Claim XVII; ¶ 365-376:  In this claim, Maples argues that the trial court improperly admitted his t-shirt into evidence.  This claim is cut-and-pasted from pages 65-82 of Maples's brief to the Alabama Court of Criminal Appeals on direct appeal.  (Tab.R-36, p.49-56)  Again, Maples merely deletes a majority of the portions of his brief that cite Alabama law.

---

[15]In fact, the Alabama Court of Criminal Appeals rejected this claim based on independent and adequate Alabama law.  See Maples, 758 So. 2d at 33-38.

90.     Because Maples's claim is the same claim he raised in the state court, Maples fails to cite or argue in his habeas petition that this claim entitles him to relief under either Section 2254(d)(1) or (d)(2).  Furthermore, because this claim was written *before* the Alabama state appellate courts ruled on the claim, Maples cannot show or allege which United States Supreme Court case the state courts improperly applied or that the state courts' factual determination was unreasonable in the light of the evidence he presented.  See 28 U.S.C. §§ 2254(d)(1), -(d)(2).[16] Accordingly, Maples has not proved -- and cannot prove -- he is entitled to habeas relief from this Court.

91.     As a result, Respondents request this Court dismiss this claim because it fails to raise a claim upon which habeas relief may be granted. Respondents cannot address the merits of Maples's claim under Section 2254(d) because Maples failed to raise a claim under Section 2254(d). Should this Court determine that further proceedings are necessary, Respondents specifically reserve the right to address the merits of Maples's claim.

92.     Claim XVIII; ¶ 377-392:   In this claim, Maples argues that the State improperly admitted his confession into evidence.  This claim is cut-and-pasted from pages 73-82 of Maples's brief to the Alabama Court of Criminal Appeals on

---

[16]In fact, the Alabama Court of Criminal Appeals rejected this claim based on independent and adequate Alabama law.  See Maples, 758 So. 2d at 38-41.

direct appeal.  (Tab.R-36, p.73-82)  Again, Maples merely deletes a majority of the portions of his brief that cite Alabama law; although, he does add a new opening paragraph (that still fails to cite or argue § 2254(d)).   (Maples's petition at 180.)

93.    Because Maples's claim is the same claim he raised in the state court, Maples fails to cite or argue in his habeas petition that this claim entitles him to relief under either Section 2254(d)(1) or (d)(2).  Furthermore, because this claim was written *before* the Alabama state appellate courts ruled on the claim, Maples cannot show or allege which United States Supreme Court case the state courts improperly applied or that the state courts' factual determination was unreasonable in the light of the evidence he presented.  See 28 U.S.C. §§ 2254(d)(1), -(d)(2). Accordingly, Maples has not proved -- and cannot prove -- he is entitled to habeas relief from this Court.

94.    As a result, Respondents request this Court dismiss this claim because it fails to raise a claim upon which habeas relief may be granted. Respondents cannot address the merits of Maples's claim under Section 2254(d) because Maples failed to raise a claim under Section 2254(d). Should this Court determine that further proceedings are necessary, Respondents specifically reserve the right to address the merits of Maples's claim.

95.    Claim XIX; ¶ 393-397:    In this claim, Maples argues that the trial court improperly informed the jury that evidence existed that was not presented at

trial.  This claim is cut-and-pasted from pages 82-84 of Maples's brief to the Alabama Court of Criminal Appeals on direct appeal.  (Tab.R-36, p.82-84)  Again, Maples merely deletes a majority of the portions of his brief that cite Alabama law.

96.    Because Maples's claim is the same claim he raised in the state court, Maples fails to cite or argue in his habeas petition that this claim entitles him to relief under either Section 2254(d)(1) or (d)(2).  Furthermore, because this claim was written *before* the Alabama state appellate courts ruled on the claim, Maples cannot show or allege which United States Supreme Court case the state courts improperly applied or that the state courts' factual determination was unreasonable in the light of the evidence he presented.  See 28 U.S.C. §§ 2254(d)(1), -(d)(2).[17] Accordingly, Maples has not proved -- and cannot prove -- he is entitled to habeas relief from this Court.

