UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **CORY R. MAPLES,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CV 03-B-2399-NE |
| | ) |
| **DONAL CAMPBELL, Commissioner,** | ) |
| **Alabama Department of Corrections,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

This court previously entered a memorandum opinion and judgment denying Cory R. Maples's petition for writ of *habeas corpus*, in which he sought relief from his state court conviction for capital murder and death sentence pursuant to 28 U.S.C. § 2254. (Doc. 34 and 35.)[1] Maples filed a timely motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. 36.)

## STANDARDS OF REVIEW

Federal Rule of Civil Procedure 59(e) provides that a motion to alter or amend a judgment may be filed within ten days after entry of the subject judgment, but does not specify the grounds for granting relief.[2] As a consequence, the decision of whether to alter or amend a judgment is largely committed to "the sound discretion of the district judge."

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2] Fed. R. Civ. P. 59(e) provides that: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

*American Home Assurance Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1238-39 (11th Cir.1985). Essentially there are "four basic grounds for granting a Rule 59(e) motion:

> (1) manifest errors of law or fact upon which the judgment was based; (2) newly discovered or previously unavailable evidence; (3) manifest injustice in the judgment; and (4) an intervening change in the controlling law. 11 Wright, Miller & Kane, Federal Practice and Procedure § 2810.1 (2d ed.1995). Rule 59(e) may not be used to relitigate old matters or to present arguments or evidence that could have been raised prior to judgment. *See O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992). Furthermore, a judgment will not be amended or altered if to do so would serve no useful purpose. Wright, Miller & Kane, *supra*.

*McNair v. Campbell*, 315 F. Supp. 2d 1179, 1181-82 (M.D. Ala. 2004), *rev'd on other grounds*, 416 F.3d 1291 (11th Cir. 2005), *cert. denied*, 126 S. Ct. 1828 (2006).

Maples contends that the inability of this court to address claims of ineffective assistance of counsel predicated upon petitioner's undisputed failure to timely appeal from the state trial court's denial of his Rule 32 petition is "erroneous and would result in manifest injustice." (Doc. 36 at 2.) In the Rule 59 motion Maples reanimates the four-part argument he made in the petition contending that the rejection of the same argument addressed in the memorandum of opinion was erroneous. (*Id.* at 6-23; see also doc. 33 at 19-29.) There can be little question that the issue was thoroughly considered in that portion of the Memorandum Opinion entitled "Out-of-Time-Appeal". (Doc. 34 at 11-17.)

Initially, Maples contends that this court erred in declining to find respondent had expressly waived the exhaustion requirement of 28 U.S.C. § 2254(b)(3) as a prerequisite to federal review and avers respondent should be judicially estopped from relying on a procedural default in the present action. This contention is premised exclusively upon a

single comment within a footnote in a brief of the state to the Alabama Supreme Court at the time Maples sought extraordinary relief in a petition for writ of mandamus to compel the circuit court to hear the claims upon which he had defaulted through failure to appeal the denial of his Rule 32 petition.  (Doc. 36 at 1-3, 10, n.2.)

The earlier Memorandum Opinion in this action addressed both arguments at length. In pertinent part the Opinion stated as follows.

> Maples counters that his Rule 32 claims are exhausted because respondent either expressly waived the exhaustion requirement pursuant to 28 U.S.C. § 2254(b)(3), or in the alternative, respondent should be judicially estopped from raising nonexhaustion as a defense because of representations respondent made in state court during the mandamus proceeding.  [Doc. #33, at 19-22].  The underlying factual allegations as to both arguments are the same.  Maples notes that respondent filed an opposition to his January 26, 2004, petition for writ of mandamus before the Alabama Court of Criminal Appeals.[3]  *Id.* at 19. [footnote omitted]  In it, respondent argued that Maples was seeking to mislead the court by contending that he could be "executed despite valid post-conviction claims because he was denied the opportunity to timely appeal the dismissal of his Rule 32 petition." *Id*.  In a footnote, respondent indicated said contention was "misleading . . . because Maples has filed a petition for writ of habeas corpus in federal court, with the proceedings stayed until the matter is disposed of.  Maples may still present his postconviction claims to that court." *Id.* at Exhibit 2, p. 22, n. 4.
>
> This court has carefully reviewed the representation of the respondent in the mandamus proceedings.  It is clear that respondent did not expressly waive the exhaustion requirement pursuant to 28 U.S.C. § 2254(b)(3), nor does judicial estoppel bar nonexhaustion as a defense.  First, by its very nature, Section 2254(b)(3) anticipates an express waiver of exhaustion *during litigation of a federal habeas corpus petition*.  Section 2254(b)(3), provides no authority to import a representation made in a state court pleading into respondent's answer in the federal habeas petition.

