# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| CORY R. MAPLES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 5:03-CV-2399-SLB-MHH |
| | ) |
| KIM T. THOMAS, | ) |
| Commissioner of the Alabama | ) |
| Department of Corrections, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

This is a petition for writ of habeas corpus brought by a person in custody under a

capital conviction and sentence of death from a court of the State of Alabama.  28 U.S.C.

§ 2254. The court has before it motions for leave to file a brief as amicus curiae from three

organizations: The Constitution Project, (doc. 63[1] & 64),[2] Alabama Criminal Defense

Lawyers Association, (doc. 66), and Alabama Appellate Court Justices and Bar Presidents,

(doc. 69), along with proposed briefs. After review, the court finds that the amici's proposed

briefs, while skillfully written, will not be helpful in this case because they cover arguments

---

[1]Reference to a document number, ("Doc. ___"), refers to the number assigned to each document as it is filed in the court's record. The page cited refers to the page number of the entire document (Page ___ of ___).

[2]The same motion was filed twice. Hereinafter citations to the motion and brief will be to doc. 64.

already discussed in the briefs of the parties.

Last year this case was on appeal to the Supreme Court of the United States, where the Court found that petitioner had shown cause to excuse a procedural default in state court that would otherwise bar federal review. *Maples v. Thomas*, 132 S. Ct. 912, 917 (2012). On remand, this court is to decide whether petitioner can show prejudice as well, as required in an ineffective assistance of counsel claim by *Strickland v. Washington*, 466 U.S. 668, 697 (1984). *Maples*, 132 S. Ct. at 927-928. Petitioner has filed a 112-page brief detailing his arguments for why he was denied effective assistance of counsel and thus prejudiced by the procedural default. (Doc. 60.) Petitioner has also filed a 77-page reply brief, (doc. 73), in response to respondent's brief, (doc. 70). The parties' briefs argue whether petitioner's trial counsel: made inconsistent arguments on guilt and intoxication between the guilt phase and the sentencing phase, (doc. 60 at 52-62; doc. 70 at 48-56, 92-97), failed to investigate or argue an intoxication defense to capital murder, (doc. 60 at 62-75; doc. 70 at 56-68), and failed to investigate or develop a more complete picture of mitigating factors in the sentencing phase, (doc. 60 at 75-95; doc. 70 at 68-92). In addition, the briefs discuss Alabama's system of appointing and compensating attorneys for indigent capital defendants, (doc. 60 at 20-25, 95-97; doc. 74 at 7-8), and argue whether all these factors show that petitioner was prejudiced by the procedural default, (doc. 60 at 97-108; *see generally* doc. 70).

On January 18, 2013, The Constitution Project filed a motion for leave to file a brief

as amicus curiae, (doc. 64), attaching a proposed brief, (doc. 64-1), and a 1997 report on Alabama's indigent defense system in capital cases from the Equal Justice Initiative, (doc. 64-2). "The Constitution Project is an independent, not-for-profit organization that promotes and defends constitutional safeguards and seeks consensus solutions to difficult legal and constitutional issues, such as the right to counsel in criminal trials." (Doc. 64 at 2.) In 2009, it released a report on its examination of state court systems for providing counsel to indigent criminal defendants. (*Id.* at 4.) Respondent objects to this brief, arguing that the issues it addresses "can easily be covered in the parties' briefs." (Doc. 71 at 5.)

On January 23, 2013, Alabama Criminal Defense Lawyers Association filed a motion for leave to file a brief as amicus curiae and included a proposed brief. (Doc. 66.) "The Alabama Criminal Defense Lawyers Association ('ACDLA') is a non-profit association, through which criminal defense lawyers express their positions on legislation, court reform, cases affecting rights of defendants, and other matters affecting criminal justice in Alabama." (*Id.* at 2.) Respondent makes the same objection to ACDLA's brief. (Doc. 71 at 5.)

On February 1, 2013, Alabama Appellate Court Justices and Bar Presidents filed a motion for leave to file a brief as amicus curiae, (doc. 69), and attached a proposed brief, (doc. 69-1). "The amici are former members of the Alabama Supreme Court and Alabama Court of Criminal Appeals, as well as former Presidents of the Alabama State Bar." (Doc. 69 at 2.) In their motion they assert that they "are perhaps better situated than any party in this litigation to inform this Court concerning the sate of the administration of the death penalty

3

in Alabama...." (*Id.* at 3.) Respondent makes the same objection to this brief. (Doc. 71 at 3.)

