# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| CORY R. MAPLES, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| vs. | ) 5:03-CV-2399-SLB-MHH |
| | ) |
| DONAL CAMPBELL, | ) |
| Commissioner, Alabama | ) |
| Department of Corrections, | ) |
| | ) |
| Respondent | ) |

## ORDER TO EXPAND THE RECORD

This matter is before the court on Cory R. Maples's ('Maples' or 'Petitioner') petition for relief from his capital conviction and sentence of death pursuant to 28 U.S.C. § 2254. On January 18, 2012, the United States Supreme Court held that post-conviction counsels' abandonment of Maples without notice, which resulted in his failure to file a timely collateral appeal, established cause to overcome that procedural default. *Maples v. Thomas*, ___ U.S. ___, 132 S. Ct. 912, 922-27 (2012). The Supreme Court remanded the case for a determination on the issue of prejudice. *Id.* at 927-928.

The parties have identified and briefed the relevant issues and claims to be decided by this court. The arguments made in the post-remand briefs require a review of the complete post-conviction state court records. On March 9, 2005, the magistrate judge entered a scheduling order. (Doc. 20.)[1] Pursuant to Section A.2 of that order, Respondent was directed to produce

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each

1

  2.  All state court records pertaining to actions for post-conviction relief filed by or on behalf of the petitioner attacking the conviction that is the subject of this petition. Such records shall include but shall not be limited to the following:

    a.  All pleadings filed by or on behalf of the petitioner and the state's responses to such pleadings;

    b.  all briefs filed in support of or in opposition to such post-conviction relief;

    c.  transcripts of any hearings conducted in the state court on any such post-conviction actions, which shall include all arguments of counsel and findings, if made orally, by the court; and,

    d.  all written orders or opinions entered by the state courts on such post-conviction actions.

On October 6, 2005, Respondent entered a Notice purporting to have complied with the magistrate judge's scheduling order. In his post-remand reply brief, Maples references an extensive discovery request he made before the Rule 32 court. (Doc. 73 at 67-68). This pleading does not appear in the post-conviction records submitted by the Respondent. Moreover, the court notes that there is no case action summary sheet or docket summary sheet from the Circuit Court of Morgan County, Alabama, Circuit Court in regard to Maples's Rule 32 petition. Such a sheet would provide a clear record of the date all filings in the case were made, and any rulings thereon.[2] Moreover, Respondent has repeatedly quoted from a recorded videotape of Maples's statement to law enforcement officials that was admitted into evidence at Maples's trial as State's Exhibit 230-231. However, the tape has not been made a part of the habeas record.

---

document as it is filed in the court's record.

  [2] None of the pleadings Respondent has produced from the Rule 32 court are stamp filed by the clerk, although neither party disputes that the dates listed on the certificates of service are the accurate filing dates.

Based on the magistrate judge's previous order, arguments made in the post-remand briefs and pursuant to Rule 7 of the Rules Governing § 2254 Cases in the United States District Courts, it is **ORDERED** that the record be expanded. Accordingly, on or before **October 21, 2013**, Respondent is **ORDERED** to :

1. file with the Clerk a copy of **all missing documents** from the **entire record** of the Rule 32 proceedings in the Circuit Court of Morgan County, Alabama, certified by the Circuit Court Clerk of that county, for the case of *Cory R. Maples v. State of Alabama*, CC-95-842.60, and

2. file with the Clerk of court a copy of State's Exhibit 230, 231 **in digital video disc (DVD) format**.

Respondent is further **ORDERED** to serve the a copy of the missing Rule 32 documents and State's Exhibit 230, 231 upon Maples's habeas counsel. Pursuant to Rule 7(c) of the Rules Governing Section 2254 Cases, counsel for Maples may, within fourteen (14) days after receipt of State's Exhibit 230, 231 admit or deny its correctness.

The clerk is **DIRECTED** to furnish a copy of this order to counsel for Petitioner and Respondent.

**DONE**, this 23rd day of September, 2013.

_____
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

3