97.    As a result, Respondents request this Court dismiss this claim because it fails to raise a claim upon which habeas relief may be granted.  Respondents cannot address the merits of Maples's claim under Section 2254(d) because Maples failed to raise a claim under Section 2254(d). Should this Court determine that further proceedings are necessary, Respondents specifically reserve the right to address the merits of Maples's claim.

---

[17]In fact, the Alabama Court of Criminal Appeals rejected this claim based on independent and adequate Alabama law.  See Maples, 758 So. 2d at 45-47.

98.     Claim XX; ¶ 398-407:     In this claim, Maples argues that the trial court improperly failed to instruct the jury on the lesser-included offense manslaughter due to intoxication.  This claim is cut-and-pasted from pages 84-90 of Maples's brief to the Alabama Court of Criminal Appeals on direct appeal. (Tab.R-36, p.49-56)  Again, Maples merely deletes a majority of the portions of his brief that cite Alabama law; although, he does change the opening two paragraphs of the claim because the claim in the brief was based solely on Alabama law under Perry and Turner.  Maples, however, fails again to cite or argue Section 2254(d) in these new paragraphs.  (Maples's petition at 189, ¶ 398-99.)

99.     Because Maples's claim is the same claim he raised in the state court, Maples fails to cite or argue in his habeas petition that this claim entitles him to relief under either Section 2254(d)(1) or (d)(2).  Furthermore, because this claim was written *before* the Alabama state appellate courts ruled on the claim, Maples cannot show or allege which United States Supreme Court case the state courts improperly applied or that the state courts' factual determination was unreasonable in the light of the evidence he presented.  See 28 U.S.C. §§ 2254(d)(1), -(d)(2). Accordingly, Maples has not proved -- and cannot prove -- he is entitled to habeas relief from this Court.

100.     As a result, Respondents request this Court dismiss this claim because it fails to raise a claim upon which habeas relief may be granted.

Respondents cannot address the merits of Maples's claim under Section 2254(d) because Maples failed to raise a claim under Section 2254(d). Should this Court determine that further proceedings are necessary, Respondents specifically reserve the right to address the merits of Maples's claim.

101.   <u>Claim XXI; ¶ 408-410</u>:    In this claim, Maples argues that the jury was improperly instructed by another judge before his trial occurred.  This claim is cut-and-pasted from pages 88-90 of Maples's brief to the Alabama Court of Criminal Appeals on direct appeal.  (Tab.R-36, p.49-56)  Again, Maples merely deletes the first paragraph of his appellate brief and a majority of the citations to Alabama law in his brief.

102.   Because Maples's claim is the same claim he raised in the state court, Maples fails to cite or argue in his habeas petition that this claim entitles him to relief under either Section 2254(d)(1) or (d)(2).  Furthermore, because this claim was written *before* the Alabama state appellate courts ruled on the claim, Maples cannot show or allege which United States Supreme Court case the state courts improperly applied or that the state courts' factual determination was unreasonable in the light of the evidence he presented.  <u>See</u> 28 U.S.C. §§ 2254(d)(1), -(d)(2).[18]

---

[18]In fact, the Alabama Court of Criminal Appeals rejected this claim based on independent and adequate Alabama law.  <u>See</u> <u>Maples</u>, 758 So. 2d at 50.

Accordingly, Maples has not proved -- and cannot prove -- he is entitled to habeas relief from this Court.

103.    As a result, Respondents request this Court dismiss this claim because it fails to raise a claim upon which habeas relief may be granted. Respondents cannot address the merits of Maples's claim under Section 2254(d) because Maples failed to raise a claim under Section 2254(d). Should this Court determine that further proceedings are necessary, Respondents specifically reserve the right to address the merits of Maples's claim.

104.    <u>Claim XXII; ¶ 411-420</u>:   In this claim, Maples argues that the trial court improperly prevented him from securing evidence to prove discrimination in the selection of venire members.  This claim is cut-and-pasted from pages 90-95 of Maples's brief to the Alabama Court of Criminal Appeals on direct appeal. (Tab.R-36, p.90-95)  Again, Maples merely deletes a majority of the citations to Alabama law in his brief.