---

[3] In his motion to alter or amend the judgment, Maples correctly observes that the state's footnote was made in a brief to the Alabama Supreme Court rather than the Alabama Court of Criminal Appeals.  (Doc. 36 at 10 n.2.)  The distinction, however, is immaterial.

>       Second, the doctrine of judicial estoppel applies only when a party asserts a discrete position in a legal proceeding, prevails on the basis of that position, and then assumes a contrary position in a subsequent proceeding, to the detriment of the opposing party. *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). The statements Maples refers to do not satisfy a single requirement for judicial estoppel. Initially, respondent merely observed that Maples had an avenue to raise his post-conviction claims in federal court, an undeniably correct statement. Whether or not Maples's Rule 32 claims would be unexhausted but procedurally barred in federal court if Maples's out-of-time appeal [was] not granted is an entirely separate matter. Second, even if respondent's statement could be considered contradictory to his assertion of nonexhaustion here, there is no indication whatsoever in the appellate opinion that the court relied in any way on respondent's prior representation as affecting the denial of Maples's petition for writ of mandamus. The state courts denied Maples's petition on separate and clear grounds that his legal counsel received timely notice of the dismissal of the Rule 32 petition, then failed to appeal the dismissal within the time prescribed under Alabama law. Maples has failed to show respondent actually prevailed on the basis of the footnote comment.

(Doc. 34 at 12-14.)

Three pages of Maples's motion to alter or amend the judgment are dedicated to his oft expressed belief that his interpretation of 28 U.S.C. § 2254 is correct and the court's analysis is in error. (Doc. 36 at 6-9.) Essentially Maples's argument is bottomed on no more than the legal truism that "a statute should be interpreted in a manner consistent with its plain language." (*Id.* at 6 (citing *United States v. Silva*, 443 F.3d 795, 798 (11th Cir. 2006)).) This court to the best of its ability has applied the law in conformity with the plain statutory language. Indeed it appears that it is Maples's interpretation which is novel. The court, however, has carefully considered Maples's argument and again concluded that it is without merit.

Maples contends further that this court has misapplied the judicial estoppel doctrine. The claim is simply wrong. (*Id.* at 8-14.) In reasserting that the state court may have been mislead by the oft cited footnote, he argues that a judicial finding of "'reliance' [on a prior inconsistent position is] not required [to estop the party benefitting therefrom in a subsequent proceeding]; rather, as the Court explained, the relevant concern is the "threat to judicial integrity" posed by "success in a prior proceeding." (*Id.* at 12 (quoting *New Hampshire*, 532 U.S. at 750-51).) He expressly admits, however, the United States Supreme Court has held the doctrine applicable only when "judicial *acceptance* of an inconsistent position in a later proceeding would create 'the perception that either the first or second court was misled.'" (*Id.* at 11 (quoting *New Hampshire v. Maine*, 532 U.S. at 750-51)(emphasis added).)[4] There is no inconsistency. There is no basis for concluding that the Alabama Supreme Court accepted a position inconsistent with the position of the state in response to Maples's petitions here. This court has not relied upon a position inconsistent with one taken by the state in the state court proceeding.

It is important to consider the entire holding related to judicial estoppel in *New Hampshire*.

---

[4] Maples also argues that the "the Alabama Supreme Court, in 'embrac[ing] the factors set forth in *New Hampshire v. Maine* and join[ing] the mainstream of jurisprudence in dealing with the doctrine of judicial estoppel," overruled precedent and disposed of any "reliance" requirement. (Doc. 36 at 12 (quoting *Ex parte First Ala. Bank*, 883 So.2d 1236, 1243-46 (Ala. 2003)).) In a footnote immediately following this quote, he admits that "[i]n *First Alabama Bank*, the Alabama Supreme Court was addressing "the prior Alabama requirement of a *party's* reliance on the prior inconsistent position on a factual matter, rather than *judicial* reliance." (*Id.* at n. 3.) Maples would also have this court determine that an opinion need only *appear* to be consistent with a prior contradictory position made by a party for judicial estoppel to apply.