## STANDARD OF REVIEW

In opposing the amici's motions, respondent cites Seventh Circuit precedent. (Doc. 71.) In that circuit "whether to allow the filing of an *amicus curiae* brief is a matter of 'judicial grace.'" *Voices for Choices v. Illinois Bell Telephone Co.*, 339 F.3d 542, 544 (7th Cir. 2003) (quoting *National Organization for Women, Inc. v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000)). Thus, "rote permission to file such a brief" is disfavored and "permission to file an amicus brief that essentially duplicates a party's brief" will be denied. *Voices for Choices*, 339 F.3d at 544. Amicus briefs are particularly helpful, however, in cases where:

> a party is inadequately represented; or in which the would-be amicus has a direct interest in another case that may be materially affected by a decision in this case; or in which the amicus has a unique perspective or specific information that can assist the court beyond what the parties can provide.

*Id.* at 545 (citing *Scheidler*, 223 F.3d at 616-617).

There is no procedural rule pertaining to the filing of amicus briefs in federal district court. However, rules concerning such filings can be found in Federal Rules of Appellate Procedure 29 and Supreme Court Rule 37.1. *See Mobile Cnty. Water, Sewer & Fire Prot. Auth., Inc. v. Mobile Area Water & Sewer Sys., Inc.*, 567 F. Supp. 2d 1342, 1344 (S.D. Ala. 2008) ("District courts have inherent authority to appoint or deny *amici* which is derived from Rule 29 of the Federal Rules of Appellate Procedure."). FED. R. APP. P. 29(b)(1) and (2) require that the proposed brief state "the movant's interest"

and "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Movants that "do[] not meet the requirements of (a) an adequate interest, (b) desirability, and (c) relevance" should not be granted leave to file amicus briefs. *Neonatology Assoc., P.A. v. C.I.R.*, 293 F.3d 128, 131 (3rd Cir. 2001). Relevance is further explained in SUP. CT. R. 37.1:

> An amicus curiae brief that brings to the attention of the Court relevant matter not already brought to its attention by the parties may be of considerable help to the Court. An amicus curiae brief that does not serve this purpose burdens the Court, and its filing is not favored.

Ultimately, "it is within a district court's discretion whether to permit the filing of an amicus brief." *Abu-Jamal v. Horn*, No. CIV.A.99-5089, 2000 WL 1100784, at *3 (E.D. Pa. 2000).

## DISCUSSION

Amici in this case are organizations with interest in the questions that this case presents. They are staffed by prominent experts in the field and each brief is well-written and contains detailed arguments. Nothing in this opinion speaks to the merits of either the proposed briefs or petitioner's claims.

However, as explained above, the briefs before the court from the parties are substantial. If the court would benefit from additional briefs, they should meet one of the qualifications listed in *Voices for Choices,* 339 F.3d at 545. Amici do not contend that they have a "direct interest in another case that may be materially affected by a decision in this

case," nor could anybody deny that petitioner is adequately represented at this point. *Id.* Seven lawyers from four different law firms are currently representing him on his petition, and one firm, The Legal Aid Society, has represented him since his collateral appeal was deemed untimely filed by the Alabama Court of Criminal Appeals. Instead, each amicus brief relies on the ability of amici to provide "a unique perspective or specific information that can assist the court beyond what the parties can provide." *Id.* After review, however, the court agrees with respondents that the parties have already addressed the issues presented in the proposed briefs. Therefore, the court finds that consideration of the proposed briefs would not be helpful.

### 1. The Constitution Project

The proposed amicus brief of The Constitution Project focuses on the argument that Alabama's indigent defense system provided underpaid and inexperienced capital counsel during the relevant time period. (Doc. 64-1, at 3-14.) It falls under the same headline as an argument petitioner has briefed. (Doc. 60 at 3.) In introducing his claims, petitioner discusses at length Alabama's low requirements for and compensation of attorneys appointed to represent indigent defendants in capital cases. (Doc. 60 at 20-25.) Justice Ginsburg devoted a section in the Court's opinion to acknowledging the facts underlying this argument. *Maples*, 132 S. Ct. at 917-18.

The proposed brief argues that petitioner's trial counsel could not prepare a proper case for him because of financial constraints. (*See, e.g.*, doc. 64-1 at 12) ("[A]t Alabama's rates, it would have been almost impossible for any attorney, including Mr. Maples' counsel, to sustain the level of work required to mount an adequate capital murder defense while still maintaining a separate practice and earning his or her cost of living.... [T]he Alabama capital defense system had a 'built-in disincentive for thorough representation[.]'").  Petitioner, likewise, argues that the system's underfunding, low eligibility requirements for capital counsel, and failure to provide capital defense training "highlight the need for meaningful federal habeas review" and "necessarily curtail" the "preparation and defense" of "[e]ven well-meaning and conscientious counsel." (Doc. 60 at 24.) Both briefs stress a simple fact: Alabama paid trial counsel only $20 per hour, and no more than $1,000 total, for out-of-court work for indigent defendants in capital cases. (Doc. 64-1 at 10; doc. 60 at 95-96.)