105.    Because Maples's claim is the same claim he raised in the state court, Maples fails to cite or argue in his habeas petition that this claim entitles him to relief under either Section 2254(d)(1) or (d)(2).  Furthermore, because this claim was written *before* the Alabama state appellate courts ruled on the claim, Maples cannot show or allege which United States Supreme Court case the state courts improperly applied or that the state courts' factual determination was unreasonable

in the light of the evidence he presented.  <u>See</u> 28 U.S.C. §§ 2254(d)(1), -(d)(2).[19]

Accordingly, Maples has not proved -- and cannot prove -- he is entitled to habeas

relief from this Court.

106.    As a result, Respondents request this Court dismiss this claim

because it fails to raise a claim upon which habeas relief may be granted.

Respondents cannot address the merits of Maples's claim under Section 2254(d)

because Maples failed to raise a claim under Section 2254(d). Should this Court

determine that further proceedings are necessary, Respondents specifically reserve

the right to address the merits of Maples's claim.

107.    <u>Claim XXIII; ¶ 421-425</u>: In this claim, Maples argues that the trial

court improperly admitted evidence of his prior bad acts.  This claim is cut-and-

pasted from pages 124-26 of Maples's brief to the Alabama Court of Criminal

Appeals on direct appeal.  (Tab.R-36, p.124-26)  Again, Maples merely deletes a

majority of the citations to Alabama law from his brief.

108.    Because Maples's claim is the same claim he raised in the state court,

Maples fails to cite or argue in his habeas petition that this claim entitles him to

relief under either Section 2254(d)(1) or (d)(2).  Furthermore, because this claim

was written *before* the Alabama state appellate courts ruled on the claim, Maples

---

[19]In fact, the Alabama Court of Criminal Appeals rejected this claim based on
independent and adequate Alabama law.  <u>See</u> <u>Maples</u>, 758 So. 2d at 50-52.

cannot show or allege which United States Supreme Court case the state courts improperly applied or that the state courts' factual determination was unreasonable in the light of the evidence he presented.  See 28 U.S.C. §§ 2254(d)(1), -(d)(2).[20] Accordingly, Maples has not proved -- and cannot prove -- he is entitled to habeas relief from this Court.

109.   As a result, Respondents request this Court dismiss this claim because it fails to raise a claim upon which habeas relief may be granted. Respondents cannot address the merits of Maples's claim under Section 2254(d) because Maples failed to raise a claim under Section 2254(d). Should this Court determine that further proceedings are necessary, Respondents specifically reserve the right to address the merits of Maples's claim.

110.   Claim XXIV; ¶ 426-427:   In this claim, Maples argues that the trial court improperly forced the jury to conduct a portion of their deliberations in open court.  This claim is cut-and-pasted from pages 88-90 of Maples's brief to the Alabama Court of Criminal Appeals on direct appeal.  (Tab.R-36, p.49-56)  Again, Maples merely deletes a majority of the citations to Alabama law in his brief, which, in this claim, was almost the entire argument.

---

[20]In fact, the Alabama Court of Criminal Appeals rejected this claim based on independent and adequate Alabama law.  See Maples, 758 So. 2d at 61-62.

111.   Because Maples's claim is the same claim he raised in the state court, Maples fails to cite or argue in his habeas petition that this claim entitles him to relief under either Section 2254(d)(1) or (d)(2).  Furthermore, because this claim was written *before* the Alabama state appellate courts ruled on the claim, Maples cannot show or allege which United States Supreme Court case the state courts improperly applied or that the state courts' factual determination was unreasonable in the light of the evidence he presented.  See 28 U.S.C. §§ 2254(d)(1), -(d)(2).[21] Accordingly, Maples has not proved -- and cannot prove -- he is entitled to habeas relief from this Court.

112.   As a result, Respondents request this Court dismiss this claim because it fails to raise a claim upon which habeas relief may be granted. Respondents cannot address the merits of Maples's claim under Section 2254(d) because Maples failed to raise a claim under Section 2254(d). Should this Court determine that further proceedings are necessary, Respondents specifically reserve the right to address the merits of Maples's claim.

113.   Claim XXV; ¶ 428-439:  In this claim, Maples argues that the trial court improperly instructed the jury.  This claim is cut-and-pasted from pages 128-134 of Maples's brief to the Alabama Court of Criminal Appeals on direct appeal

---

[21]In fact, the Alabama Court of Criminal Appeals rejected this claim based on independent and adequate Alabama law.  See Maples, 758 So. 2d at 62-63.

-- although Maples does rotate the order of the claims from his brief . (Tab.R-36, p.128-134)  Again, in addition to switching the positions of his claims, Maples merely deletes a majority of the citations to Alabama law in his brief.

114.   Because Maples's claim is the same claim he raised in the state court, Maples fails to cite or argue in his habeas petition that this claim entitles him to relief under either Section 2254(d)(1) or (d)(2).  Furthermore, because this claim was written *before* the Alabama state appellate courts ruled on the claim, Maples cannot show or allege which United States Supreme Court case the state courts improperly applied or that the state courts' factual determination was unreasonable in the light of the evidence he presented.  See 28 U.S.C. §§ 2254(d)(1), -(d)(2). Accordingly, Maples has not proved -- and cannot prove -- he is entitled to habeas relief from this Court.

115.   As a result, Respondents request this Court dismiss this claim because it fails to raise a claim upon which habeas relief may be granted. Respondents cannot address the merits of Maples's claim under Section 2254(d) because Maples failed to raise a claim under Section 2254(d). Should this Court determine that further proceedings are necessary, Respondents specifically reserve the right to address the merits of Maples's claim.

116.   Claim XXVI; ¶ 440-441:   In this claim, Maples argues that the trial court improperly denied his motion to prevent the diminishing of the jury's role at

trial.  This claim is cut-and-pasted from pages 134-135 of Maples's brief to the

Alabama Court of Criminal Appeals on direct appeal.  (Tab.R-36, p.134-35)

Maples, however, does add a handful of new sentences; none of which, however,

cite or raise an argument under Section 2254(d).

117.   Because Maples's claim is the same claim he raised in the state court,

Maples fails to cite or argue in his habeas petition that this claim entitles him to

relief under either Section 2254(d)(1) or (d)(2).  Furthermore, because a majority

of this claim was written *before* the Alabama state appellate courts ruled on the

claim -- and Maples adds nothing new in his new sentences -- Maples cannot show

or allege which United States Supreme Court case the state courts improperly

applied or that the state courts' factual determination was unreasonable in the light

of the evidence he presented.  See 28 U.S.C. §§ 2254(d)(1), -(d)(2).[22]  Accordingly,

Maples has not proved -- and cannot prove -- he is entitled to habeas relief from

this Court.

118.   As a result, Respondents request this Court dismiss this claim

because it fails to raise a claim upon which habeas relief may be granted.

Respondents cannot address the merits of Maples's claim under Section 2254(d)

---

[22]In fact, the Alabama Court of Criminal Appeals rejected this claim because the
trial court *did* grant Maples's motion.  See Maples, 758 So. 2d at 68.  Of course,
because Maples simply cuts and pastes his prior argument, he fails to note this fact
in his petition to this Court.

because Maples failed to raise a claim under Section 2254(d) and the underlying basis of this claim is refuted by the record (as shown in footnote 22). Should this Court determine that further proceedings are necessary, Respondents specifically reserve the right to address the merits of Maples's claim.

119.   <u>Claim XXVII; ¶ 442-446</u>:   In this claim, Maples argues the trial court improperly denied his motion to change venue.  This claim is cut-and-pasted from pages 135-137 of Maples's brief to the Alabama Court of Criminal Appeals on direct appeal.  (Tab.R-36, p.135-37)  Again, Maples merely deletes a majority of the citations to Alabama law from his brief.

120.   Because Maples's claim is the same claim he raised in the state court, Maples fails to cite or argue in his habeas petition that this claim entitles him to relief under either Section 2254(d)(1) or (d)(2).  Furthermore, because this claim was written <i>before</i> the Alabama state appellate courts ruled on the claim, Maples cannot show or allege which United States Supreme Court case the state courts improperly applied or that the state courts' factual determination was unreasonable in the light of the evidence he presented.  <u>See</u> 28 U.S.C. §§ 2254(d)(1), -(d)(2).[23] Accordingly, Maples has not proved -- and cannot prove -- he is entitled to habeas relief from this Court.

---

[23]In fact, the Alabama Court of Criminal Appeals rejected this claim based on independent and adequate Alabama law.  <u>See</u> <u>Maples</u>, 758 So. 2d at 68-69.

121.    As a result, Respondents request this Court dismiss this claim because it fails to raise a claim upon which habeas relief may be granted. Respondents cannot address the merits of Maples's claim under Section 2254(d) because Maples failed to raise a claim under Section 2254(d). Should this Court determine that further proceedings are necessary, Respondents specifically reserve the right to address the merits of Maples's claim.

122.    <u>Claim XXIX; ¶ 450-454</u>:   In this claim, Maples argues that he was subjected to double jeopardy because his robbery was used to enhance his conviction to capital murder during the guilt phase of his trial and to enhance his sentence to death.  This claim is cut-and-pasted from pages 138-140 of Maples's brief to the Alabama Court of Criminal Appeals on direct appeal.  (Tab.R-36, p.138-40)  Again, Maples merely deletes a majority of the citations to Alabama law from his brief.

123.    Because Maples's claim is the same claim he raised in the state court, Maples fails to cite or argue in his habeas petition that this claim entitles him to relief under either Section 2254(d)(1) or (d)(2).  Furthermore, because this claim was written *before* the Alabama state appellate courts ruled on the claim, Maples cannot show or allege which United States Supreme Court case the state courts improperly applied or that the state courts' factual determination was unreasonable

in the light of the evidence he presented.  <u>See</u> 28 U.S.C. §§ 2254(d)(1), -(d)(2).[24]

Accordingly, Maples has not proved -- and cannot prove -- he is entitled to habeas

relief from this Court.

124.   As a result, Respondents request this Court dismiss this claim

because it fails to raise a claim upon which habeas relief may be granted.

Respondents cannot address the merits of Maples's claim under Section 2254(d)

because Maples failed to raise a claim under Section 2254(d). Should this Court

determine that further proceedings are necessary, Respondents specifically reserve

the right to address the merits of Maples's claim.

125.   <u>Claim XXX; ¶ 455-458</u>:  In this claim, Maples argues that the trial

court and the prosecutor improperly read the indictment to the jury.  This claim is

cut-and-pasted from pages 140-142 of Maples's brief to the Alabama Court of

Criminal Appeals on direct appeal.  (Tab.R-36, p.140-42)  Again, Maples merely

deletes his citation to Alabama law in his brief.

126.   Because Maples's claim is the same claim he raised in the state court,

Maples fails to cite or argue in his habeas petition that this claim entitles him to

relief under either Section 2254(d)(1) or (d)(2).  Furthermore, because this claim

was written *before* the Alabama state appellate courts ruled on the claim, Maples

---

[24]In fact, the Alabama Court of Criminal Appeals rejected this claim based on
independent and adequate Alabama law.  <u>See</u> <u>Maples</u>, 758 So. 2d at 70-71.

cannot show or allege which United States Supreme Court case the state courts improperly applied or that the state courts' factual determination was unreasonable in the light of the evidence he presented.  See 28 U.S.C. §§ 2254(d)(1), -(d)(2).[25] Accordingly, Maples has not proved -- and cannot prove -- he is entitled to habeas relief from this Court.

127.    As a result, Respondents request this Court dismiss this claim because it fails to raise a claim upon which habeas relief may be granted. Respondents cannot address the merits of Maples's claim under Section 2254(d) because Maples failed to raise a claim under Section 2254(d). Should this Court determine that further proceedings are necessary, Respondents specifically reserve the right to address the merits of Maples's claim.

128.    Claim XXXI; ¶ 459-460:   In this claim, Maples argues that the jury was improperly instructed by another judge before his trial occurred.  This claim is cut-and-pasted from pages 142-143 of Maples's brief to the Alabama Court of Criminal Appeals on direct appeal.  (Tab.R-36, p.142-43)  Again, Maples merely deletes the citations to Alabama law from his brief.

129.    Because Maples's claim is the same claim he raised in the state court, Maples fails to cite or argue in his habeas petition that this claim entitles him to

---

[25]In fact, the Alabama Court of Criminal Appeals rejected this claim based on independent and adequate Alabama law.  See Maples, 758 So. 2d at 71-73.

relief under either Section 2254(d)(1) or (d)(2).  Furthermore, because this claim was written *before* the Alabama state appellate courts ruled on the claim, Maples cannot show or allege which United States Supreme Court case the state courts improperly applied or that the state courts' factual determination was unreasonable in the light of the evidence he presented.  See 28 U.S.C. §§ 2254(d)(1), -(d)(2).[26] Accordingly, Maples has not proved -- and cannot prove -- he is entitled to habeas relief from this Court.

130.    As a result, Respondents request this Court dismiss this claim because it fails to raise a claim upon which habeas relief may be granted. Respondents cannot address the merits of Maples's claim under Section 2254(d) because Maples failed to raise a claim under Section 2254(d). Should this Court determine that further proceedings are necessary, Respondents specifically reserve the right to address the merits of Maples's claim.

131.    Claim XXXII; ¶ 461-463:   In this claim, Maples argues that the trial court improperly instructed the jury that the State's aggravating circumstance was self-proved by Maples's conviction.  This claim is cut-and-pasted from pages 148-149 of Maples's brief to the Alabama Court of Criminal Appeals on direct appeal.

---

[26]In fact, the Alabama Court of Criminal Appeals rejected this claim based on independent and adequate Alabama law.  See Maples, 758 So. 2d at 73-74.

(Tab.R-36, p.148-49)  In his petition, Maples merely changes the first sentence of his appellate brief.

132.   Because Maples's claim is the same claim he raised in the state court, Maples fails to cite or argue in his habeas petition that this claim entitles him to relief under either Section 2254(d)(1) or (d)(2).  Furthermore, because this claim was written *before* the Alabama state appellate courts ruled on the claim, Maples cannot show or allege which United States Supreme Court case the state courts improperly applied or that the state courts' factual determination was unreasonable in the light of the evidence he presented.  See 28 U.S.C. §§ 2254(d)(1), -(d)(2).[27] Accordingly, Maples has not proved -- and cannot prove -- he is entitled to habeas relief from this Court.

133.   As a result, Respondents request this Court dismiss this claim because it fails to raise a claim upon which habeas relief may be granted. Respondents cannot address the merits of Maples's claim under Section 2254(d) because Maples failed to raise a claim under Section 2254(d). Should this Court determine that further proceedings are necessary, Respondents specifically reserve the right to address the merits of Maples's claim.

---

[27]In fact, the Alabama Court of Criminal Appeals rejected this claim based on independent and adequate Alabama law.  See Maples, 758 So. 2d at 78-80.

134.   <u>Claim XXXIII; ¶ 464-467</u>:   In this claim, Maples argues that the trial court's verdict forms were improper.  This claim is cut-and-pasted from paragraphs 199-202 of Maples's amended Rule 32 petition.  (Tab.R-49, p.103-104)  Because it is the same claim he raised in the state court, Maples fails to cite or argue in his habeas petition that this claim entitles him to relief under either Section 2254(d)(1) or (d)(2).  Furthermore, because this claim was written *before* the Alabama state courts ruled on the claim, Maples cannot show or allege which United States Supreme Court case the state courts improperly applied or that the state courts' factual determination was unreasonable in the light of the evidence he presented.  <u>See</u> 28 U.S.C. §§ 2254(d)(1), -(d)(2).  Accordingly, Maples has not proved -- and cannot prove -- he is entitled to habeas relief.

135.   Additionally, this claim is procedurally defaulted.  As outlined in paragraphs 19-27 of this answer, each of Maples's Rule 32 claims is procedurally defaulted and due to be dismissed because Maples failed to exhaust his Rule 32 claims by failing to appeal the dismissal of his Rule 32 petition.  <u>See</u> <u>Hurth</u>, 400 F.3d at 858-64; <u>Bailey</u>, 172 F.3d at 1305-06; <u>Snowden</u>, 135 F.3d at 736. Furthermore, the Morgan County Circuit Court dismissed this claim as precluded under Rules 32.2(a)(3) and 32.2(a)(5) of the Alabama Rules of Criminal Procedure because Maples could have raised -- but did not raise -- this claim at trial or on direct appeal.  (Tab.R-66, p.5)  As outlined in paragraph 30 of this answer, Rule

32.2(a)(5) is an adequate and independent state procedural rule that precludes federal habeas relief.  See Holliday, 209 F.3d at 1254.

136.   For the reasons stated above, Respondents request this Court dismiss this claim because it is procedurally defaulted and fails to raise a claim upon which habeas relief may be granted.  Respondents cannot address the merits of Maples's claim under Section 2254(d) because Maples failed to raise a claim under Section 2254(d). Should this Court determine that further proceedings are necessary, Respondents specifically reserve the right to address the merits of Maples's claim.

137.   Claim XXXIV; ¶ 468-469:  In this claim, Maples argues that his death sentence is disproportionate to the facts of his crime.  This appears to be the only claim that Maples did not cut and paste from either his direct appellate briefs or his amended Rule 32 petition.  Yet, this claim cannot entitle Maples to habeas relief for two reasons.

138.   First, Maples again fails to cite or argue why he is entitled to relief under Section 2254(d).  Obviously, because he failed to raise this claim in the state courts, Maples cannot show which United States Supreme Court case the Alabama courts improperly relied upon.  See 28 U.S.C. § 2254(d)(1).  Furthermore, Maples fails to pinpoint which factual determination the Alabama appellate courts unreasonably decided in the light of the evidence he presented.  See 28 U.S.C. §

2254(d)(2).  Because he failed to cite and argue either of Section 2254(d)'s basis for habeas relief, Maples cannot be entitled to habeas relief.

139.   Second, because Maples failed to raise this claim either on direct appeal or in his Rule 32 petition, this claim is procedurally defaulted from habeas review.  As outlined in paragraphs 19-27 of this answer, each of Maples's claims that was not fully exhausted in Alabama state courts is procedurally defaulted and due to be dismissed because each claim would be procedurally barred by an adequate and independent Alabama procedural rule if Maples now attempted to raise the claims in a successive Rule 32 petition.  See Hurth, 400 F.3d at 858-64; Bailey, 172 F.3d at 1305-06; Snowden, 135 F.3d at 736.

140.   For the reasons stated above, Respondents request this Court dismiss this claim because it is procedurally defaulted and fails to raise a claim upon which habeas relief may be granted.  Respondents cannot address the merits of Maples's claim under Section 2254(d) because Maples failed to raise a claim under Section 2254(d).  Respondents do, however, agree with the Supreme Court of Alabama's finding that Maples's death sentence was appropriate.  See Maples, 758 So. 2d at 85.  Should this Court determine that further proceedings are necessary, Respondents specifically reserve the right to address the merits of Maples's claim.

141.   Claim XXXV; ¶ 470:  Finally, Maples claims that the cumulative effect of the errors from his trial entitles him to a reversal of his conviction.  This

claim is cut-and-pasted from paragraph 207 of Maples's amended Rule 32 petition. (Tab.R-49, p.106)  Maples merely erases the word "State" from his Rule 32 petition claim in an attempt to make this claim appear to be a federal habeas claim. (Maples's petition at 217.)

142.   Because it is the same claim he raised in the state court, Maples fails to cite or argue in his habeas petition that this claim entitles him to relief under either Section 2254(d)(1) or (d)(2).  Furthermore, because this claim was written *before* the Alabama state courts ruled on the claim, Maples cannot show or allege which United States Supreme Court case the state courts improperly applied or that the state courts' factual determination was unreasonable in the light of the evidence he presented.  See 28 U.S.C. §§ 2254(d)(1), -(d)(2).  Accordingly, Maples has not proved -- and cannot prove -- he is entitled to habeas relief.

143.   Additionally, this claim is procedurally defaulted.  As outlined in paragraphs 19-27 of this answer, each of Maples's Rule 32 claims is procedurally defaulted and due to be dismissed because Maples failed to exhaust his Rule 32 claims by failing to appeal the dismissal of his Rule 32 petition.  See Hurth, 400 F.3d at 858-64; Bailey, 172 F.3d at 1305-06; Snowden, 135 F.3d at 736.

144.   For the reasons stated above, Respondents request this Court dismiss this claim because it is procedurally defaulted and fails to raise a claim upon which habeas relief may be granted.  Respondents cannot address the merits of Maples's

cumulative effect claim under Section 2254(d) because Maples failed to raise any

claims under Section 2254(d).   Respondents do aver, however, that Maples cannot

be entitled to relief based on the cumulative effects of the errors he claims in his

petition, when Maples fails to adequately argue any of his individual claims in his

petition.  Should this Court determine that further proceedings are necessary,

Respondents specifically reserve the right to address the merits of Maples's claim.

*Conclusion*

145.   None of Maples's claims can entitle him to federal habeas relief

because Maples fails to cite or argue Section 2254(d)'s exclusive bases for habeas

relief in any of his claims.  Maples cannot expect habeas relief from this Court -- or

any federal court -- when he merely cuts-and-pastes his (pre-ruling) state law

arguments, erases most of the references to Alabama law in those arguments, then

rearranges the order of his (very) slightly modified state law claims in the hopes

that Respondents and this Court will not notice -- instead of actually presenting a

claim under federal law by citing and arguing the AEDPA's exclusive bases for

federal habeas relief.

146.   Furthermore, none of the claims Maples raised in his Rule 32 petition,

and then cut-and-pasted into his federal habeas petition, can entitle Maples to relief

because each of these claims is procedurally defaulted.  Maples's failure to appeal

the denial of his Rule 32 petition bars federal habeas relief on the claims raised in that petition.

147.   For these reasons, Maples is not entitled to habeas relief. Furthermore, this Court should dismiss Maples's entire petition with prejudice, without further proceedings beyond Maples's reply brief, because Maples cannot forward any excuse for his failures to follow either Alabama or federal AEDPA law/procedures.  See, e.g., Murray, 477 U.S. at 488 (holding that errors by counsel typically do not amount to sufficient "cause" to trigger a procedural default exception).

148.   As the Alabama Court of Criminal Appeals held, Maples's failure to appeal from the denial of his Rule 32 petition was squarely his fault (or more appropriately, the fault of his Rule 32 attorneys). See Maples, 885 So. 2d at 846. Similarly, Maples -- who is currently represented by the same attorneys/law firms from his Rule 32 proceedings -- can produce no valid reason why he failed to comply with Section 2254(d) in any of his habeas petitions.  After Maples filed his initial habeas petition, this Court granted Maples a stay and abeyance with the ability to amend his petition *twice* over the span of 19 months.  Yet, during that time, Maples never attempted correct his cut-and-pasted state claims to present a Section 2254 claim; instead, he generally only added one or two paragraphs to his

statement of the facts.  Consequently, this Court should dismiss Maples's petition

without any further proceedings.


### F.  Chart of Claims

149.   To assist this Court, Respondents briefly list the reasons each of

Maples's claims should be dismissed:

    A.   <u>Fails to State a Claim under § 2254(d)</u>:  Claims I, II, III, IV, V,
           VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII,
           XVIII, XIX, XX, XXI, XXII, XXIII, XXIV, XXV, XXVI,
           XXVII, XXVIII, XXIX, XXX, XXXI, XXXII, XXXIII,
           XXXIV, XXXV

    B.   <u>Procedurally Defaulted</u>:  Claims I, II, III, VI, VII, XI, XXXIII,
           XXXV

## CONCLUSION

For the reasons stated above, this Court should dismiss Maples's petition with prejudice because 1) Maples fails to provide any claim that can entitle him to relief under Title 28 U.S.C. § 2254(d) and 2) many of his claims are procedurally defaulted.

Respectfully submitted,

Troy King (KIN047)
*Alabama Attorney General*
By-

/s/  Corey L. Maze
Corey L. Maze (MAZ003)
*Assistant Attorney General*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 4th day of October, 2005, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following:  **Marc DeLeeuw, Kathy E. Brewer, and Gary Alexion.**

I also certify that this date I served a copy of the foregoing document on the following attorney by placing a copy of the same in the United States Mail, First Class postage prepaid:

**John G. Butler, Jr.**
223 East Side Square
Huntsville, AL 35801


/s/  Corey L. Maze
Corey L. Maze
*Assistant Attorney General*


ADDRESS OF COUNSEL:

Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL 36130
(334) 242-7300


#218449 v.2

68