5

> Courts have observed that "[t]he circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle," *Allen* [*v. Zurich Ins. Co.*], 667 F.2d [1162,] 1166 [(4th Cir. 1982)]; *accord*, *Lowery v. Stovall*, 92 F.3d 219, 223 (C.A.4 1996); *Patriot Cinemas, Inc. v. General Cinema Corp.*, 834 F.2d 208, 212 (C.A.1 1987). Nevertheless, several factors typically inform the decision whether to apply the doctrine in a particular case: First, a party's later position must be "clearly inconsistent" with its earlier position. *United States v. Hook*, 195 F.3d 299, 306 (C.A.7 1999); *In re Coastal Plains, Inc.*, 179 F.3d 197, 206 (C.A.5 1999); *Hossaini v. Western Mo. Medical Center*, 140 F.3d 1140, 1143 (C.A.8 1998); *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 98 (C.A.2 1997). Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or the second court was misled," *Edwards* [*v. Aetna Life Ins.*], 690 F.2d [595,] 599 [(6th Cir. 1982)]. Absent success in a prior proceeding, a party's later inconsistent position introduces no "risk of inconsistent court determinations," *United States v. C.I.T. Constr. Inc.*, 944 F.2d 253, 259 (C.A.5 1991), and thus poses little threat to judicial integrity. See *Hook*, 195 F.3d, at 306; *Maharaj*, 128 F.3d, at 98; *Konstantinidis* [*v. Chem*], 626 F.2d [933,] 939 [(D.C. Cir. 1980)]. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. See *Davis* [*v. Wakelee*], 156 U.S. [680,] 689, 15 S.Ct. 555 [(1895)]; *Philadelphia, W., & B.R. Co. v. Howard*, 13 How. 307, 335-337, 14 L.Ed. 157 (1851); *Scarano* [*v. Central R. Co. of N.J.*], 203 F.2d [510,] 513 [(3d Cir. 1953)] (judicial estoppel forbids use of "intentional self-contradiction . . . as a means of obtaining unfair advantage"); see also 18 Wright § 4477, p. 782.
>
> In enumerating these factors, we do not establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel. Additional considerations may inform the doctrine's application in specific factual contexts. In this case, we simply observe that the factors above firmly tip the balance of equities in favor of barring New Hampshire's present complaint.

*New Hampshire*, 532 U.S. at 750-51.

Nothing in Maples's analysis establishes a legal basis for a finding that respondent should have been estopped from raising nonexhaustion/procedural default as a defense in the

federal habeas action.[5]  It is true that the Alabama Supreme Court denied Maples's petition for writ of mandamus without a written opinion.  Maples argues that the Alabama Supreme Court must have chosen not to write an opinion based upon respondent's "reassurance" that "Maples['s] counsel could still 'present' those claims to this Court before his execution." (Doc. 36 at 14.)  The factual basis for this gross speculation is not clear.  The argument ignores the fact that the ineffective assistance of counsel claims were unequivocally procedurally defaulted when his petition for mandamus was filed because of his obvious failure to timely file an appeal from the trial court's denial of the Rule 32 petition.  The "balance of equities" in this case are "firmly tip[ped]" in respondent's favor, and judicial estoppel should not be applied.  *See New Hampshire*, 532 U.S. at 751.  Maples could and did present his claims in the federal petition subject to the procedural bar under Alabama rules applicable in the state court.  He has not been deprived of an opportunity to establish a cognizable reason providing relief from his default. His posture is no different than that of any 2254 petitioner attempting to overcome a procedural default.

---

[5] Maples cites an unpublished Eleventh Circuit opinion for the proposition that the judicial estoppel doctrine "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." (Doc. 36 at 8-9 (quoting *Cruz-Lovo v. Ryder Sys., Inc.* No. 03-11247, 2003 WL 23150113, ar *2 (11th Cir. Nov. 5, 2003)).)  The citation is nothing more than a reference to the judicial estoppel doctrine as addressed *infra*. *Id.*  Additionally and importantly, the Eleventh Circuit found that judicial estoppel in *Cruz-Lovo* was "inapplicable for two reasons." *Cruz-Lovo*, 2003 WL 23150113, at *3.  First, it found Ryder had made not made an inconsistent argument.  As such (and the second reason), "acceptance by the district court of Ryder's contention . . . poses no risk of inconsistent court determinations." *Id.* (quoting *New Hampshire*, 532 U.S. at 750; other citation omitted)).

7

Third, Maples argues that this court erred in recognizing what appears to be a clear factual distinction between his circumstances and those addressed in the authority upon which he has based his review, *Marshall v. State*, 884 So.2d 898 (Ala. Crim. App. 2002). (Doc. 36 at 15-20.) This court's extended parsing of *Marshall* noted:

> . . . Maples alleges the state court's decision to deny his request for an out-of-time appeal was based on yet another rule pertaining to Rule 32 petitioners that has been neither firmly established nor regularly followed by the State of Alabama. This rule involves how broadly Alabama has interpreted the 'no fault' portion of Rule 32.1(f). Maples argues that Alabama has allowed a prisoner to allege that his attorney failed to timely file a notice of appeal as a valid basis for granting an out-of-time appeal pursuant to Rule 32.1(f) of the A. R. Crim. P. Maples cites several Alabama cases in support of this contention. [Doc. #33, at 24-25]. However, with the exception of *Marshall v. State*, 884 So.2d 898, 898-99 (Ala. Crim. App. 2002), each case cited by Maples either involves the failure of trial counsel to file such a notice on *direct* appeal as opposed to collateral review, or *pro-se* Rule 32 petitioners who did not receive proper notice that their petitions had been dismissed.
>
> *Marshall* at least tangentially involved a claim that a Rule 32 petitioner had not received the order dismissing his petition and that his counsel was ineffective for failing to inform him of the dismissal. *Id.* Marshall, however, had filed pro-se motions together with his counsel while his case was pending, and filed additional pleadings after his petition had been dismissed in which he requested to know the status of the petition. The State did not dispute that Marshall did not receive a copy of the dismissal. The reason for the State's concession is unknown, and the appellate court expressly declined to rule on the ineffective assistance of counsel issue. When the appellate decision in Marshall's favor was appealed to the Alabama Supreme Court, the Court analyzed *Ex parte Weeks*, 611 So.2d 259 (Ala.1992), one of the cases relied upon by the Court of Criminal Appeals in granting Marshall relief. In *Weeks*, the petitioner had contacted the clerk's office and asked the clerk to notify him of developments in his case. The clerk failed to notify Weeks of the dismissal of his petition, and Weeks lost his opportunity to appeal the dismissal within the time period allowed. In that situation, the Alabama Supreme Court found for Weeks, asserting
>
>> "Although it is generally held in Alabama that a party is under a duty to follow the status of his case, whether he is represented by counsel or acting pro se, and that, as a general rule, no duty

8

> rests upon either the court or the opposing party to advise that party of his scheduled trial date, see the cases collected at 18A Ala. Digest Trial § 9(1)(1956), a party's right to procedural due process is nonetheless violated if he is denied his day in court because the court, acting through its clerk, assumed the duty of notifying that party of his scheduled trial date and then negligently failed to do so."

> *Ex Parte Marshall*, 884 So.2d at 900, 901-03 (quoting *Ex parte Weeks*, 611 So.2d at 262 (other citation and emphasis omitted)).

> The *Marshall* court then reiterated, "[t]his Court in *Ex parte Weeks* made it clear that procedural-due-process concerns arose when the court assumed a duty of notification it did not otherwise owe the petitioner and then failed to perform that duty." *Id.* at 903. The Supreme Court did not consider or mention Marshall's ineffective assistance of postconviction counsel claim.

> Maples's failure to timely appeal does not present a situation similar to the unique factual circumstances that provide the underpinning for *Marshall*. There is no indication that Maples ever submitted *pro-se* pleadings nor did he request that he be informed of the status of his case. Further, *Marshall*, in and of itself, does not establish that the "no fault" provision of Rule 32.1(f) has been interpreted to apply to the dismissal of Rule 32 petitions when the petitioner is represented by counsel. Maples has not established that the State of Alabama's interpretation of Rule 32.1(f)'s 'no fault' provision for petitioners in Maples's posture is not firmly established or regularly followed. There is no cause and prejudice to excuse Maples's procedural default.

(Doc. 34 at 15-16.)

Maples objects to this court's analysis of *Marshall*. He insists that the circumstances of his case and *Marshall* are the same. They are not. He complains that "[i]n distinguishing the two cases, this Court focused on the fact that Mr. Marshall filed some pro-se motions, and thus the clerk must have had a duty to notify him of his Rule 32 dismissal. . . . [C]ontrary to this Court's Opinion, in neither case did the clerk ever assume a duty to inform either

9

petitioner of the Rule 32 dismissal." (*Id.* at 16 [string citation omitted].)[6] Maples contends that there "are numerous Alabama decisions that make clear that out-of-time appeals may be granted to petitioners who do not appeal dismissal of collateral review and without regard to whether the petitioner is represented or *pro se*." (Doc. 36 at 17.) He cites only two cases, however, in support of this claim. In referring to the first, *Fountain v. State*, 842 So.2d 719 (Ala. Crim. App. 2000), Maples asserts that Fountain filed a *pro se* request for out-of-time appeal on the basis that his failure to timely appeal was through no fault of his own (Fountain did not receive the order), and the appeal was allowed. However, Maples does not address the core distinguishing issue. There is no hint that Fountain was represented by post-conviction counsel at the time his original petition was denied. Maples was. The fault of counsel is attributable to Maples. A careful review of the authority does not suggest that Fountain was represented by counsel during post-conviction proceedings.[7]

---

[6] Maples argues that this court's "reliance *Ex Parte Weeks*, 611 So.2d 259 (Ala. 1992)(Sept. 29 Op. at 15-16), is misplaced" because *Weeks* did not involve an out-of-time appeal and Weeks was not incarcerated. (Doc. 36 at 17-18 n.5.) As noted in the court's quoted Memorandum Opinion above, any reference to *Ex Parte Weeks* related to the *Marshall* court's consideration of whether the clerk assumed a duty not required by statute. The *Marshall* court considered whether such a duty had been assumed.

[7] Maples also refers to *Ho v. State*, 796 So.2d 461 (Ala. Crim. App. 1996)(table), purportedly for the proposition that "while Fountain was granted an out-of-time appeal simply because he failed to appeal through no fault of his own, the other petitioner, Ho, was not." (Doc. 36 at 18.) Maples even argues that the *Fountain* court "candidly" admitted it denied Ho the same relief it granted Fountain under the same circumstances. (*Id.* (citing *Fountain*, 842 So.2d at 721).) The table opinion in *Ho* provides no support for Maples's contention. A careful reading of that portion of the *Fountain* opinion reveals that the appellate court addressed only whether or not Rule 32.1(f) was available as a vehicle through which an out-of-time appeal from the denial of a Rule 32 petition as well as an appeal from

Maples's second case, *Ex parte A.D.R.*, 690 So.2d 1208, 1209-10 (Ala. 1996), is inapposite. In *A.D.R.*, a juvenile charged with capital murder was represented by counsel at a transfer hearing. *Id.* After the hearing, the case was transferred to adult court, but neither the trial judge nor his counsel informed the juvenile that he had 14 days to appeal the transfer. *Id.* Once in adult court, the juvenile was appointed new counsel, who attempted to bring an ineffective assistance of counsel claim against the attorney who had represented A.D.R. at the transfer hearing for failing to appeal the transfer. The procedural question addressed was whether Rule 32, which by its own terms is applicable to criminal convictions. might afford relief in a case controlled by the Alabama Rules of Juvenile Procedure. The court ultimately elected to allow the juvenile to proceed with an out-of-time appeal rather than risk the time and expense of a capital murder trial only to face a retrial on the issue of the transfer. *Id.* *A.D.R.* provides no support for Maples's proposition A.D.R. involved a purported error arising on direct appeal, not collateral review.

Finally, Maples contends that this court erred when it could not find cause and prejudice to overcome his procedurally defaulted Rule 32 claims because Maples had no Sixth Amendment right to counsel during postconviction proceedings. (Doc. 36 at 22-23.) Maples explains that he argued that he had established cause and prejudice to overcome the procedural default because he never received a copy of the trial court's dismissal order. (*Id.*

---

a conviction of direct appeal could be filed. *Id.* This entire argument is neither material or relevant to the specific issue being addressed.

at 22.) He has not. As noted, his counsel was sent appropriate notice. As did defendant's counsel in *Coleman v. Thompson*, 501 U.S. 722 (1991), Maples's counsel failed to act in a timely fashion to seek review. The only ground for relief arising from the cause and prejudice analysis is premised on a claim of ineffective assistance of counsel. Ineffective assistance of post-conviction counsel *cannot* serve as cause and prejudice to overcome a procedural default because there is no Sixth Amendment right to counsel on collateral review. (Doc. 34 at 17.)

For all of the foregoing reasons, Maples's motion to alter or amend the judgment, (Doc. 36), is due to be and is hereby **DENIED**.[8]

Done this the 26th day of September, 2007.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

---

[8] Maples has indicated that if this motion is denied, he will file an application for certificate of appealability. (Doc. 36 at 5 n.1.) That would have been the better course. Merely restating an earlier position does not advance the process. A certificate of appealability is relief due to be granted.