### 2. The Alabama Defense Lawyers Association

The proposed amicus brief of the Alabama Criminal Defense Lawyers Association covers matters already argued at length by the parties. It duplicates one of petitioner's main arguments: that trial counsel should have investigated and presented intoxication as a defense and mitigator during the guilt and sentencing phase of trial.  (*See* doc. 60 at 46-61, 87-90.) While it cites a significant number of academic sources for the proposition that alcohol is a facilitator of violence, (*see, e.g.*, doc. 66 at 17), the actual effect of alcohol is not particularly relevant to a claim of ineffective assistance of counsel. Petitioner has addressed the extent

to which his use of alcohol was legally relevant to his defense, and thus his showing of prejudice. (*See, e.g.*, doc. 60 at 65-66.) To allow additional filings about the effects of alcohol would likely require unnecessary responses and would not give the court "specific information that can assist the court beyond what the parties can provide." *Voices for Choices v. Illinois Bell Telephone Co.*, 339 F.3d 542, 545 (7th Cir. 2003).

### 3. The Alabama Appellate Court Justices and Bar Presidents

The proposed amicus brief of the Alabama Appellate Court Justices and Bar Presidents also duplicates the main arguments about social and mental health mitigating factors addressed at length by the parties. (Doc. 60 at 12-28, 49-81.) It reiterates the facts underlying the "broken indigent defense system" that petitioner depended upon for trial counsel. (Doc. 69-1 at 13.) Like petitioner's brief, (doc. 60 at 52-62), it criticizes trial counsel's failure to provide a "coherent and consistent presentation on" petitioner's guilt and intoxication in both phases of his trial, (doc. 69-1 at 25). It explains in detail how expert testimony could have emphasized certain aspects of petitioner's history to the jury as mitigating evidence, (doc 69-1 at 26-30), but petitioner has not overlooked his need for expert testimony, (doc. 60 at 16 & 40), nor the effect that his history of abuse and depression could have had on a jury, (*id.* at 36-41, 86-90).

The proposed brief also presents information concerning matters that are not relevant to petitioner's case. For instance, the proposed brief states that in 1997, there was no statute in Alabama pertaining to fees and expenses for an indigent defendant's experts, but notes that

there was a provision that allowed counsel to be reimbursed for reasonable expenses incurred if approved in advance by the trial court. It then observes that the cap on such "expert fees, including psychiatric evaluations," was only $500.00. (Doc. 69-1 at 20.) Petitioner has not alleged that his counsel were ineffective because they were unable to retain an expert, much less that they were hamstrung by a $500.00 financial cap. In fact, the trial record shows that petitioner's trial counsel sought expenses for an investigator, independent DNA testing, and the services of Dr. Shealy, a forensic psychologist. In each instance, the trial court granted counsel reimbursement for the expenditure. In the case of an investigator, counsel requested and the court awarded $2,000.00. (R. Vol. 6 at 221.) In the case of independent DNA testing, counsel requested and were awarded $6,000.00. (R. Vol. 3 at 431.) In the case of Dr. Shealy, counsel requested and were awarded up to $4,500.00. (*Id.* at 428.) Petitioner's counsel have already made the relevant arguments regarding his lack of expert testimony. (*See* doc. 60 at 16, 40, & 65; doc. 73 at 33, 48-49, 53.)

Finally, the proposed brief argues that political pressure on elected Alabama judges to favor the death penalty resulted in "an extra-heavy duty on the defense team." (Doc. 69-1 at 24). This information is not relevant to the constitutional questions before the court and does not help the court in analyzing the claims in this habeas petition.[3]

---

[3] While the proposed brief faults the trial judge (who was also the post-conviction judge) for signing the State's proposed order denying Maples's Rule 32 petition, the same proposed brief points out that as of July 2011, Maples's trial judge "had overridden a jury's recommendation for life imprisonment only once in his sixteen years on the bench" and that "a jury recommendation for life in Maples'[s] case would have resulted in a sentence of life. (Doc. 69-1, at 14 n.4 & 42.)

## **CONCLUSION**

It is unsurprising that petitioner's and the amici's briefs resemble each other, since the authors of each are experienced advocates who can recognize important issues in this case. However, petitioner's counsel have presented comprehensive arguments for the points raised in the amici's proposed briefs. The amici will not be prejudiced if the court only considers the parties' briefs in this case. *See Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (finding that amicus briefs should be allowed if "the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene)").

For the foregoing reasons, the motions for leave to file a brief as amicus curiae by The Constitution Project, (doc. 63 & 64), Alabama Criminal Defense Lawyers Association, (doc. 66), and Alabama Appellate Court Justices and Bar Presidents, (doc. 69), are **DENIED**.

**DONE**, this 22nd day of September, 2013.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE