FILED
2019 Sep-09 PM 04:07
U.S. DISTRICT COURT
N.D. OF ALABAMA



# State of Alabama
# Department of Corrections

Alabama Criminal Justice Center
301 South Ripley Street
P. O. Box 301501
Montgomery, AL  36130-1501
(334) 353-3883



**KAY IVEY**
GOVERNOR

**JEFFERSON S. DUNN**
COMMISSIONER

**July 18, 2019**

To Whom It May Concern

Dear Sir/Madam:

This is to certify that I, Alcornelia Terry, am Director of Central Records, and that I am the legal custodian of inmate central records on file with the Alabama Department of Corrections and the enclosed or attached documents are true and correct copies taken directly from the records on file with the Department of Corrections and pertain to none other than the person whose name appears hereon:

| Maples, Corey | 00Z624 | W/M | Morgan |
|---|---|---|---|
| NAME | AIS NO. | RACE & SEX | COUNTY |

A)  Complete File



Alcornelia Terry
Director, Central Records

SWORN TO AND SUBSCRIBED BEFORE ME
THIS THE 18TH DAY OF JULY, 2019

Sarah Ann Cummings, Notary Public
State of Alabama at Large
MY COMMISSION EXPIRES: OCTOBER 12, 2022

## Alabama Department of Corrections

CREC052

### Inmate Summary

**AIS   0000Z624   MAPLES, COREY**

**AIS:** 0000Z624     **Prev/Next:**

**Inmate:** MAPLES, COREY

**Legal:**

**R/S:** WM   **Dob:**    1974     **SSN:** xxx-xx-5716

**Inst:** 999 - HOLMAN DEATH ROW     **BED**

**Admit:** 11/21/1997   99 - DEATH ROW

**Status:** 82 - INCARCERATED

**Jail:** 000Y 00M 00D     **Retro CIT:** NONE

**Security:** (7) Seven

**Custody:** CLS-     **Custody Date:** 12/07/2009     **Parole Review Date:** * NONE *

**Alias:**     MAPLES, COREY ROSS

**IMAS:**     SINGLE CELL (CONVERSION)

**Class Date:**     No Class Date

| Total Term | Min Rel Dt | GoodTime Bal | GoodTime Rev | Dead Time | Long Date |
|---|---|---|---|---|---|
| 0Y 0M 0D | | 0Y 0M 0D | 0Y 0M 0D | 00Y 00M 00D | |

**Inmate Literal:**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Offenses for 0000Z624**

| Seq | County | Sent Dt | Case Nbr | Fees | Hab Off | PTS | JL-CR | Term | |
|---|---|---|---|---|---|---|---|---|---|
| 1 | MORGAN | 11/21/1997 | CC1995000842 | 0.00 | N | | 0 | 0Y 0M 0D | CS |
| | 002A - MURDER | | 2 CTS; CAPITAL | | | | | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Detainer Warrants for 0000Z624**

    Inmate Currently has NO ACTIVE Detainer Warrants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Probations, Escapes and Paroles for 0000Z624**

    **No Probations**     **No Escape Sentences**     **No Escapes**     **No Parole Releases**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Disciplinaries for 0000Z624**

**Seq: 9**     MAJOR Discipline on 05/28/2014 At Inst: 999 - HOLMAN DEATH ROW

    Cust from 6G to 6G     Retain Days: 0     Time Lost: 0Y 0M 0D

    Rule: 510 - CONSPIRACY TO COMMIT A VIOLATION OF RULE(S)

**Seq: 8**     MAJOR Discipline on 11/01/2011 At Inst: 003 - HOLMAN PRISON

    Cust from 6G to 6G     Retain Days: 0     Time Lost: 0Y 0M 0D

    Rule: 64 - POSSESSION OF CONTRABAND

**Seq: 7**     MAJOR Discipline on 09/06/2011 At Inst: 999 - HOLMAN DEATH ROW

    Cust from 6G to 6G     Retain Days: 0     Time Lost: 0Y 0M 0D

    Rule: 64 - POSSESSION OF CONTRABAND

**Seq: 6**     Behavior Citation on 10/29/2010     At Inst: 003 - HOLMAN PRISON

    Cust from 6G to 6G     Retain Days: 0

    Rule: 85 - VIOLATION OF INSTIT. RULES OR REG.

Maples - DOC
000002

## Alabama Department of Corrections
## Inmate Summary
### AIS   0000Z624   MAPLES, COREY

**Seq: 5**  MAJOR Discipline on 09/09/2009 At Inst: 003 - HOLMAN PRISON

Cust from 3G to 3G          Retain Days: 0          Time Lost: 0Y 0M 0D

Rule: 64 - POSSESSION OF CONTRABAND

**Seq: 4**  MAJOR Discipline on 02/05/2008 At Inst: 003 - HOLMAN PRISON

Cust from 3G to 3G          Retain Days: 0          Time Lost: 0Y 0M 0D

Rule: 90 - UNDER INFLUENCE OF ALCOHOL OR NARCOTICS

**Seq: 3**  MAJOR Discipline on 08/30/2007 At Inst: 999 - HOLMAN DEATH ROW

Cust from 3G to 3G          Retain Days: 0          Time Lost: 0Y 0M 0D

Rule: 90 - UNDER INFLUENCE OF ALCOHOL OR NARCOTICS

**Seq: 2**  MAJOR Discipline on 10/03/2005 At Inst: 003 - HOLMAN PRISON

Cust from 3G to 3G          Retain Days: 0          Time Lost: 0Y 0M 0D

Rule: 35 - FIGHTING WITHOUT A WEAPON

**Seq: 1**  Behavior Citation on 05/01/2000     At Inst: 003 - HOLMAN PRISON

Cust from 99 to 99          Retain Days: 0

Rule: 90 - UNDER INFLUENCE OF ALCOHOL OR NARCOTICS

Maples - DOC
000003

AIS#: 00002624     NAME: MAPLES, COREY                    RACE: W   SEX: M

EARNING STATUS:   PROHIBITED FROM EARNING GOODTIME

CLASSIFYING INSTITUTION IS - *Holman Death Row*

RECOMMENDED CUSTODY IS - *Z-2 Maximum*          APPROVED CUSTODY - *Z-2 Max*

RECOMMENDED INST IS - *Holman/Death Row*        APPROVED PLACEMENT - *Holman/Death Row*

--------------------------------------------------------------

PRESENT WORK & ASSIGNMENT                       NEW WORK ASSIGNMENT

PRIMARY - *Confined in Segregation*

SECONDARY -

PROGRAM PARTICIPATION - *Participate in all Programs offered the Death Row Inmates here Holman*

--------------------------------------------------------------

WAIVER OF CRITERIA REQUESTED FOR - *None -*

--------------------------------------------------------------

JUSTIFICATION AND COMMENTS - *Received here at Holman on 11-21-97 from Morgan Co. Improvement noted since (Art Citation on 5-1-00.) Overall institutional adjustment and behavior has been appropriate.*

*Therefore, participation in all programs offered for Death Row Inmate is recommended.*

*Z-2 Custody status is recommended for the continuation of participation in group activities.*

*This summary is completed for documentation and to update of Custody status.*

*James Powers  3/10/04*

--------------------------------------------------------------

CLASSIFICATION SPECIALIST     DATE      CLASSIFICATION CO-ORDINATOR   DATE
*Edwed C. Holbrook (C) 3/10/04*        *R. Williams      03-16-04*

PSYCHOLOGIST                  DATE      CENTRAL REVIEW BOARD          DATE
*A. Scott Coleman    3/10/04*

WARDEN OR REPRESENTATIVE      DATE      CENTRAL REVIEW BOARD          DATE
*Cory Maples   3/10/04*

INMATE                        DATE      CENTRAL REVIEW BOARD          DATE

MAR 10 ENTD

Maples - DOC
000004

CR462                    STATE DEPARTMENT OF CORRECTIONS

INITIAL              CLASSIFICATION SUMMARY                 02/20/2004

AIS#: 000Z624      NAME: MAPLES, COREY              RACE: W  SEX: M

DATE OF BIRTH:     1974      PLACE OF BIRTH: UNITED STATES

INSTITUTION: HOLMAN DEATH ROW                  CITIZENSHIP: ~~USA~~ *Yes*
                                                              *57/6*

PAROLE CONSIDERATION DATE: 00/0000             SSN:

ALIAS: MAPLES, COREY ROSS

EMERGENCY ADDRESS: 3261 MUD TAVERN ROAD              DECATUR          AL

HAIR: ... *Brown*  EYES: ... *Brown*  HEIGHT: 6FT 01IN   WEIGHT: 180 LBS

CURRENT CUSTODY: ~~DTH~~ *Maximum*       HIGHEST GRADE LEVEL COMPLETED: 12

PRIMARY OCCUPATION:

SECONDARY OCCUPATION:

MIN RELEASE DATE: 00/00/0000 *Death Sentence* LONG RELEASE DATE: 00/00/0000
--------------------------------------------------------------------
                        CURRENT CONVICTIONS

   DATE         *Victims:* CRIME              TERM   CS/CC  HD   RST.   FEES
11/21/1997 MURDER _____ -        - -    000Y00M00D_ CS   N  0000000  000000

VICTIM INFO ------                              *were shot*
*Point - blank with a .22 Calibed rifle . No reasons for the*
*killings given .          Car were taken during the Murder .*
---------------        / DETAINERS -----------------------------------

       NO ACTIVE DETAINERS FOUND ON FILE
POSSIBLE DETAINERS - *None reported* ...............................

       ..............................................................
--------------------------------------------------------------------

                        PRIOR CONVICTIONS

       NO PRIOR CONVICTIONS ON FILE
POSSIBLE OUT OF STATE CONVICTIONS - *None reported at this time.*

       ..............................................................
--------------------------------------------------------------------

                              Entered Terminals

                              3/18/04  by

MAPLES, COREY                          CONTINUED

--------------------------------------------------------------

ESCAPES

NO ESCAPE RECORDS FOUND ON FILE

OTHER THAN STATE ESCAPES/ESCAPE BEHAVIOR - *None reported*...........

...........................................

--------------------------------------------------------------

PAROLE & PROBATION

NO P&P RECORDS FOUND ON FILE

--------------------------------------------------------------

DISCIPLINARIES

| DATE | INFRACTION | TIME LOST | CUST-FR | CUST-T |
|------|-----------|-----------|---------|--------|
| 05/01/2000 | UNDER INFLUENCE OF ALCOHOL OR | 00Y00M00D | OTW9 | OTW9 |

--------------------------------------------------------------

KNOWN ENEMIES

NO ENEMIES FOUND FOR THIS INMATE

POSSIBLE ENEMIES - *None reported*.............

...........................................

--------------------------------------------------------------

PSYCHOLOGICAL COMMENTS - .....................................

...........................................

--------------------------------------------------------------

PHYSICAL COMMENTS - *See Medical Assessment completed on 11-11-03. Appears to be good health!*

--------------------------------------------------------------

NAME AND ADDRESS OF FAMILY MEMBERS

SPOUSE - *Single*.........................................

FATHER - ...........................

MOTHER - ...........................

Maples - DOC
000006

# PRESENTING YOUR DEFENSE AT DISCIPLINARY HEARINGS

1. IF YOU WISH TO MAKE A STATEMENT IN YOUR BEHALF, YOU WILL NEED TO HAVE YOUR STATEMENT IN WRITING. YOU WILL READ IT INTO THE RECORD WHEN YOU PRESENT YOUR DEFENSE.  AFTER YOU READ IT INTO THE RECORD, YOU WILL GIVE THE WRITTEN STATEMENT TO THE HEARING OFFICER.  YOU WILL BE GIVEN THE OPPORTUNITY TO ADD TO YOUR STATEMENT, VERBALLY, BEFORE THE HEARING OFFICER CLOSES FOR DELIBERATION.

2. IF YOU HAVE REQUESTED WITNESSES, YOU WILL NEED TO PRESENT ALL QUESTIONS WHICH YOU WANT THE HEARING OFFICER TO ASK, IN WRITING, TO THE HEARING OFFICER.  HE WILL ASK THE QUESTIONS IF PERTINENT TO THIS CASE.  QUESTIONS, AS WELL AS YOUR STATEMENT, ARE TO BE SUBMITTED ON PAPER 8 ½ X 11 INCHES. YOU MAY USE INMATE STATIONERY, LEGAL PAPER FROM THE LAW LIBRARY OR ANY OTHER PAPER THE CORRECT SIZE.  LEAVE ENOUGH SPACE BETWEEN QUESTIONS FOR THE HEARING OFFICER TO WRITE THE ANSWERS. USE ONLY ONE SIDE OF EACH SHEET OF PAPER.  YOU DO NOT HAVE THE RIGHT TO INSIST UPON A YES OR NO ANSWER; THIS IS AT THE DISCRETION OF THE HEARING OFFICER.  SUBMIT SEPARATE STATEMENTS AND QUESTIONS FOR EACH DISCIPLINARY AND EACH WITNESS.

3. IF YOU HAVE REQUESTED MORE THAN THREE WITNESSES, YOU WILL NEED TO PREPARE A WITNESS LIST, WITH A BRIEF SUMMARY OF WHAT YOU EXPECT EACH WITNESS TO TELL THE HEARING OFFICER.  THE HEARING OFFICER MAY REFUSE TO ALLOW ANY WITNESS, WHOSE TESTIMONY IS NOT RELEVANT, TO TESTIFY.

4. READ ADMINISTRATIVE REGULATION 403, WHICH IS AVAILABLE IN THE LAW LIBRARY FOR YOUR USE.

I HAVE READ THESE INSTRUCTIONS ON _____1/18/0B_____
(DATE AND TIME)

_Cory Maples  2-62A_
INMATE'S SIGNATURE

I CERTIFY THAT I DID SERVE A COPY OF THESE INSTRUCTIONS TO THE ACCUSED ALONG WITH HIS DISCIPLINARY.   _Walter Frankh_
SERVING OFFICER

Maples - DOC
000007

# STATE OF ALABAMA
## DEPARTMENT OF CORRECTIONS

### INCIDENT REPORT

AW

| 1. Institution:<br>**W. C. Holman Correctional Facility** | 2. Date:<br>1/15/08 | 3. Time:<br>**4:00 PM** | 4. Incident Number:<br>**HP08-048** | Class Code:<br>C |
|---|---|---|---|---|
| 5. Location Where Incident Occurred:<br>**FCC Drug Screening Room** | 6. Type of Incident: Consumption or use of or under the influence of alcohol, narcotics, or other intoxicants | | | |
| 7. Time Incident Reported:<br>**4:00 PM** | 8. Who Received Report:<br>**Watson Bishop, Correctional Captain** 2-26-08 | | | |

**9. Victims:**          Name                                         AIS

a.  **N/A** _____          No. _____

b.  _____          No. _____

c.  _____          No. _____

| 10. Suspects:     Name                    AIS | 11. Witnesses:     Name                    AIS |
|---|---|
| a.  **Maples, Corey**     No. **W/Z624** | a.  **N/A**     No. _____ |
| b.  _____     No. _____ | b.  _____     No. _____ |
| c.  _____     No. _____ | c.  _____     No. _____ |
| d.  _____     No. _____ | d.  _____     No. _____ |
| e.  _____     No. _____ | e.  _____     No. _____ |
| | f.  _____     No. _____ |
| | g.  _____     No. _____ |

**PHYSICAL EVIDENCE:**

12. Type of Evidence

**Urine Specimen**

13. Description of Evidence:

**4 oz. Plastic Bottle with urine provided the above named inmate properly labeled and sealed**

14. Chain of Evidence:

a  **Inmate Corey Maples**
b  **Bobby Lane, CO**
c  **Terry Quarker, CO**
d  **East Alabama Medical Center Toxicology Lab**
e  _____

15. Narrative Summary:

On January 10, 2008 at approximately 7:00 AM, Correctional Officer Bobby Lane was instructed by Correctional Captain Watson Bishop to collect urine specimen on the following inmate Corey Maples W/Z624 Officer Bobby Lane collected urine specimen from the above named inmate using the proper collection method and chain of evidence procedure.

At approximately 9:25 AM, the urine specimen was taken to Correctional Officer Terry Quarker a trained operator of the Pronto Evolution Precise Analyzer at G. K. Fountain Correctional Facility.

The urine sample from inmate Maples tested positive for marijuana.

The urine sample was sent to East Alabama Medical Center Toxicology Lab for confirmation testing.

# STATE OF ALABAMA
# DEPARTMENT OF CORRECTIONS

## INCIDENT REPORT/DUTY OFFICER REPORT
## CONTINUATION

| Institution:<br>**W. C. Holman Correctional Facility** | Incident Number:<br>**HP08-048** | Class Code:<br>**C** |
|---|---|---|
| Date:<br>1/15/08 | Type of Incident: Consumption or use of or under the influence of<br>alcohol, narcotics, or other intoxicants | |

Narrative Summary (Continued) Page No. 2

Inmate Maples' urine specimen was confirmed positive by (GC/Ms) to Marijuana on or about January 15, 2008 at approximately 4:00 PM.  (See attached confirmation letter.)


Inmate Maples will receive a disciplinary action for rule violation #90, specifically consumption or use of or under the influence of alcohol, narcotics, or other intoxicants.

The incident was reported to Captain Watson Bishop at approximately 4:00 PM.

Bobby Lane, Correctional Officer

2-15-08

Maples - DOC
000009

.rm 225B               **ALABAMA DEPARTMENT OF CORRECTIONS**
                              **DISCIPLINARY REPORT**

INMATE: **Maples, Corey**  CUSTODY:**MAX** AIS NO. **W/Z624**
        Last        First      Middle          DISCIPLINARY **#HP08-048**
2. FACILITY: **W. C. Holman Correctional Facility**
3. The above inmate is being charged by **Correctional Officer Bobby Lane**
   with a violation of Rule **#90** specifically **Consumption or use of or under the**
   **influence of alcohol, narcotics, or other intoxicants** from regulation **#403** which
   occurred on or about **January 15, 2008** at (time)**4:00 PM,** Location: **EAMC.**  A hearing on
   this charge will be held after 24 hours from service.
4. Circumstances of the violation(s) are as follows: **Correctional Officer Lane**

   **collected a urine specimen from inmate Corey Maples on 1/10/08 using the proper**

   **collection method and chain of evidence procedure.    Inmate Maples's urine**

   **specimen was given to Terry Quarker, COI, a trained Operator on the Pronto**

   **Analyzer.   A screening and verification test was performed.   Verification test**

   **was positive and shipped to an off-site independent laboratory for confirmation.**

   **(EAMC Forensic Toxicology Lab), Opelika, AL.   Inmate Maples's urine specimen was**

   **confirmed positive by (GC/MS) to Marijuana on or about 1/15/08 at approximately**

   **4:00 PM.  A review of inmate Maples's file indicates that he also tested positive**

   **to: Marijuana on 7/26/07.**

   Date: _**1-18-08**_            _Bobby Lane Co._
                                 Arresting Officer/Signature/Rank

5. I hereby certify that I have personally served a copy of the foregoing upon the
   above named inmate and I informed inmate of (his)/her right to present written or
   oral statement at the hearing and to present written questions for the witnesses
   on this the 18 day of _January_, 2008 at (time)_12:30_ (am/pm).

   _Walter Franklin COI_          _Cory Maples 2-624_
   Serving Officer/Signature Rank    Inmate's Signature/AIS Number

6. Witnesses desired?  NO_Cory Maples_          YES_____
                       Inmate's Signature              Inmate's Signature

7. If yes, list_____

8. Hearing Date _1/21/08_    Time _9:20AM_  Place **SEGREGATION SHIFT OFFICE**

9. Inmate must be present in Hearing Room. If (he)/she is not present explain in
   detail on an additional page and attach.

10. A finding is made that inmate (is)/is not) capable of representing himself.

                    _Philip Brown, CO  1/21/08_
                    Signature/Hearing Officer                     **FEB 22 ENTD**

11. Plea:_____ Not Guilty X_Cory Maples 2-624_____ Guilty

12. The Arresting Officer, inmate and all witnesses were sworn to tell the
    truth.

                    _Philip Brown, CO  1/21/08_
                    Signature/Hearing Officer

13. Arresting Officer's Testimony (at the hearing):**Correctional Officer Bobby Lane stated**
    **that he collected a urine sample from inmate Maples on 01-15-08 at 4:00 PM. I used the**

                    **Annex C to AR 403 (Page 1 of 3 pages)**

Maples - DOC
000010

(Continuation Sheet)  DOC FORM 225-B,  ALABAMA DEPARTMENT OF CORRECTIONS DISCIPLINARY REPORT,  (Optional)

Inmate Name & A.I.S. Maples, Corey W/Z624 _____ Incident Report No. 08-048 _____

Facility  HOLMAN CORRECTIONAL FACILITY _____

CONTINUED ARRESTING OFFICER'S (A.O.) STATEMENT AND/OR QUESTIONS BY HEARING OFFICER TO ARRESTING OFFICER: proper chain of evidence and a screening and verification test were performed. Inmate Maples tested positive to Marijuana.

CONTINUED INMATE'S STATEMENT AND/OR QUESTIONS BY HEARING OFFICER (QBHO) TO INMATE: I plead Guilty.

CONTINUED WITNESS TESTIMONY (QBHO):

CONTINUED FINDINGS OF FACT:

CONTINUED BASIS FOR FINDINGS OF FACT:

CONTINUED HEARING OFFICER'S RECOMMENDATIONS:

Other: _____

Annex C to AR 403 (Pg. 3 of 3 pgs.)

Maples - DOC
000011

Witness: _N/A_ _____ AIS# _____ Substance of Testimony: _____

_____

_____

Witness: _N/A_ _____ AIS# _____ Substance of Testimony: _____

_____

_____

Witness: _N/A_ _____ AIS# _____ Substance of Testimony: _____

_____

_____

15. The inmate was allowed to submit written questions to all witnesses. (Copy of questions and answers
    are attached).                                        _Philip Brown, CO_  _1/21/08_
                                                          Signature/Hearing Officer

16. The following witnesses were not called:                Reason not called:
    1. _N/A_ _____                                        _____
    2. _____                                              _____
    3. _____                                              _____

17. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
    The Hearing Officer finds that: On 1-15-08 at approximately 4:00 PM in the East Alabama Medical
    Center of Opelika, Al., inmate Corey Maples W/Z-624 did violate rule #90-Consumption or
    use or under the influence of Alcohol, Narcotics or other intoxicants.

18. Basis for Findings of Fact: Correctional Officer Bobby Lane, who stated under oath: Through
    proper collecting, testing and chain of custody procedures, inmate Maples tested
    positive for Marijuana.

19. Hearing Officer's Decision: _xx_ _____ GUILTY _____ NOT GUILTY

20. Recommendation of Hearing Officer: The HO recommends 45DDS & 45days loss of store, phone and
    visiting priviledges.

                                                          _Philip Brown, CO_  _1/21/08_
                                                          Signature/Hearing Officer
                                                          Philip Brown, Correctional Officer
                                                          Type Name and Title

21. Warden's Action Date: _February 5, 2008_
    Approved _Sylvester Folks Warden_
    Disapproved _____
    Other (Specify) _____

22. Reason if more than 30 calendar days delay in action: _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above
    named inmate on this _7th_ day of _Feb_ 2008, at time _10:35_ (AM/ PM)

    _Darren Wright_  CDI                          _Corey Maples_ 2-624
    Signature/Serving Officer/Title                Inmate's Signature/AIS Number

                                                          Maples - DOC
    Annex C to AR 403 (page 2 of 3)              AR 403 January 2003
                                                          000012

## PRESENTING YOUR DEFENSE AT DISCIPLINARY HEARINGS

1. IF YOU WISH TO MAKE A STATEMENT IN YOUR BEHALF, YOU WILL NEED TO HAVE YOUR STATEMENT IN WRITING. YOU WILL READ IT INTO THE RECORD WHEN YOU PRESENT YOUR DEFENSE. AFTER YOU READ IT INTO THE RECORD, YOU WILL GIVE THE WRITTEN STATEMENT TO THE HEARING OFFICER. YOU WILL BE GIVEN THE OPPORTUNITY TO ADD TO YOUR STATEMENT, VERBALLY, BEFORE THE HEARING OFFICER CLOSES FOR DELIBERATION.

2. IF YOU HAVE REQUESTED WITNESSES, YOU WILL NEED TO PRESENT ALL QUESTIONS WHICH YOU WANT THE HEARING OFFICER TO ASK, IN WRITING, TO THE HEARING OFFICER. HE WILL ASK THE QUESTIONS IF PERTINENT TO THIS CASE. QUESTIONS, AS WELL AS YOUR STATEMENT, ARE TO BE SUBMITTED ON PAPER 8 ½ X 11 INCHES. YOU MAY USE INMATE STATIONERY, LEGAL PAPER FROM THE LAW LIBRARY OR ANY OTHER PAPER THE CORRECT SIZE. LEAVE ENOUGH SPACE BETWEEN QUESTIONS FOR THE HEARING OFFICER TO WRITE THE ANSWERS. USE ONLY ONE SIDE OF EACH SHEET OF PAPER. YOU DO NOT HAVE THE RIGHT TO INSIST UPON A YES OR NO ANSWER; THIS IS AT THE DISCRETION OF THE HEARING OFFICER. SUBMIT SEPARATE STATEMENTS AND QUESTIONS FOR EACH DISCIPLINARY AND EACH WITNESS.

3. IF YOU HAVE REQUESTED MORE THAN THREE WITNESSES, YOU WILL NEED TO PREPARE A WITNESS LIST, WITH A BRIEF SUMMARY OF WHAT YOU EXPECT EACH WITNESS TO TELL THE HEARING OFFICER. THE HEARING OFFICER MAY REFUSE TO ALLOW ANY WITNESS, WHOSE TESTIMONY IS NOT RELEVANT, TO TESTIFY.

4. READ ADMINISTRATIVE REGULATION 403, WHICH IS AVAILABLE IN THE LAW LIBRARY FOR YOUR USE.

I HAVE READ THESE INSTRUCTIONS ON _____8-31-07_____
(DATE AND TIME)

x Refused to Sign _____
INMATE'S SIGNATURE  Maples, Corey  w/2-634

I CERTIFY THAT I DID SERVE A COPY OF THESE INSTRUCTIONS TO THE ACCUSED
ALONG WITH HIS DISCIPLINARY. _____
SERVING OFFICER

Maples - DOC
000013

Disciplinary Statement.                           ① EXHIBIT A     written
                                                                 8/21/07

This is my second disciplinary for the same charge. The first one
was thrown out due to a violation of due process; Not served
within 10 Calendar days of the offense. I have read the entire 403
several times, and the word "re-initiate" does not appear, nor is
the process explained. I have asked several officers, including Captain
Bishop, where I can find the literature on it, or if they could
explain it to me. All I've been told is that it does exist
just not in writing. I cannot fight what I cannot see.

My offense happened on 7/26/07 When the results of my drug
test came back positive for THC (The official Labs results from
Fountain Correctional facility are attached) It was a violation
to serve me on 8/13/07, 18 days after the violation was
reported, it stands to reason that this too is a violation
27 days later.

I have been in disciplinary Seg. for 27 days. All my
priviledges have been suspended, and the first 17 days
were done with NO paperwork at all. According to Rule 403
Part V Section G, "... All approved punishments will begin at this
time, or when the inmate is placed in the segregation cell
to begin serving ~~segregation~~ disciplinary segregation." I was
placed in Seg with NO charges. I have been told I'm not
in disciplinary seg., yet suffer the same exact restrictions
as the guys serving their time.

Also, I was never taken to Court on my first
disciplinary. Part 4 Section A of the 403 states, "The inmate must be
present in the hearing room unless he/she refuses, or is
disruptive. You may proceed without him/her for only those

②

EXHIBIT A

2A70

2 reasons. Mr. Cullivir told me - in an attached request - that I would go to Court. But I didn't. I assert that this too is a due process violation.

In closing, I was held 17 days with no charges. I am now being re-charged for the same violation according to an obscure rule that no one can show or explain to me. The original offense is now _27_ days old. It feels as though I'm being recharged out of spite, or vengeance for a clerical/administrative error. If 17 days violated due process, surely _27_ days is a violation as well.

In the event I am found guilty, I ask 2 things of the hearing officer, ① To take into account, and somehow "credit" me the days served. ② To give me the least amount of time possible. I've already served _27_ days, please don't make me do 80-90 days - total - just to prove a point.

Thank you for your time.

Respectfully,
Cory Maples Z-624
A1-25A

* Attached you will find.

① Lab results from Fountain Correctional Facility.

②A
②B Request to Mr. Cullivir RE: 1st disciplinary. I.E "Will go to Court." and. disc.

③ Original disciplinary with original arrest & service dates. hearing 7/25/01

④ Questions for officer Bobby Cane.

⑤A
⑤B Questions for hearing officer.

⑥ Paper entitled "Presenting your Defense at Disciplinary hearing." Item #4 instructs me to read the 403, but re-initiate is not there.

Maples - DOC
000015

# PRESENTING YOUR DEFENSE AT DISCIPLINARY HEARINGS

1. IF YOU WISH TO MAKE A STATEMENT IN YOUR BEHALF, YOU WILL NEED TO HAVE YOUR STATEMENT IN WRITING. YOU WILL READ IT INTO THE RECORD WHEN YOU PRESENT YOUR DEFENSE.  AFTER YOU READ IT INTO THE RECORD, YOU WILL GIVE THE WRITTEN STATEMENT TO THE HEARING OFFICER. YOU WILL BE GIVEN THE OPPORTUNITY TO ADD TO YOUR STATEMENT, VERBALLY, BEFORE THE HEARING OFFICER CLOSES FOR DELIBERATION.

2. IF YOU HAVE REQUESTED WITNESSES, YOU WILL NEED TO PRESENT ALL QUESTIONS WHICH YOU WANT THE HEARING OFFICER TO ASK, IN WRITING, TO THE HEARING OFFICER.  HE WILL ASK THE QUESTIONS IF PERTINENT TO THIS CASE.  QUESTIONS, AS WELL AS YOUR STATEMENT, ARE TO BE SUBMITTED ON PAPER 8 ½ X 11 INCHES. YOU MAY USE INMATE STATIONERY, LEGAL PAPER FROM THE LAW LIBRARY OR ANY OTHER PAPER THE CORRECT SIZE.  LEAVE ENOUGH SPACE BETWEEN QUESTIONS FOR THE HEARING OFFICER TO WRITE THE ANSWERS. USE ONLY ONE SIDE OF EACH SHEET OF PAPER. YOU DO NOT HAVE THE RIGHT TO INSIST UPON A YES OR NO ANSWER; THIS IS AT THE DISCRETION OF THE HEARING OFFICER.  SUBMIT SEPARATE STATEMENTS AND QUESTIONS FOR EACH DISCIPLINARY AND EACH WITNESS.

3. IF YOU HAVE REQUESTED MORE THAN THREE WITNESSES, YOU WILL NEED TO PREPARE A WITNESS LIST, WITH A BRIEF SUMMARY OF WHAT YOU EXPECT EACH WITNESS TO TELL THE HEARING OFFICER.  THE HEARING OFFICER MAY REFUSE TO ALLOW ANY WITNESS, WHOSE TESTIMONY IS NOT RELEVANT, TO TESTIFY.

4. READ ADMINISTRATIVE REGULATION 403, WHICH IS AVAILABLE IN THE LAW LIBRARY FOR YOUR USE.

I HAVE READ THESE INSTRUCTIONS ON ___8-13-07   12:50 AM___
(DATE AND TIME)

___Refuse to sign___
INMATE'S SIGNATURE

I CERTIFY THAT I DID SERVE A COPY OF THESE INSTRUCTIONS TO THE ACCUSED ALONG WITH HIS DISCIPLINARY.

SERVING OFFICER

Maples - DOC
000016

225B

**ALABAMA DEPARTMENT OF CORRECTIONS**
**DISCIPLINARY REPORT**          <u>**RE-INITIATED**</u>

1. INMATE: **Maples,      Corey**        CUSTODY:**3G Z2 G AIS NO.W/Z624**
           Last      First      Middle        DISCIPLINARY **#HP07-724**

2. FACILITY: **W. C. Holman Correctional Facility**

3. The above inmate is being charged by **Correctional Officer Bobby Lane** with a violation of Rule **#90** specifically <u>**Consumption or use of, or under the influence of alcohol, narcotics or other intoxicants**</u> from regulation **#403** which occurred on or about <u>**July 25, 2007**</u> at (time)**10:15 AM**, Location:**Death/Row Unit**.  A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows: <u>**Inmate Corey Maples tested**</u> <u>**positive for THC (marijuana) from a random drug screen collected by Correctional**</u> <u>**Officer Bobby Lane.**</u>

Date: ___**8-21-07**___          _Bobby Lane_
                                     Arresting Officer/Signature/Rank

5. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present written or oral statement at the hearing and to present written questions for the witnesses on this the **21** day of ___**August**___, 2007 at (time)**7:44**  (am/pm).

_____          _Refused to Sign_ ___ oo
Serving Officer/Signature Rank          Inmate's Signature/AIS Number

6. Witnesses desired? (NO)_Refused to Sign_      YES_____
                   Inmate's Signature          Inmate's Signature

7. If yes, list_____

8. Hearing Date ___**8-23-07**___      Time **1:48 PM**      Place **P&Q Dayroom**

9. Inmate must be present in Hearing Room. If he/she is not present explain in detail on an additional page and attach.

10. A finding is made that inmate (is/is not) capable of representing himself.

_Sgt James English_
Signature/Hearing Officer

11. Plea _Corey Maples Z.624_      Not Guilty _____ Guilty

12. The Arresting Officer, inmate and all witnesses were sworn to tell the truth.

_Sgt James English_
Signature/Hearing Officer

13. Arresting Officer's Testimony (at the hearing):<u>I was instructed to conduct a random drug screen on all inmates in the Death Row Unit for marijuana.  I collected a urine sample from Inmate Maples and it tested positive to THC marijuana.</u>

14. Inmate's Testimony): __**See attached statement EXHIBIT A**__          ~~AUG 31 ENTD~~

Annex C to AR 403 (Page 1 of 3 pages)

Maples - DOC
000017

Witness: _____ **N/A** _____ AIS# _____ Substance of Testimony: _____

_____

Witness: _____ **N/A** _____ AIS# _____ Substance of Testimony: _____

_____

Witness: _____ **N/A** _____ AIS# _____ Substance of Testimony: _____

_____

15. The inmate was allowed to submit written questions to all witnesses. (Copy of questions and answers are attached).

*Sgt James English*
Signature/Hearing Officer

16. The following witnesses were not called:          Reason not called:
    1. _____ **N/A** _____          _____
    2. _____          _____
    3. _____          _____

17. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
    The Hearing Officer finds that: On 7-25-07 at approximately 10:15 AM in the Death Row Unit area of Holman Unit, Inmate Corey Maples W/Z624 did violate rule #90-Consumption or use of, or under the influence of alcohol, narcotics or other intoxicants.

18. Basis for Findings of Fact: The arresting Officer Bobby Lane, who stated under oath: That he collected a urine sample from Inmate Maples and it tested positive to marijuana.

_____

19. Hearing Officer's Decision: __ XX __ GUILTY _____ NOT GUILTY

20. Recommendation of Hearing Officer: The HO recommends 45DDS

_____

*Sgt James English*
Signature/Hearing Officer
James English, Correctional Sergeant
Type Name and Title

21. Warden's Action Date: **8-30-07**
    (Approved)          *W. Watson Iby, Captain*
    Disapproved
    Other (Specify) _____

22. Reason if more than 30 calendar days delay in action: _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named inmate on this __30th__ day of __August__ 2007, at time __8:52__ (AM) PM).

*Randolph Odom* CO          *Inmate Z-624*
Signature/Serving Officer/Title          Inmate's Signature/AIS Number

Maples - DOC
000018

ALDOC Form 225B                   **ALABAMA DEPARTMENT OF CORRECTIONS**
                                  **DISCIPLINARY REPORT**

1. INMATE: **Maples, Corey** CUSTODY:**MAX** AIS NO. **W/Z624**
       Last     First     Middle     DISCIPLINARY #**HP07-724**
2. FACILITY: **W. C. Holman Correctional Facility**
3. The above inmate is being charged by **Correctional Officer Bobby Lane**
   with a violation of Rule #**90** specifically **Consumption or use of, or under the**
   **influence of alcohol, narcotics, or other intoxicants** from regulation #**403** which
   occurred on or about **July 25, 2007** at (time)**10:15 AM**, Location: **Death Row Unit.** A
   hearing on this charge will be held after 24 hours from service.
4. Circumstances of the violation(s) are as follows: **Inmate Maples tested**
   **positive for THC, "marijuana", from a random drug screen collected by**
   **Correctional Officer Bobby Lane.**
   Date: _**8-13-07**_           _Bobby Lane Co_
                                  Arresting Officer/Signature/Rank
5. I hereby certify that I have personally served a copy of the foregoing upon the
   above named inmate and I informed inmate of his/her right to present written or
   oral statement at the hearing and to present written questions for the witnesses
   on this the 18th day of _AUGUST_ , 2007 at (time)_1254_ (am/pm).

   _____      REFUSE TO SIGN _____
   Serving Officer/Signature Rank        Inmate's Signature/AIS Number

6. Witnesses desired?   NO _REFUSE TO SIGN_____ YES _____
                  Inmate's Signature        Inmate's Signature
7. If yes, list_____
8. Hearing Date _**8-15-07**_       Time _**9:14 AM**_     Place **P&Q Dayroom**
9. Inmate must be present in Hearing Room. If he/she is not present explain in
   detail on an additional page and attach.
10. A finding is made that inmate (is/is not) capable of representing himself.

    _Sgt James English_
    Signature/Hearing Officer

11. Plea:_____ Not Guilty _____ Guilty
12. The Arresting Officer, inmate and all witnesses were sworn to tell the
    truth.
    _Sgt James English_
    Signature/Hearing Officer
13. Arresting Officer's Testimony (at the hearing):_____
    **Due process violation - Disciplinary was not served within 10 days.**
    _____
    _____
    _____
14. Inmate's Testimony):_____
    _____
    _____
    _____
    _____
    _____

                                        **Annex C to AR 403 (Page 1 of 3 pages)**

_Due Process Violation_

Maples - DOC
000019

Witness:_____AIS#_____Substance of Testimony:_____

_____

Witness:_____AIS#_____Substance of Testimony:_____

_____

Witness:_____AIS#_____Substance of Testimony:_____

_____

5.  The inmate was allowed to submit written questions to all witnesses. (Copy of questions and answers are attached).   *Sgt James English*
     Signature/Hearing Officer

6.  The following witnesses were not called:          Reason not called:
     1._____          _____
     2._____          _____
     3._____          _____

7.  After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
     The Hearing Officer finds that:_____

     _____

     _____

18. Basis for Findings of Fact:_____
     ___Due process violation – Disciplinary was not served within 10 days.___
     _____
     _____

19. Hearing Officer's Decision:_____ GUILTY ____XX____ NOT GUILTY

20. Recommendation of Hearing Officer: ____**None**____

     _____

                         *Sgt. James English*
                         Signature/Hearing Officer
                         **James English, Correctional Sergeant**
                         Type Name and Title

21. Warden's Action Date:_____ **8-20-07**
     Approved _____
     Disapproved_____
     Other (Specify) *Reinitiate Disciplinary Watshed by Captain*

22. Reason if more than 30 calendar days delay in action:_____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above
     named inmate on this **20** day of **Aug** 2007, at time **4:03pm** (AM / PM).

     *Thomas Bad  CO*                    *Casildal 2-624*
     Signature/Serving Officer/Title          Inmate's Signature/AIS Number

spat
10-6-05

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

# INCIDENT REPORT

| 1. Institution: W. C. Holman Correctional Facility | 2. Date: September 18, 2005 | 3. Time: 10:54 AM | 4. Incident Number: HP05-1072 | Class Code: C |
|---|---|---|---|---|
| 5. Location Where Incident Occurred: Basketball Court Death Row Exercise Yard | | 6. Type of Incident: Fighting Without a Weapon | | |
| 7. Time Incident Reported: 10:54 AM | | 8. Who Received Report: Lt. Kenneth Kirk  *Kenneth Kirk 10/6/05* | | |

| 9. Victims: | Name | | AIS |
|---|---|---|---|
| a. | N/A | No. | |
| b. | | No. | |
| c. | | No. | |

| 10. Suspects: | Name | | AIS | | 11. Witnesses: | Name | | AIS |
|---|---|---|---|---|---|---|---|---|
| a. | Corey Maples | No. | W/Z624 | | a. | N/A | No. | |
| b. | Torrey McNabb | No. | B/Z654 | | b. | | No. | |
| c. | | No. | | | c. | | No. | |
| d. | | No. | | | d. | | No. | |
| e. | | No. | | | e. | | No. | |
| | | | | | f. | | No. | |
| | | | | | g. | | No. | |

**PHYSICAL EVIDENCE:**

12. Type of Evidence
N/A

13. Description of Evidence:
N/A

14. Chain of Evidence:
a  N/A
b
c
d
e

15. Narrative Summary:

On September 18, 2005, at approximately 10:54 AM, Officers Kevin Boughner and John Brewton observed Inmates Corey Maples, W/Z624 and Torrey McNabb, B/Z654, fighting on the basketball court on the Death Row exercise yard.  Officer Boughner called out on the radio, "Code       Death Row exercise yard."  Lt. Kenneth Kirk and segregation and population officers responded.  Officer Boughner yelled out loud twice to Inmates Maples and McNabb to stop fighting or they would be sprayed.  Inmate McNabb complied by raising his arms up in the air and quit fighting.  Inmate Maples threw one more punch towards Inmate McNabb, not making any contact.  Then inmate Maples complied by raising his arms in the air and quit fighting.  Officer Boughner detained Inmate McNabb and Officer Brewton detained Inmate Maples.  Officer Jimmy Kilcrease escorted Inmate Maples off the Death Row exercise yard to the Health Care Unit for screening and medical attention and then returned him to cell 5D14 without further incident.  Officer James Ferrell escorted Inmate McNabb off the Death Row exercise yard to the Health Care Unit for screening and medical attention and then returned him to cell 8U5 without further incident.

Distribution:   ORIGINAL AND ONE (1) COPY to Central I & I Division        COPY to Deputy Commissioner of Operations (Class A and B ONLY)
COPY to Institutional File                                                                       COPY to Central Records Office

**ADOC Form 302-A – June 1, 2005**

Maples - DOC
000021

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

## INCIDENT REPORT/DUTY OFFICER REPORT
## CONTINUATION

| Institution:<br>**W. C. Holman Correctional Facility** | Incident Number:<br>**HP05-1072** | Class Code:<br>**C** |
|---|---|---|
| Date:<br>September 18, 2005 | Type of Incident:<br>**Fighting Without a Weapon** | |

Narrative Summary (Continued) Page No. 2

Both inmates, Maples and McNabb will receive disciplinary action for fighting without a weapon, rule violation #35.

Inmate Maples and McNabb have been placed on Death Row Single Walk by order of Lt. Kirk. No use of force or chemical agent was used in this incident.

_(signature)_ COI    COI Kevin Boughner

**Statement of Officer John Brewton**

On September 18, 2005, I, COI John K. Brewton was assigned to the Death Row group walk. During the 5 & 8 side group walks the following incident occurred.

At approximately 10:54 AM, while playing basketball, Inmate Torrey McNabb, B/Z654 and Inmate Corey Maples, W/Z624, were observed fighting. COI Kevin Boughner and I responded by running to the basketball court. COI Boughner gave a loud verbal command, "Stop fighting or I will spray." I observed Inmate McNabb stop fighting and put both hands in the air. Inmate Maples took approximately one more swing at Inmate McNabb, then stopped. I escorted Inmate Maples from the basketball court (no force or chemical agents were used) and turned him over to COI Jimmy Kilcrease.

_(signature)_    COI John Brewton

ADOC Form 302-B – June 1, 2005

Maples - DOC
000022

5-D-11

ALDOC Form 225B        **ALABAMA DEPARTMENT OF CORRECTIONS**
                                  **DISCIPLINARY REPORT**

1. INMATE: Maples, Corey        CUSTODY: MAX      AIS NO. W/Z624
        Last       First       Middle         DISCIPLINARY # HP05-1072

2. FACILITY: W. C. Holman Correctional Facility

3. The above inmate is being charged by COI Kevin Boughner
with a violation of Rule # __35__ specifically Fighting without a weapon
from regulation # __403__ which occurred on or about
__September 18__, 2005 at (time) __10:54 a.m.__,       Location:
Basketball court Death Row exercise yard __. A hearing on this
charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows: __You, inmate Corey Maples,__
__did engage in fighting with inmate Torrey McNabb.__

Date: __9/26/05__             _Kai Boughner COI_
                           Arresting Officer/Signature/Rank

5. I hereby certify that I have personally served a copy of the foregoing upon the
above named inmate and I informed inmate of his/her right to present written or
oral statement at the hearing and to present written questions for the witnesses
on this the __26th__ day of __September__, 2005 at (time) __12:41__ (am/pm)

_Serving Officer/Signature Rank_          _Cory Maples Z-624_
                                    Inmate's Signature/AIS Number

6. Witnesses desired?   NO _Cory Maples_        YES _____
                    Inmate's Signature           Inmate's Signature

7. If yes, list _____

8. Hearing Date __9/30/05__    Time __7:45 Am__ Place __LT. OFFICE SEG__

9. Inmate must be present in Hearing Room. If he/she is not present explain in
detail on an additional page and attach.

10. A finding is made that inmate (is/is not) capable of representing himself.

                  _Donald R. Nelson COI_
                  Signature/Hearing Officer

11. Plea: _____ Not Guilty _Cory w Maples_ _____ Guilty.

12. The Arresting Officer, inmate and all witnesses were sworn to tell the
truth.
                  _Donald R. Nelson_
                  Signature/Hearing Officer

13. Arresting Officer's Testimony (at the hearing): __On the date and time in__
__question, Officer Brewton and I were out on the group walk. Inmates__
__Maples and McNabb were playing basketball with several other inmates.__
__All of a sudden inmates Maples and McNabb began fighting. We ran to the__
__area and broke up the fight.__

14. Inmate's Testimony: __Guilty.__

                                       **OCT 1 2 ENTD**

                          Annex C to AR 403 (Page 1 of 3 pages)

Maples - DOC
000023

Witness: _____ N/A _____ Substance of Testimony: _____
_____
_____
_____

Witness: _____ N/A _____ Substance of Testimony: _____
_____
_____

Witness: _____ N/A _____ Substance of Testimony: _____
_____
_____

15. The inmate was allowed to submit written questions to all witnesses.
Copy of questions and answers are attached _____ _Donald X. Odom_ COI
                                           Signature/Hearing Officer

16. The following witnesses were not called - Reason not called
    1. _____ N/A _____     _____
    2. _____ _____
    3. _____ _____

17. After hearing all testimony, the Hearing Officer makes the following
    findings of fact: (Be Specific) The Hearing Officer finds that: On 9/18/05 at
    approximately 10:54 a.m. in the Death Row exercise yard area of Holman
    Unit, inmate Corey Maples W/Z624 did violate rule #35, Fighing without a
    weapon.
    _____

18. Basis for Findings of Fact: The testimony of the A.O., COI Kevin Boughner,
    who stated under oath that inmate Maples did engage in a fight with
    inmate Torrey McNabb. Also on a plea of guilty by inmate Maples.
    _____
    _____

19. Hearing Officer's Decision: _____✓_____ Guilty _____ Not guilty

20. Recommendation of Hearing Officer: 30 days disciplinary segregation; 30 days
    loss of store, phone, and visits.
    _____
    _____

                                   _Donald X. Odom_ COI
                                   Signature/Hearing Officer
                                   Donald Odom, COI
                                   Type Name and Title

21. Warden's Action Date: 10-3-05
    Approved _Patterson_
    Disapproved _____
    Other (Specify) _____

22. Reason if more than 30 calendar days delay in action: _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report
    was served on the above named inmate on this _4_ day of _OCTOBER_ 2005,
    at time) _1:55 A.N._ (am/pm).

    _____Signature_____              _Corey Maples_ 2-624
    Signature/Serving Officer/Title   Inmate's Signature/AIS Number

                Annex C to AR 403 (page 2 of 3)     AR 403 January 30, 2003

Maples - DOC
000024

**STATE OF ALABAMA**
**BOARD OF CORRECTIONS**

N601
D of C                    INSTITUTIONAL INCIDENT REPORT
DOC No. 601 (REV. 4/81)

| Institution: W.C. Holman Correctional Facility | 2. Date: 06/03/05 | 3. Time: 8:45 a.m. | 4. Incident Number HP05-0633 |
|---|---|---|---|

| 5. Location Where Incident Occurred: Visiting Yard | 6. Type of Incident: Termination of Visit - Removal of visitor from visiting list |
|---|---|

| 7. Time Incident Reported: 8:50 a.m. | 8. Who Received Report: Grantt Culliver, Warden III  _Gtt Cul— 6/23/05_ |
|---|---|

9. Victim:  a.  ___N/A___                                       No. _____
           b.  _____        _____

10. Suspects:                              11. Witnesses:  a.  N/A          No. _____
                                                          b.  _____   No. _____
a.  N/A          No. _____                              c.  _____   No. _____
b.  _____     No. _____                              d.  _____   No. _____
c.  _____     No. _____                              e.  _____   No. _____
d.  _____     No. _____                              f.  _____   No. _____
e.  _____     No. _____                              g.  _____   No. _____

Physical Evidence:
12. Type of Evidence:          N/A

13. Description of Evidence   N/A

14. Chain of Evidence:  _____
a.  N/A
b.  _____
c.  _____
d.  _____

Narrative Summary:
On 6/3/05 at approximately 8:40am, Lt. John Crow received a phone call from an unidentified male caller who advised that Ms. _____ was going to visit inmate Corey Maples W/Z624 this morning. The unidentified caller advised that Ms. _____ was an ex-inmate who had been convicted of trafficking drugs and shouldn't be allowed to visit. Lt. Crow advised the caller that the matter would be checked out. Lt. Crow checked inmate Maples visiting list and found that Ms. _____ Social Security _____ was on inmate Maples list and was already on the visiting yard visiting inmate Maples. Lt. Crow ran a check on Ms. _____ social security number and found that she had been incarcerated under the name of _____ W/F _____ for Trafficking cannabis < 2000lbs and had been released from prison on 8/9/02 _____ At approximately 8:50am, Lt. Crow reported the incident to Warden Grantt Culliver. Warden Culliver advised to terminate the visit and have Ms. _____ name removed from inmate Maples visiting list because inmate Maples did not reveal the fact that Ms. _____ was an ex-felon. At approximately 8:55am, Lt. Crow called inmate Maples off the visiting yard and advised him that his visit was being terminated and that Ms. _____ was being taken off his visiting list. Lt. Crow advised inmate Maples that he could request to Warden Culliver to have Ms.

DISTRIBUTION:        **ORIGINAL  Investigation and Inspection Division**
 _Cul 6/23/9_          **COPY to Deputy Commissioner, Institutions**
                      **COPY to Institutional File**
                      **COPY to Central Records File**

Maples - DOC
000025

N 602

|  | CONTINUATION SHEET |
| --- | --- |
|  | Incident Number: HP05-0633 |
|  | Type of Incident: Termination of Visit - Removal of visitor from visiting list |
| Date: 06/03/05 | |

Narrative Summary (Continued) Page No. 2

placed back on his list but to make sure he advised the Warden that she was an ex-felon. COI James Ferrell conducted a strip search on inmate Maples with negative contraband found and escorted him back to the Death Row unit. Lt. Crow then went to the front of the visiting yard and called Ms.         off the visiting yard and explained the same thing to her and escorted her out the Front Gate. Ms.         name was removed from inmate Maples visiting list.  No further action taken.

_John Crow COSI 6/30/05_
John Crow, COSI

Maples - DOC
000026

R-9                              HOLMAN PRISON

                          SEGREGATION INFORMATION SHEET

INMATE _Bruce Hill_                    AIS# _L/138707N_

IS BEING PLACED IN SEGREGATION ON (DATE AND TIME) _5/30/01  2⁰⁰_ AM/(PM)

STATUS:      (X) PLACED IN DISCIPLINARY SEGREGATION
             ( ) PLACED IN ADMINISTRATIVE SEGREGATION
             ( ) PROTECTIVE CUSTODY SEGREGATION
             ( ) DISCIPLINARY ACTION PENDING
             ( ) PENDING INVESTIGATION

REASON(S) & OTHER PERSON(S) INVOLVED: _Per Capt Pouncey -_
_Insubordinnation, Threats_

_____

_____

_____


SEGREGATION PER ORDERS OF: _Cpt  Pouncey_

NAME OF PROCESSING OFFICER: _H Kirk CO1_

FROM: _5-16 0_                    TO: _13 & 14_

INMATE SIGNATURE: _Bruce Hill 138707_

WITNESS: _Scott Kirk CO1_

****************************************************************

72 HOUR STATUS REVIEW                              AM/PM
                                    _____
                                       DATE/TIME

( ) REMAIN IN SEGREGATION (STATE REASON BELOW)
( ) PROCESS WITH FORM 85 ACTION
( ) DISCIPLINARY HAS BEEN SERVED
( ) INVESTIGATION IS IN PROGRESS
( ) RELEASE TO POPULATION

COMMENTS: _____

_____

_____

                              _____
                              SIGNATURE (WARDEN OR DESIGNEE)

cc: 1 copy to Classification
    1 copy to Receiving

Maples - DOC
000027

STATE OF ALABAMA
BOARD OF CORRECTIONS

INSTITUTIONAL INCIDENT REPORT

**N601**
D of C
DOC No. 601 (REV. 4/81)

| 1. Institution: Holman C. F. | 2. Date: 4/12/00 | 3. Time: 4:25 p.m. | 4. Incident Number HP00-0364 |
|---|---|---|---|

| 5. Location Where Incident Occurred: Holman Correctional Facility | 6. Type of Incident: Consumption or use of narcotics or other intoxicants |
|---|---|

| 7. Time Incident Reported: 3:15 p.m. | 8. Who Received Report: Deputy Warden Grant Culliver |
|---|---|

9. Victim:  a. _____ No _____
           b. _____ No _____

| 10. Suspects: | | 11. Witnesses: | |
|---|---|---|---|
| a. Dill, Jimmy B/M          No. Z502 | | a. _____ No. _____ |
| b. Kuenzel, William W/M     No. Z489 | | b. _____ No. _____ |
| c. Maples, Corey W/M        No. Z624 | | c. _____ No. _____ |
| d. Dallas, Donald W/M       No. Z588 | | d. _____ No. _____ |
| e. _____  No. _____ | | e. _____ No. _____ |
| | | f. _____ No. _____ |
| | | g. _____ No. _____ |

Physical Evidence:
12. Type of Evidence: __Urine Specimen__

13. Description of Evidence    Urine specimens collected in individual specimen cups which were marked with the inmate's name, AIS number and were sealed with evidence tape

14. Chain of Evidence:
a. __Inmate Jimmy Dill/William Kuenzel/Corey Maples__
b. __Freddie C. Howard, COI__
c. __Grantt Culliver, Asst. Warden, Locked closet in office__
d. __Greg Pierce, COI and then to Terry Quarker, COI Fountain Correctional Center__

Narrative Summary: On 4/11/00, Officer Freddie C. Howard was instructed by Sgt. Willie E. Lewis to collect urine specimens from thirty (30) inmates. Urine specimens were collected from twenty-nine (29) inmates using the proper collection method. One (1) inmate Donald Dallas, W/Z588, refused to give a urine specimen for drug screening. On April 12, 2000, at approximately 10:28 a.m. the specimens were tested at the Fountain Correctional Center drug testing room. Urine specimens were collected from inmates Jimmy Dill, B/Z502, William Kuenzel, W/Z489, and Corey Maples, W/Z624, on 4/11/00 using the proper collection method and chain of evidence procedure. Inmates Dill, Kuenzel, and Maples urine specimens were given to Terry Quarker, COI, a trained operator on the Roche Cobas Mira Plus Analyzer. On 4/12/00 inmate Dill's urine specimen tested positive for marijuana at 10:26 a.m., inmate Kuenzel's specimen tested positive for marijuana at approximately 10:27 a.m. and inmate Maples tested positive for marijuana at approximately 10:28 a.m.

DISTRIBUTION:     ORIGINAL  Investigation and Inspection Division
                  COPY to Deputy Commissioner, Institutions
                  COPY to Institutional File
                  COPY to Central Records File



Maples - DOC
000028

N 602

| CONTINUATION SHEET | |
|---|---|
| | Incident Number: HP00-0364 |
| | Type of Incident: **Consumption or use of drugs** |
| Date: 4/12/00 | |

Narrative Summary (Continued) Page No.

**Officer Quarker a trained operator reported positive results to Officer Howard at approximately 3:15 p.m. on 4/12/00. Inmates Dill, Kuenzel and Maples will receive a citation for rule violation #90, Consumption or use of unauthorized narcotic substance. Inmate Donald Dallas will receive a citation for refusing to obey a direct order, rule #56, refusing to give a urine specimen for drug screening.**

Freddie C. Howard, COI

# ALABAMA DEPARTMENT OF CORRECTIONS
## MAJOR INSTITUTIONS - BEHAVIOR CITATION

INCIDENT REPORT # 364

INMATE *Cory Maples*     RACE/AIS *W7 624*     BED *50 4*
FACILITY *Holman*     JOB ASGMT._____     CUSTODY_____

The above named inmate is cited by *Franklin E. Hammil COI*_____ for the following violation(s) of institutional/departmental rule(s) as described:

RULE #: *90*     VIOLATION: *Consumption or use of, unauthorized substance*

STATEMENT: *Officer Franklin Hammil COI collected urine specimen from inmate Cory Maples W7 624 on 4/11/2000 using Proper Collection & Chain of evidence Procedure. Terry Drinker Turned specimen Tested Cory Maples urine Specimen on 4/12/2000 @ 1028 am Maples Specimen Tested Pos. ivo to Marijuana*

Date of Infraction: *4/12/2000*     Time of Infraction: *10:28 Am*

*Franklin E. Hammil COI*
Citing Employee's Signature/Date

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I have investigated the circumstances surrounding this citation and recommend that the following sanction(s) be taken against this inmate:

( ) Counseling/Warning     (✓) Loss of Telephone Privileges for __45__ days
(✓) Loss of Canteen Privileges for _45_ days     (✓) Removal from Incentive Program
(✓) Loss of Visiting Privileges for _45_ days     (✓) Removed from Hobby Craft Prog.
( ) Extra Duty for _____ days at _____ hours per day under supervision of _____ shift
( ) Wear Pink Inmate Clothing for _____ days (Indecent Exposure/Exhibitionism)\*\*
( ) Removal from good time earning status     ( ) Referral to Classification for custody review.
(✓) *Single walk & shower 45 days*     (✓) *Loss of T.V. 45 days*
*E. Crum COSI 4/14/00*

_____     _____
Inmate's Signature/AIS/Date     Shift Supervisor's Signature/Title/Date

\*\*Wearing of PINK CLOTHING must be approved by the Warden.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

After having reviewed this citation and the recommended sanction(s) presented, the following action is approved:
( ) Citation and sanctions are approved
(✗) Citation and sanctions are approved as modified below.
*All sanctions approved except single walk, shower and TV*
_____

( ) Citation and sanctions are disapproved and formal disciplinary action is to be immediately initiated under the provisions of ADOC AR 403.
( ) Citation and sanctions are disapproved. Expunge action from inmate's file.

_4/25/00_     *Grant Culliver 5/1/00*
Effective Dates of Sanctions     Warden/Designee's Signature/Date
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Inmates Receipt of completed action: *Cory Maples*
Serving Officer's initials: *T.P.*     _____
Inmate's Signature/AIS/Date
DISTRIBUTION: ( ) Classification (original) ( ) Shift Cmdr ___Shift ( ) Bus. Office ( ) ICS ( ) Telephone
( ) Central Records ( ) File ( ) Visitation ( ) Hobby Craft ( ) Seg. Unit

Maples - DOC
000030

Attachment 1
(Revised 3/90)

# SEGREGATION 30—DAY REVIEW

Date: 8/1/98

INSTITUTION: HOLMAN CORRECTIONAL FACILITY

SUBJECT: Segregation Unit Psychological review of: Corey Maples

AIS #: Z624

Unit: HOLMAN SEGREGATION UNIT

To: XX Institutional File                    XX Director of Treatment
         ___ Contract Psychologist/Associate        ___ Medical Unit

(Medical Difficulties : _____ )

| SEGREGATED HOUSING INFORMATION | Housed in: [ ] Death Row: [X] Inmate was placed in segregated housing on | Admin. Detention [ ] Disciplinary Seg. 11-21-97 | |
|---|---|---|---|
| BASIS OF REPORT | X Inmate was interviewed. Other staff were consulted and, where deemed necessary, institutional records were reviewed. | | Inmate refused to be interviewed, but was observed. Other staff were consulted and, when deemed appropriate relevant institutional records were reviewed. |
| CURRENT MENTAL STATUS | X Inmate's current mental, emotional, or behavioral reactions reflect no significant mental problems. | | Inmate's current mental, emotional, or behavioral reactions reflect significant mental problems. |
| ADJUSTMENT TO SURROUNDINGS | X Satisfactory. Segregated housing does not appear to be detrimental to inmate's mental health. | Unsatisfactory. However, segregated housing is not a major contributor to present adjustment problems. | Unsatisfactory. Segregated housing appears to be detrimental to inmate's mental health. |
| GROOMING AND LIVING AREA | X APPROPRIATE | | |
| MOOD OR THOUGHT DISORDERS NOTED | X NONE | | |
| OTHER OBSERVATIONS/ COMMENTS (if any) | Stable | | |
| RECOMMENDA-TIONS (if any) | Continue monitoring | | |

Richard E. Holbrook M.S. L.P.C.
Psychologist Signature

Maples - DOC
000031

Attachment 1
(Revised 3/90)

# SEGREGATION 30—DAY REVIEW

Date: 7/1/98

INSTITUTION: __HOLMAN CORRECTIONAL FACILITY__

SUBJECT: Segregation Unit Psychological review of: *Corey Maples*

AIS #: *Z 624*

Unit: __HOLMAN SEGREGATION UNIT__

To: __XX__ Institutional File          __XX__ Director of Treatment

         ____ Contract Psychologist/Associate          ____ Medical Unit

(Medical Difficulties _____ )

| SEGREGATED HOUSING INFORMATION | Housed in: [ ]   Admin. Detention [ ]   Disciplinary Seg. |
|---|---|
| | Death Row: [X]  Inmate was placed in segregated housing on  **11-21-97** |

| BASIS OF REPORT | X | Inmate was interviewed. Other staff were consulted and, where deemed necessary, institutional records were reviewed. | | Inmate refused to be interviewed, but was observed. Other staff were consulted and, when deemed appropriate relevant institutional records were reviewed. |
|---|---|---|---|---|
| CURRENT MENTAL STATUS | ✓ | Inmate's current mental, emotional, or behavioral reactions reflect no significant mental problems. | | Inmate's current mental, emotional, or behavioral reactions reflect significant mental problems. |
| ADJUSTMENT TO SURROUNDINGS | ✓ | Satisfactory. Segregated housing does not appear to be detrimental to inmate's mental health. | Unsatisfactory. However, segregated housing is not a major contributor to present adjustment problems. | Unsatisfactory. Segregated housing appears to be detrimental to inmate's mental health. |
| GROOMING AND LIVING AREA | ✓ | APPROPRIATE | | |
| MOOD OR THOUGHT DISORDERS NOTED | ✓ | NONE | | |

OTHER OBSERVATIONS/ COMMENTS (if any)  *No s/sn but but stable*

RECOMMENDA- TIONS (if any)  *Continue monitoring*

*Richard C. Holbrook* M.S. L.P.C.

Psychologist Signature

Maples - DOC
000032

Attachment 1
(Revised 3/90)

# SEGREGATION 30—DAY REVIEW

Date: 6/9/98

INSTITUTION: HOLMAN CORRECTIONAL FACILITY

SUBJECT: Segregation Unit Psychological review of: Corey Maples

AIS #: 2624

Unit: HOLMAN SEGREGATION UNIT

To: _XX_ Institutional File          _XX_ Director of Treatment

_____ Contract Psychologist/Associate          _____ Medical Unit

(Medical Difficulties _____ )

| SEGREGATED HOUSING INFORMATION | Housed in: [ ]  Death Row: [X]  Inmate was placed in segregated housing on | Admin. Detention [ ] Disciplinary Seg. [ ] |
|---|---|---|
| BASIS OF REPORT | **X** Inmate was interviewed. Other staff were consulted and, where deemed necessary, institutional records were reviewed. | [ ] Inmate refused to be interviewed, but was observed. Other staff were consulted and, when deemed appropriate relevant institutional records were reviewed. |
| CURRENT MENTAL STATUS | **X** Inmate's current mental, emotional, or behavioral reactions reflect no significant mental problems. | [ ] Inmate's current mental, emotional, or behavioral reactions reflect significant mental problems. |
| ADJUSTMENT TO SURROUNDINGS | **X** Satisfactory. Segregated housing does not appear to be detrimental to inmate's mental health. | [ ] Unsatisfactory. However, segregated housing is not a major contributor to present adjustment problems.   [ ] Unsatisfactory. Segregated housing appears to be detrimental to inmate's mental health. |
| GROOMING AND LIVING AREA | **X** APPROPRIATE | |
| MOOD OR THOUGHT DISORDERS NOTED | **X** NONE | |

OTHER OBSERVATIONS/ COMMENTS (if any)  Stable
Rapport since 1X1 sessions

RECOMMENDA-TIONS (if any)  continue monitoring
1X1 Counseling

_Richard C. Hallworth_ M.S. L.P.C.
Psychologist Signature

Maples - DOC
000033

i

Attachment 1
(Revised 3/90)

## SEGREGATION 30—DAY REVIEW

Date: 4/30/99

INSTITUTION: HOLMAN CORRECTIONAL FACILITY

SUBJECT: Segregation Unit Psychological review of: Corey Maples

AIS #: Z 624

Unit: HOLMAN SEGREGATION UNIT

To: **XX** Institutional File          **XX** Director of Treatment

_____ Contract Psychologist/Associate          _____ Medical Unit

(Medical Difficulties _____ )

| SEGREGATED HOUSING INFORMATION | Housed in: [ ]          Admin. Detention [ ]          Disciplinary Seg.<br>Death Row: [X]<br>Inmate was placed in segregated housing on [ ] |
|---|---|

| BASIS OF REPORT | **X** Inmate was interviewed. Other staff were consulted and, where deemed necessary, institutional records were reviewed. | Inmate refused to be interviewed, but was observed. Other staff were consulted and, when deemed appropriate relevant institutional records were reviewed. |
|---|---|---|

| CURRENT MENTAL STATUS | [X] Inmate's current mental, emotional, or behavioral reactions reflect no significant mental problems. | Inmate's current mental, emotional, or behavioral reactions reflect significant mental problems. |
|---|---|---|

| ADJUSTMENT TO SURROUNDINGS | [X] Satisfactory. Segregated housing does not appear to be detrimental to inmate's mental health. | Unsatisfactory. However, segregated housing is not a major contributor to present adjustment problems. | Unsatisfactory. Segregated housing appears to be detrimental to inmate's mental health. |
|---|---|---|---|

| GROOMING AND LIVING AREA | [X] APPROPRIATE |
|---|---|

| MOOD OR THOUGHT DISORDERS NOTED | [X] NONE |
|---|---|

| OTHER OBSERVATIONS/ COMMENTS (if any) | Stahl |
|---|---|

| RECOMMENDA- TIONS (if any) | Continue monitoring |
|---|---|

Richard E. Holbrook M.S. L.P.C.
Psychologist Signature

Maples - DOC
000034

i

Attachment 1
(Revised 3/90)

# SEGREGATION 30—DAY REVIEW

Date: 3/31/98

INSTITUTION: HOLMAN CORRECTIONAL FACILITY

SUBJECT: Segregation Unit Psychological review of: *Corey Maples*

_____ AIS #: Z 624

Unit: HOLMAN SEGREGATION UNIT

To: XX Institutional File          XX Director of Treatment

_____ Contract Psychologist/Associate          _____ Medical Unit

(Medical Difficulties : _____ )

| SEGREGATED HOUSING INFORMATION | Housed in: | ∅ | Admin. Detention | | Disciplinary Seg. |
|---|---|---|---|---|---|
| | Death Row: | ∅ | | | |
| | Inmate was placed in segregated housing on | | | | |

| BASIS OF REPORT | X | Inmate was interviewed. Other staff were consulted and, where deemed necessary, institutional records were reviewed. | | Inmate refused to be interviewed, but was observed. Other staff were consulted and, when deemed appropriate relevant institutional records were reviewed. |
|---|---|---|---|---|

| CURRENT MENTAL STATUS | ∅ | Inmate's current mental, emotional, or behavioral reactions reflect no significant mental problems. | | Inmate's current mental, emotional, or behavioral reactions reflect significant mental problems. |
|---|---|---|---|---|

| ADJUSTMENT TO SURROUNDINGS | ∅ | Satisfactory. Segregated housing does not appear to be detrimental to inmate's mental health. | | Unsatisfactory. However, segregated housing is not a major contributor to present adjustment problems. | | Unsatisfactory. Segregated housing appears to be detrimental to inmate's mental health. |
|---|---|---|---|---|---|---|

| GROOMING AND LIVING AREA | ∅ | APPROPRIATE |
|---|---|---|

| MOOD OR THOUGHT DISORDERS NOTED | ∅ | NONE |
|---|---|---|

OTHER OBSERVATIONS/ COMMENTS (if any)    *Works — Stable*

RECOMMENDA-TIONS (if any)    *Continue monitoring*

*Richard C. Holbrook* M.S. L.P.C.
Psychologist Signature

Maples - DOC
000035

Attachment 1
(Revised 3/90)

## SEGREGATION 30—DAY REVIEW

Date: 2/28/98

INSTITUTION: HOLMAN CORRECTIONAL FACILITY

SUBJECT: Segregation Unit Psychological review of: Corey Maples

AIS #: Z624

Unit: HOLMAN SEGREGATION UNIT

To: XX Institutional File     XX Director of Treatment

___ Contract Psychologist/Associate     ___ Medical Unit

(Medical Difficulties _____ )

| SEGREGATED HOUSING INFORMATION | Housed in: [ ]     Admin. Detention [ ]     Disciplinary Seg.<br>Death Row: [✓]<br>Inmate was placed in segregated housing on [ ] | | |
|---|---|---|---|
| BASIS OF REPORT | [X] Inmate was interviewed. Other staff were consulted and, where deemed necessary, institutional records were reviewed. | [ ] Inmate refused to be interviewed, but was observed. Other staff were consulted and, when deemed appropriate relevant institutional records were reviewed. | |
| CURRENT MENTAL STATUS | [X] Inmate's current mental, emotional, or behavioral reactions reflect no significant mental problems. | [ ] Inmate's current mental, emotional, or behavioral reactions reflect significant mental problems. | |
| ADJUSTMENT TO SURROUNDINGS | [X] Satisfactory. Segregated housing does not appear to be detrimental to inmate's mental health. | [ ] Unsatisfactory. However, segregated housing is not a major contributor to present adjustment problems. | [ ] Unsatisfactory. Segregated housing appears to be detrimental to inmate's mental health. |
| GROOMING AND LIVING AREA | [X] APPROPRIATE | | |
| MOOD OR THOUGHT DISORDERS NOTED | [X] NONE | | |
| OTHER OBSERVATIONS/ COMMENTS (if any) | fair adjustment | | |
| RECOMMENDA-TIONS (if any) | Continue monitoring | | |

Richard C. Holbrook M.S. L.P.C.
Psychologist Signature

Maples - DOC
000036

ALABAMA JUDICIAL DATA CENTER
MORGAN COUNTY
TRANSCRIPT OF RECORD
CONVICTION REPORT

CC 95 000842.00
JUDGE GLENN THOMPSON

CIRCUIT COURT OF MORGAN COUNTY

COURT ORI: 052015 J

DC NO: 9500204200

STATE OF ALABAMA ~ VS.

MAPLES COREY          ALIAS:
MORGAN CO JAIL        ALIAS:
P O BOX 668
DECATUR  AL  35602

G J:  7525
SSN:      5716
SID:  000000000
AIS:

DOB:        '74    SEX: M   HT: 0 00    WT: 000   HAIR:          EYE:

RACE: (X)W ( )B ( )O   COMPLEXION: _____   AGE: ____   FEATURES: ____

DATE OFFENSE: 00/00/00   ARREST DATE: 08/02/95   ARREST ORI: MCSD

CHARGES @ CONV          CITES           OFF CLASS: (X)A ( )B ( )C
MURDER CAPITAL          13A-005-040
MURDER CAPITAL          13A-005-040

JUDGE: JUDGE GLENN THOMPSON        PROSECUTOR: BURRELL, ROBERT L

PROBATION APPLIED   GRANTED  DATE    REARRESTED DATE  REVOKED  DATE
( )Y( )N _____   ( )Y( )N _____   ( )Y( )N _____   ( )Y( )N _____

ACT 754-76                  IMPOSED    SUSPENDED    TOTAL    JAIL CREDIT
( )Y (X)N   CONFINEMENT:  00 00 000   00 00 000   00 00 000   00 00 000
            PROBATION:    00 00 000

DATE SENTENCED: 11/21/97      SENTENCE BEGINS:    11/21/97

| PROVISIONS | COSTS/RESTITUTION | DUE | ORDERED |
|---|---|---|---|
| PENITENTIARY | RESTITUTION | $0.00 | $0.00 |
| D E A T H | ATTORNEY FEE | $0.00 | $0.00 |
| | CRIME VICTIMS | $0.00 | $0.00 |
| | COST | $0.00 | $0.00 |
| | FINE | $0.00 | $0.00 |
| | MUNICIPAL FEES | $0.00 | $0.00 |
| | DRUG FEES | $0.00 | $0.00 |
| | ADDTL DEFENDANT | $0.00 | $0.00 |
| | DA FEES | $0.00 | $0.00 |
| | COLLECTION ACCT | $0.00 | $0.00 |
| | JAIL FEES | $0.00 | $0.00 |
| | TOTAL | $0.00 | $0.00 |

APPEAL DATE      SUSPENDED       AFFIRMED        REARREST
( )Y( )N _____  ( )Y( )N _____  ( )Y( )N _____  ( )Y( )N _____

REMARKS:

THIS IS TO CERTIFY THAT THE
ABOVE INFORMATION WAS EXTRACTED
FROM OFFICIAL COURT RECORDS AND
AND IS TRUE AND CORRECT.

SEE ATTACHED ORDER.

CIRCUIT CLERK

11/21/97

OPERATOR: VIH
PREPARED: 11/21/97

Maples - DOC
000037

ACT 35 9                    ALABAMA JUDICIAL DATA CENTER
                                   MORGAN COUNTY
                               TRANSCRIPT OF RECORD
                                CONVICTION REPORT

                                                        CC 95 000842..00
                                                        JUDGE GLENN THOMPSON

```
CIRCUIT COURT OF MORGAN COUNTY                    COURT ORI: 052015 J

STATE OF ALABAMA ~ VS.                           DC NO: 9500204200

MAPLES COREY              ALIAS:            G J:    7525
MORGAN CO JAIL            ALIAS:            SSN:        -5716
P O BOX 668                                SID:    000000000
DECATUR  AL  35602                         AIS:

DOB:       74    SEX: M    HT: 0 00    WT: 000   HAIR:          EYE:

RACE: (X)W ( )B ( )O    COMPLEXION:          AGE:          FEATURES:

DATE OFFENSE: 00/00/00   ARREST DATE: 08/02/95   ARREST ORI: MCSD

     CHARGES @ CONV           CITES          OFF CLASS: (X)A ( )B ( )C
MURDER CAPITAL           13A-005-040
MURDER CAPITAL           13A-005-040

JUDGE: JUDGE GLENN THOMPSON      PROSECUTOR: BURRELL, ROBERT L

PROBATION APPLIED   GRANTED   DATE    REARRESTED DATE   REVOKED  DATE

 ( )Y( )N           ( )Y( )N _____  ( )Y( )N _____  ( )Y( )N _____

ACT 754-76             IMPOSED    SUSPENDED    TOTAL    JAIL CREDIT
 ( )Y (X)N  CONFINEMENT: 00 00 000  00 00 000  00 00 000  00 00 000
            PROBATION :  00 00 000             00 00 000

DATE SENTENCED: 11/21/97    SENTENCE BEGINS:    11/21/97

PROVISIONS              COSTS/RESTITUTION        DUE       ORDERED

PENITENTIARY           RESTITUTION             $0.00       $0.00
D E A T H              ATTORNEY FEE            $0.00       $0.00
                       CRIME VICTIMS          $0.00       $0.00
                       COST                    $0.00       $0.00
                       FINE                    $0.00       $0.00
                       MUNICIPAL FEES          $0.00       $0.00
                       DRUG FEES               $0.00       $0.00
                       ADDTL DEFENDANT         $0.00       $0.00
                       DA FEES                 $0.00       $0.00
                       COLLECTION ACCT         $0.00       $0.00
                       JAIL FEES               $0.00       $0.00

                       TOTAL                   $0.00       $0.00

APPEAL DATE      SUSPENDED        AFFIRMED        REARREST

 ( )Y( )N _____  ( )Y( )N _____  ( )Y( )N _____  ( )Y( )N _____

REMARKS:                          THIS IS TO CERTIFY THAT THE
                                  ABOVE INFORMATION WAS EXTRACTED
                                  FROM OFFICIAL COURT RECORDS AND
                                  AND IS TRUE AND CORRECT.

SEE ATTACHED ORDER.

                                  CIRCUIT CLERK

                                  11/21/97
```

OPERATOR: VIH
PREPARED: 11/21/97

Maples - DOC
000038

ACS359

ALABAMA JUDICIAL DATA CENTER
MORGAN COUNTY
TRANSCRIPT OF RECORD
CONVICTION REPORT

CC 95 000842.00
JUDGE GLENN THOMPSON

---

CIRCUIT COURT OF MORGAN COUNTY | COURT ORI: 052015 J

STATE OF ALABAMA        VS. | DC NO: 9500204200

MAPLES COREY               ALIAS: | G J:  7525
MORGAN CO JAIL             ALIAS: | SSN:        5716
P C BOX 668 | SID:   000000000
DECATUR  AL  35602 | AIS:

DOB:    74   SEX: M   HT: 0 00   WT: 000   HAIR:        EYE:

RACE: ( X ) W ( ) B ( ) O   COMPLEXION: _____   AGE: _____   FEATURES: _____

DATE OFFENSE: 00/00/00   ARREST DATE: 08/02/95   ARREST ORI: MCSD

| CHARGES @ CONV | CITES | OFF CLASS: ( X ) A ( ) B ( ) C |
|---|---|---|
| MURDER CAPITAL | 13A-005-040 | |
| MURDER CAPITAL | 13A-005-040 | |

JUDGE: JUDGE GLENN THOMPSON        PROSECUTOR: BURRELL, ROBERT L.

PROBATION APPLIED   GRANTED   DATE      REARRESTED DATE   REVOKED   DATE

( ) Y ( ) N               ( ) Y ( ) N               ( ) Y ( ) N _____   ( ) Y ( ) N _____

ACT 754-75 | IMPOSED | SUSPENDED | TOTAL | JAIL CREDIT
( ) Y ( X ) N   CONFINEMENT:  00 00 000   00 00 000   00 00 000   02 02 050
PROBATION  :  00 00 000                       00 00 000

DATE SENTENCED: 11/21/97        SENTENCE BEGINS:        11/21/97

| PROVISIONS | COSTS/RESTITUTION | DUE | ORDERED |
|---|---|---|---|
| PENITENTIARY | RESTITUTION | $0.00 | $0.00 |
| D E A T H | ATTORNEY FEE | $0.00 | $0.00 |
| | CRIME VICTIMS | $0.00 | $0.00 |
| | COST | $0.00 | $0.00 |
| | FINE | $0.00 | $0.00 |
| | MUNICIPAL FEES | $0.00 | $0.00 |
| | DRUG FEES | $0.00 | $0.00 |
| | ADDTL. DEFENDANT | $0.00 | $0.00 |
| | DA FEES | $0.00 | $0.00 |
| | COLLECTION ACCT | $0.00 | $0.00 |
| | JAIL FEES | $0.00 | $0.00 |
| | TOTAL | $0.00 | $0.00 |

APPEAL DATE        SUSPENDED        AFFIRMED        REARREST

( ) Y ( ) N               ( ) Y ( ) N               ( ) Y ( ) N               ( ) Y ( ) N

REMARKS: | THIS IS TO CERTIFY THAT THE ABOVE INFORMATION WAS EXTRACTED FROM OFFICIAL COURT RECORDS AND AND IS TRUE AND CORRECT.

SEE ATTACHED ORDER.

Z624

_John Rutlow_ (signature)

CIRCUIT CLERK        NO:

11/21/97

---

OPERATOR: VIH
PREPARED: 11/21/97

Maples - DOC
000039



STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

## ADOC INMATE PROPERTY SHEET - INSTITUTION

INSTITUTION: _____*HOLMAN*_____

INMATE NAME / AIS # _*COREY MAPLES*_  *WZ-624*  DATE *9-30-08*

**A.**   Indicate number of items in corresponding blank

| | | | | | |
|---|---|---|---|---|---|
| ____ 1. Pants (3) | ____ 14. Billfold/wallet (1) | ____ 27. Soap (6 bars) |
| ____ 2. Shirts (3) | ____ 15. State ID Card | ____ 28. Towels/Washcloths (2 each) |
| ____ 3. Jacket (1) | ____ 16. Mirror (1) | ____ 29. Toothbrush/Tooth |
| ____ 4. Belt (1) | ____ 17. Cup (1) |      Paste/Tooth Powder (3 each) |
| ____ 5. Cap / Toboggan (1) | ____ 18. Lock (1) | ____ 30. Nail Clipper (1) |
| ____ 6. T-shirts (3) | ____ 19. Books (4) | ____ 31. Toiletry / Hygiene (2 each) |
| ____ 7. Underwear (8) | ____ 20. Legal Papers | ____ 32. Cosmetics |
| ____ 8. Socks (3) | ____ 21. Letters (12) | ____ 33. Fem Hygiene Products (36) |
| ____ 9. Gym shorts (2) | ____ 22. Stamps (40) | ____ 34. Sheets (2) |
| ____ 10. Thermal Underwear (2 sets) | ____ 23. Stationary Pads (4) | ____ 35. Blanket (1) |
| ____ 11. Sweat suits (2 sets) | ____ 24. Envelopes (50) | ____ 36. Pillowcase (1) |
| ____ 12. Gloves (1 pair) | ____ 25. Photographs (20) | ____ 37. Laundry Bag (1) |
| ____ 13. Shoe strings | ____ 26. Razor staff (1) | |

**B.**   The following items require a brief description

Shoes (name brand, size)
- Tennis Shoes (1 pair) _____
- Boots (1 pair) _____

Jewelry (name brand / description, color, style)
- Watch ($25) _____
- Religious medallion/chain. ($25) _____
- Wedding ring ($50) _____
- Studded earrings - females ($15) _____

Electronic Equipment (name brand, color, mfg. serial number)
- Radio & Headphones (1 set) _____

**C.**   Miscellaneous (i.e. Canteen Items)

_____
_____
_____

**D.**   Stored Property

You have thirty (30) calendar days from the above date to dispose of the following items. You may send the below items home by visitors, mail the items home at your expense, or donate the items to charity. If these items are not removed in thirty (30) days, they will be destroyed. Below are the items you are not authorized to keep.

*1 SWEAT PANT, 1 SW-AT SHIRT*
*1 THERMAL SHIRT, 1 THERMAL PAN*
*3 T SHIRT*

_*Cory Maples 2-624*_
INMATE SIGNATURE                      WITNESS

_*Cory Maples 10/1/08*_

ADOC Form 338-A – November 22, 2005

AR 338 – November 23, 2005

Maples - DOC
000040

Stored Property Continued

Disposition of Property

Deliver/Mail To:

_____

Name

_____

Address

_____

City, State        Zip Code

Property Destroyed

_____

Method

Disposal Officer's Signature

Property Returned to Inmate

*Coy alaple 10/1/08*

Inmate Signature

Amount of Postage

$ _____

Date Delivered/Mailed

_____

_____

Date

*10-1-08*

Date

*S. Elmore COT*

Officer Signature

Maples - DOC
000041





*State of Alabama*

## Alabama Department of Corrections

Alabama Criminal Justice Center
301 S. Ripley Street
P. O. Box 301501
Montgomery, AL 36130-1501
(334) 353-3883

**BOB RILEY**
GOVERNOR

**Richard F. Allen**
COMMISSIONER

## INMATE AWARENESS ACKNOWLEDGEMENT

I, _Cory Maples_ , AIS _Z-624_ ,
Inmate Name

acknowledge that I have received an orientation on the prevention, self-protection, reporting,

treatment and counseling, relating to Inmate Sexual Offenses and Custodial Sexual Misconduct,

on _22-SEPT-08_ at _Holman Corr. Facility_ .
Date                                    Institution

Inmate's Signature: _Cory Maples Z-624_   Date: _22-SEPT-08_

Witnessed: _John Skipper_   Date: _22-SEPT-08_

Distribution:   Original – Inmate Institution File
Copy – Regional PREA Coordinator

**ADOC Form 454-A – May 22, 2008**

Maples - DOC
000042

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

## ADOC INMATE PROPERTY SHEET - INSTITUTION

INSTITUTION: _Holman_

INMATE NAME / AIS # _Corey Maples  Z-624_  DATE _6-1-07_

### A.  Indicate number of items in corresponding blank

| | | | | | |
|---|---|---|---|---|---|
| ____ | 1. Pants (3) | ____ | 14. Billfold/wallet (1) | ____ | 27. Soap (6 bars) |
| ____ | 2. Shirts (3) | ____ | 15. State ID Card | ____ | 28. Towels/Washcloths (2 each) |
| ____ | 3. Jacket (1) | ____ | 16. Mirror (1) | ____ | 29. Toothbrush/Tooth |
| ____ | 4. Belt (1) | ____ | 17. Cup (1) | | Paste/Tooth Powder (3 each) |
| ____ | 5. Cap / Toboggan (1) | ____ | 18. Lock (1) | ____ | 30. Nail Clipper (1) |
| ____ | 6. T-shirts (3) | ____ | 19. Books (4) | ____ | 31. Toiletry / Hygiene (2 each) |
| ____ | 7. Underwear (8) | ____ | 20. Legal Papers | | 32. Cosmetics |
| ____ | 8. Socks (3) | ____ | 21. Letters (12) | ____ | 33. Fem Hygiene Products (36) |
| ____ | 9. Gym shorts (2) | ____ | 22. Stamps (40) | | 34. Sheets (2) |
| ____ | 10. Thermal Underwear (2 sets) | ____ | 23. Stationary Pads (4) | ____ | 35. Blanket (1) |
| ____ | 11. Sweat suits (2 sets) | ____ | 24. Envelopes (50) | ____ | 36. Pillowcase (1) |
| ____ | 12. Gloves (1 pair) | ____ | 25. Photographs (20) | ____ | 37. Laundry Bag (1) |
| ____ | 13. Shoe strings | ____ | 26. Razor staff (1) | | |

### B.  The following items require a brief description

Shoes (name brand, size)
- Tennis Shoes (1 pair) _____
- Boots (1 pair) _____

Jewelry (name brand / description, color, style)
- Watch ($25) _____
- Religious medallion/chain ($25) _____
- Wedding ring ($50) _____
- Studded earrings - females ($15) _____

Electronic Equipment (name brand, color, mfg. serial number)
- Radio & Headphones (1 set) _____

### C.  Miscellaneous (i.e. Canteen items)

_____
_____
_____

### D.  Stored Property

You have thirty (30) calendar days from the above date to dispose of the following items.  You may send the below items home by visitors, mail the items home at your expense, or donate the items to charity.  If these items are not removed in thirty (30) days, they will be destroyed.  Below are the items you are not authorized to keep.

_6- Tshirts      1- Towel_

_Cry Maples_  _6/1/07_
INMATE SIGNATURE                                    WITNESS

_Signature on Back_

9 of 16

ADOC Form 33-A – November 22, 2005

AR 338 – November 22, 2005

Maples - DOC
000043

Stored Property Continued

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Disposition of Property

Deliver/Mail To:

_____

Name

_____

Address

_____

City, State        Zip Code

Property Destroyed

_____

Method

_____

Disposal Officer's Signature

Amount of Postage

$ _____

Date Delivered/Mailed

_____

Date

Property Returned to Inmate

6-5-07
Date

LT
Officer Signature

Inmate Signature

Maples - DOC
000044

D.O.B.: ___74___ DATE ~~RIVED:~~ _11-21-97_ FILE: Inmate's ●et; Chapel file on each inmate.

## RELIGIOUS INFORMATION RECORD
(Filled out during classification/in-take procedures)

1. NAME: _Cory Maples_   RACE: _White_ SEX: _MALE_ AIS#: _Z-624_

2. Religious Preference (make one check):

| | |
|---|---|
| ____ African Methodist Episcopal | ____ Full Gospel |
| ____ African Methodist Episcopal Zion | ____ Greek Orthodox |
| ____ Apostolic | ____ Holiness |
| ____ Assembly of God | ____ Independent or Interdenominational or Non- |
| ____ Baptist | Denominational Jehovah's Witness |
| ____ Baptist (Free-will) | ____ Lutheran |
| ____ Baptist (Independent) | ____ Methodist (Independent) |
| ____ Baptist (Primitive) | ____ Methodist |
| ____ Christian Science | ____ United Methodist |
| ____ Church of Christ | ____ Nazarene |
| ____ Church of God | ____ Pentecostal |
| ____ Church of Latter Day Saints | ____ Presbyterian |
| ____ Disciples of Christ | ____ Roman Catholic |
| ____ Congregational | ____ Seventh Day Adventist |
| ____ Episcopal | ____ Unitarian |
| _X_ Other _Buddhist_ | ____ Jewish |
| (Specify) | ____ Muslim |

3. I am a member of (name of local church): _____N/A_____
   and have been for _N/A_ year(s).

4. My pastor/spiritual counselor is _____ from _Toronto, Canada_
   (City, Town)

5. Before incarceration I attended (circle your answer):

   a. Sunday School or Religious Instruction    weekly    monthly    occasionally    (never)
   b. Morning Worship    weekly    monthly    occasionally    (never)
   c. Evening Worship    weekly    monthly    occasionally    (never)
   d. Midweek Bible Study or Prayer Meeting    weekly    monthly    occasionally    (never)
   e. Choir    weekly    monthly    occasionally    (never)
   f. Other (specify) _____    weekly    monthly    occasionally    (never)

   _APR 16 REC'D_

6. Signature of inmate: _Cory Maples_    Date: _4/11/07_

································································································

## DECLARATION OF CHANGE OF RELIGIOUS PREFERENCE

Any change in religious preference must be initiated by the inmate and done through the Chaplain. If done less than thirty (30) days before a religious observance, which requires special diet, observances, etc., provision for such observances will be at the discretion of the institution.

I hereby change my religious preference stated above from _Nothing_ to _Buddhist_

Signature: _Cory Maples_    Date: _4/11/07_

_4-12-07 copy of original_

Maples - DOC
000045

4/11/07

Chaplain

Here is that form. I am kind of concerned about that Prayer String. It was sent Saturday the 7th from New Orleans. It should be here by now. Will you please keep an eye out for it? It came directly from the Dalai Lama so it is very important to me.

Thank you for your time, and be well.

Respectfully,
Cory Maples 2-624
G1-26A

Maples - DOC
000046

INSTITUTION _W. C. Holman_

INMATE _Cory R. Maples 2-624_   DATE _11·30·2005_

| | | | |
|---|---|---|---|
| ____ | 1. | BIBLE (1) | |
| ____ | 2. | STATIONARY/STAMPS | |
| ____ | 3. | PENCIL (1) | |
| ____ | 4. | SOCKS – WHITE (6 pr.) | |
| ____ | 5. | UNDERSHIRTS/UNDERWEAR - WHITE (6) | |
| ____ | 6. | HANDKERCHIEFS (6) | |
| ____ | 7. | TOILET ARTICLES - CLEAR, NON-GLASS CONTAINERS | |
| ____ | 8. | LEGAL PAPERS | |

| | | |
|---|---|---|
| ____ | 9. | TENNIS SHOES - WHITE (1 pr.) |
| ____ | 10. | SHOWER SHOES (1 pr.) |
| ✗ | 11. | RELIGIOUS NECKLACE (1) - $25.00 VALUE OR LESS |
| ____ | 12. | WALLET (1) |
| ____ | 13. | WRIST WATCH (1) - $25.00 VALUE OR LESS |
| ____ | 14. | WEDDING BAND (1) - $50.00 VALUE OR LESS |
| ____ | 15. | RADIO — EARPHONES (1 ea.) - PURCHASED FROM CANTEEN |
| ____ | 16. | BOOKS (3) - RELIGIOUS, LEGAL OR EDUCATIONAL (APPROVAL BY WARDEN REQUIRED) |

### DECLARATION OF VALUE

I UNDERSTAND THAT RELIGIOUS NECKLACES OR WRIST WATCHES VALUED AT MORE THAN $25.00, AND WEDDING BANDS VALUED AT MORE THAN $50.00 ARE UNAUTHORIZED AND MUST BE SENT HOME AT MY EXPENSE WITHIN THIRTY (30) DAYS OR IT WILL BE DONATED TO CHARITY OR DESTROYED. I HEREBY DECLARE THE VALUE OF MY PERSONAL PROPERTY TO BE:

RELIGIOUS NECKLACE $ _25.00_   WRIST WATCH $ _NA_   WEDDING BAND $ _NA_

_Cory Maples 2-624_
(INMATE SIGNATURE)                                      (WITNESS)

### PROPERTY STORED IN THE RECEIVING AREA:

YOU HAVE THIRTY (30) CALENDAR DAYS FROM THE ABOVE DATE TO DISPOSE OF THE FOLLOWING ITEMS. YOU MAY SEND THE BELOW ITEMS HOME BY VISITORS, MAIL THE ITEMS HOME AT YOUR EXPENSE, OR DONATE THE ITEMS TO CHARITY. IF THESE ITEMS ARE NOT REMOVED IN THIRTY (30) DAYS, THEY WILL BE DESTROYED. BELOW ARE THE ITEMS YOU ARE NOT AUTHORIZED TO KEEP.

(INMATE SIGNATURE)                                      (WITNESS)

*(See reverse side for instructions)*

N795
Rev. 6/9/83

Maples - DOC
000047

INSTITUT____: _W. C. Holmen_____

INMATE _Cory Maples_ 2-1624/5·D·14___ DATE _____

____ 1.  BIBLE (1)

____ 2.  STATIONARY/STAMPS

____ 3.  PENCIL (1)

____ 4.  SOCKS = WHITE (6 pr.)

____ 5.  UNDERSHIRTS/UNDERWEAR - WHITE (6)

____ 6.  HANDKERCHIEFS (6)

____ 7.  TOILET ARTICLES - CLEAR, NON-GLASS CONTAINERS

____ 8.  LEGAL PAPERS

____ 9.  TENNIS SHOES - WHITE (1 pr.)

____ 10.  SHOWER SHOES (1 pr.)

__X__ 11.  RELIGIOUS NECKLACE (1) - $25.00 VALUE OR LESS

____ 12.  WALLET (1)

____ 13.  WRIST WATCH (1) - $25.00 VALUE OR LESS

____ 14.  WEDDING BAND (1) - $50.00 VALUE OR LESS

____ 15.  RADIO — EARPHONES (1 ea.) - PURCHASED FROM CANTEEN

____ 16.  BOOKS (3) - RELIGIOUS, LEGAL OR EDUCATIONAL (APPROVAL BY WARDEN REQUIRED)

## DECLARATION OF VALUE

I UNDERSTAND THAT RELIGIOUS NECKLACES OR WRIST WATCHES VALUED AT MORE THAN $25.00, AND WEDDING BANDS VALUED AT MORE THAN $50.00 ARE UNAUTHORIZED AND MUST BE SENT HOME AT MY EXPENSE WITHIN THIRTY (30) DAYS OR IT WILL BE DONATED TO CHARITY OR DESTROYED. I HEREBY DECLARE THE VALUE OF MY PERSONAL PROPERTY TO BE:

RELIGIOUS NECKLACE $_22 00/100_  WRIST WATCH $_N/A_  WEDDING BAND $_N/A_

_Cory Maples_ 2-624  (INMATE SIGNATURE)        _Chaplain Chris Summers_ (WITNESS)

## PROPERTY STORED IN THE RECEIVING AREA:

YOU HAVE THIRTY (30) CALENDAR DAYS FROM THE ABOVE DATE TO DISPOSE OF THE FOLLOWING ITEMS. YOU MAY SEND THE BELOW ITEMS HOME BY VISITORS, MAIL THE ITEMS HOME AT YOUR EXPENSE, OR DONATE THE ITEMS TO CHARITY. IF THESE ITEMS ARE NOT REMOVED IN THIRTY (30) DAYS, THEY WILL BE DESTROYED. BELOW ARE THE ITEMS YOU ARE NOT AUTHORIZED TO KEEP.

(INMATE SIGNATURE)                    (WITNESS)

*(See reverse side for instructions)*

N795
Rev. 6/9/83

Maples - DOC
000048



**DON SIEGELMAN**
GOVERNOR

## STATE OF ALABAMA
## DEPARTMENT OF CORRECTIONS

**MICHAEL W. HALEY**
COMMISSIONER

<u>04/02/01</u>
Date

To:     Whom It May Concern

From:   Captain Of The Guard

Subj:   State Issued I.D. Cards

        By my signature, I acknowledge receipt of my state issued I.D card.
I have been advised that it is my responsibility to keep this card on me at all times. If
my I.D. card is lost or stolen I will immediately report it to a Correctional Officer. I
have also been advised if I lose my I.D card I will be charged $3.00 to have the card
replaced. An officer may request to see my I.D. card at any time. I may be required to
show my I.D. card before receiving my canteen order, meals, and medical services.

Failure to show my I.D. card may result in disciplinary action.

Inmate Name:                                    Inmate Signature:

1. MAPLES, COREY W/M 00Z624

2. MCGRIFF, DENNIS B/M 00Z623

3. MOODY, WALTER W/M 00Z613

4. HAGOOD, RAYFORD W/M 00Z604

5. MELSON, ROBERT B/M 00Z601

6. COTHREN, TIMOTHY W/M 00Z596

7. BURGESS, WILLIE B/M 00Z568

8. PAYNE, MAX W/M 00Z566

9. MCWHORTER, CASEY W/M 00Z562

10. TAYLOR, MICHAEL W/M 00Z549

Maples - DOC
000049

N610

**ALABAMA DEPARTMENT OF CORRECTIONS**

*RECEIVING SCREENING FORM*

Inmate's Name: _Corey Maples_     Date: _11-21-97_   Time: _5:10 Pm_

DOB: _74_ Officer: _D. Robinson_     Institution: _Holman_

*Receiving Officer's Visual Opinion*     Yes    No

1. Is the inmate conscious? — ✓

2. Does the inmate have any obvious pain or bleeding/other symptoms suggesting the need for emergency services? — ✓

3. Are there any visible signs of trauma or illness requiring immediate emergency treatment or doctor's care? — ✓

4. Any obvious fever, swollen lymph nodes, jaundice, or other evidence of infection which might spread through the institution? — ✓

5. Is the skin in poor condition or show signs of vermin or rashes? — ✓

6. Does the inmate appear to be under the influence of alcohol or drugs? — ✓

7. Are there any visible signs of alcohol or drug withdrawl? (extreme perspiration, shakes, nausea, pinpoint pupils, etc.) — ✓

8. Is the inmate making any verbal threats to staff or other inmates? — ✓

9. Is the inmate carrying any medication or report that he is on any medication which must be continuously administered or available? — ✓

10. Does the inmate have any obvious physical handicaps? — ✓

*If the answer is YES to any questions from 2-10 above, specify WHY in section below.*

11. Are you presently taking medication for diabetes, heart disease, seizure, arthritis, asthma, ulcers, high blood pressure or psychiatric disorder? — ✓

12. Are you on any special diet prescribed by a physician? (if YES, what type?) — ✓

13. Do you have a history of venereal disease or abnormal discharge? — ✓

14. Have you recently been hospitalized or recently seen a medical or psychiatric doctor for any illness? — ✓

15. Have you ever attempted suicide? — ✓

(If YES, When? _____ How?_____

16. Do you want to do any harm to yourself now? — ✓

Maples - DOC
000050

|  | Yes | No | No Response |
|---|---|---|---|
| 17. Do you want to talk to a mental health counselor? | ___ | ✓ | ___ |
| 18. Are you allergic to any medication? | ___ | ✓ | ___ |
| 19. Have you recently fainted or had a head injury? | ___ | ✓ | ___ |
| 20. Do you have epilepsy? | ___ | ✓ | ___ |
| 21. Do you have a history of tuberculosis? | ___ | ✓ | ___ |
| 22. Do you have diabetes? | ___ | ✓ | ___ |
| 23. Do you have hepatitis? | ___ | ✓ | ___ |
| 24. Do you have a painful dental problem? | ___ | ✓ | ___ |
| 25. Do you have any medical problem we should know about? | ✓ | ___ | U/ser |
| 26. Do you have a past alcohol or drug history? | ✓ | ___ | ___ |

What type? _COCAINE_ _LSD_ ———→ How much use? _Qunrter oz A DAy_ _8 to 10 Hits A week_

For how long? _4 years_   Last time used? _1-1-95_

*Comments:*   (Unusual behavior, etc.)

_____

_____

*For the Officer:*

27. Was the new inmate briefed on sick/dental call procedures?   _Yes_

28. This inmate was:   a. Released for normal processing   _A_

                b. Referred to appropriate health care unit   _____

                c. Immediately sent to health care unit   _____

_D. Robinson_
Officer's Signature

*Note:* This form is completed on inter and intra system transfers at receiving and will be filed in the inmates medical jacket to comply with ACA Standards 2-4289, 2-4290 and AMA Standard 140.

_By Maples YZ 624_
Inmate's Signature

Maples - DOC
000051

12.  Reading Material:  Death Row and Administrative Segregation will be allowed to  check out two books per week from the general library.  Request will be picked up on Wednesdays and the books if available will be delivered on Thursday.  Disciplinary Segregation will not be allowed this privilege.  If you are currently receiving a newspaper and/or a magazine you will have 30 days to cancel the subscription.  At the end of the 30 days all following issues will be destroyed as contraband.

13.  Law Library:  A Law Clerk under the supervision of a Correctional officer will tour the admin and dis segregation units Monday Through Friday.  Reasonable request will be fill as soon as possible.  Death Row may have access to the Death Row Law Library on a rotating basis.  If you are restricted from group activities on Death Row submit a request to the seg shift commander for the needed materials.  Reasonable request will be filled.

14.  Medical Procedures:

Sick Call:  You may request medical treatment by submitting a sick call slip to the nurse during the Morning, Noon or Afternoon pill call.  The slip must be turned in by the Evening pill call for treatment that day.  Screening will be conducted on Third shift.  If you have a medical emergency, notify the cubicle officer or a tier rover.

Dental Treatment:  You must sign up for dental treatment in the same manner as sick call.  Screening will be on a day designated by the dental Staff

Pill Call:  Will be at the following times: 3:30 am., 11:00 am., 4:00 pm., and 8:00 pm.   These times are approximates.

Medical treatment is provided for your best interest and is imperative that you follow the treatment order unless you sign a medical waiver.  If you do not follow the treatment or sign a medical waiver you may be charged with violation of institutional rules and regulations.

-------------------------------------------------------------------------------------------------

I state by my signature below that the rules and regulations for Holman Prison have be explained the location of the inmate handbook for me to read.  I have been informed if I have any further questions where to direct them.

Cory Maples YZ624                                    D Peterson ©Z 1-21-97
Inmate's Signature/ AIS#                              Witness Signature/ Date

Maples - DOC
000052

## Holman Prison Orientation for

## Death Row, Administrative Segregation, and Disciplinary Segregation

The following is a brief orientation of rules, regulations, and policies that you will be expected to follow while assigned to the Holman Prison Segregation Unit. The inmate handbook is in the Law Library. You should read this book and become familiar with its contents. If you have any questions after reading this handbook and this orientation you may direct them to your classification specialist or an officer.

1.    Store Draw:  Draw slips must be turned in to an officer by Sunday night.  Limits for store draw will be $40 for Death Row, $15 Administrative Seg. and $0 for Disciplinary Seg.  Store Deliveries will be made on Wednesdays and Thursdays of each week.  Your money must be received by the previous Wednesday.

2.    Laundry and Clothing:  Laundry will be collected by third shift on Monday, Tuesday, and Wednesday nights.  Mondays you may turn in Pants sheets and blankets.  Tuesdays you may turn in laundry bags.  Wednesday you may turn in pants and shirts only.  You laundry will be returned the following afternoon on second shift.  Request for replacement, damaged or lost clothing should be routed through the segregation shift commanders.

3.    Phone Calls:  Upon initial assignment to segregation you will be given the opportunity to make one three minute call to inform whomever you desire the change in your status and the visiting day changes.  Death row will be allowed telephone privileges based on the availability of the phone with a fifteen minute limit per call.  Admin Seg inmates will be allowed one (1) fifteen (15) minute call per month.  Dis Seg will not be allowed to use the phone except for for attorney calls and verified emergencies.

4.    Meals:  Breakfast will be fed at 4:00 am., Lunch 10:30 am., and Supper 3:30 pm.  All times are approximations.

5    Mail will be delivered Monday through Friday.  Each inmate is allowed to send two free letters per week, which will be mailed Monday through Friday.  All out going mail should have your name and AIS#.  The address of Holman is  Holman Prison, Holman 3700, Atmore, Al.  36503.

6.    Church:  Holman has a full time chaplain.  Routinely he will make rounds of the unit.

7.    Visiting:  visitation will be held on Mondays and Fridays of each week for Death Row and once a month for Administrative Segregation.  Dis Seg will not be allowed visits. Visitors 16 years old and older must have a picture ID.  Visitors under 16 must be accompanied by an adult on your approved visiting list.  You will be given a visiting form during processing with additional forms being requested from the seg officers.

8.    Grievance Forms:  Grievance forms may be requested from the on duty shift commander.

9.    Classification :  Your Classification specialist will be designated as follows: names beginning with A-G Mr. Allen Lang, H-P Mr. Bruce Mathews, and Q-Z Mr. James Powers.

10.   Exercise you will be allowed to exercise 45 minutes per day weather and security permitting

11.   Showering:  You will be allowed to shower every other day for a period of five (5) minutes.

Maples - DOC
000053



MAPLES, COREY          Z624

I reviewed your restrictions per your request.

You are correct, your disciplinary sanctions specified 45 days loss of privileges. The additional 45 days reflect the days you will spend in disciplinary segregation. Privileges are a reward for obeying rules. Disciplinary segregation is a punishment for disobeying rules. So obviously, when you're in disciplinary segregation you are not entitled to privileges. Therefore you lost 45 privileges due to the disciplinary sanctions and you are not entitled to privileges while you are in segregation for 45 days and these restrictions are counted consecutively per Captain Bishop.

Barlow
Classification Clerk
2/27/2008

Maples - DOC
000054

2/26/08

MS. Barlowe.

There has been a mistake in my restriction date's. I was "sentenced to 45 day DDS, and you already sent me a thing saying my restriction ends on 3/21/08. That is the Correct date. I got another ~~slip~~ tonight saying I get off restriction on 5/5/08. That is 45 _extra_ days. There is no way that is Correct. That would be 90 days of restriction. I ask that you please check into, and fix this. Please get ~~that~~ back with me ASAP.

Thank you for your time.

Respectfully,
Cory Maples 2-624
P-15A

Maples - DOC
000055

10/10/07

MS. Barlowe.

I am writing because my "out date" is 10/14. That falls on a Sunday. Is there any chance you will turn my phone on before you leave Friday? There's a chance I may get out Friday, and really need to call my Mom. I've been doing disciplinary seg time for 14 days. I'd really appreciate it. Or at least, re-instate all my privledges on Monday - 10/15 - morning.

Thank you for your time.

Respectfully,
Cory Maples 2-624
PI-25A

Per computer, your end of restriction date is 10/14/2007. Your canteen and visiting privileges will automatically be restored on that date.

The ICS office handles your telephones. COI Lyons is in charge of that.

Barlow
Classification Clerk
10/11/07

Maples - DOC
000056

G-26-A

Inmate Corey Maples 2-634

Institutional File

You need to write a Request to Classification for a change of Religious Practice.

1-28-07

Chaplain

I hope this finds you well. I am writing you because for the last 6 months (I have been practicing Buddhism) I wrote warden Culliver about receiving a Prayer string and incence. Both of which, he approved. I wanted to let you know because they should arrive by weeks end, or first of next week.

He said the incence would have to remain with you until needed, but, at least one will be needed everyday for prayers. Is it possible to have 30 sent per month, you bring them to me, and I cant receive any more for 30 days? I know you're not going to come back here everyday to bring one. Or, bring 10 at a time? If we could work out an arrangement that would be beneficial and viable to us both, I'd appreciate it. If you get an opportunity, could you come talk to me?

I thank you for your time.

1. Respond to Statement and advise at the top of this letter.

2. Incense are not permitted for single cell occupants.

3. When did you give up Islam

4. Approval to purchase or receive religious items/Materials must come through the Chaplin as well as the Warden.

Respectfully,
Cory Maples.

Chaplain Smith
Will see you when I walk the Death Row Housing Unit as I do regularly.
1-31-07
It is not approved so it is

10/24/05

MS. BARLOWE.

I have a question: How is it that I get out of seg on 11/14, and my privileges dont start again until 12/2? My disciplinary was signed on 10/3, so, if my privileges dont start until 12/2, that is 60 days on a 30 day sentence. I was sentenced to 30 days total, NOT 60. That is double punishment. I dont understand how I can be sentenced to 30 days seg AND THEN 30 days loss of privileges. Thats crazy. I need someone to straighten this out. A guy just left seg after 30 day's, and caught the store that week. His disciplinary said the same thing mine does. I need some clarification on this.

Thank you for your time in this matter.

I double checked your restrictions per your request.

Respectfully,
Cory Maples 2-624
2-U-11

'Your restrictions began on 10/3/05. Your sentence was for 30 days loss of privileges and 30 days disciplinary segregation. When you are in disciplinary segregation you are not entitled to any privileges because disciplinary segregation is a punishment for breaking rules and privileges a reward for obeying rules; therefore, when you're in disciplinary segregation you are not entitled to any privileges. So if you count 30 days loss of privileges plus the 30 days disciplinary segregation from 10/3/05, your restrictions end on 12/2/2005.

Barlow, Classification Clerk
10/25/2005.

Maples - DOC
000058

3. MARCH. 03    *File*    CORY MAPLES Z-624
DEATH ROW 5. U. 10

MR. POWELL

I am writing to request a transfer to DONALDSON. The main reason is because I am from North Alabama, and it would be ALOT easier on my family. They just brought a guy down here from there, and aside from his cell, he says there are several guys up there that want to come here. Mainly because their families are here.

I do realize it is NOT DOC's job to cater to our personal needs, but, it would be a great relief to my family if I could be transferred. It is a 720 mile round trip for them every time they want to visit. Whereas Birmingham is only 70 miles from them, I cant stress enough how greatly this would help them.

I dont know if this is the proper way to request a transfer, but it is all I know to do. If there are more appropriate channels, please let me know what I need to do.

I thank you for your time and understanding in this matter. And I ask that you strongly consider my request.

Respectfully,
Cory Maples Z-624

Maples - DOC
000059

NOV-21-97 FRI 12:19 MORGAN CO DRUG UNIT        351-4818+                    P.01

# JUST THE FAX

PHONE: 1/205/351-4800

FAX: 1/205/351-4822

## FROM THE OFFICE OF STEPHEN L. CRABBE, SHERIFF OF MORGAN COUNTY

DATE: _11/21/97_

TO: _alabama retirement syf brasstead_

FAX NUMBER: _334·240·3380_

FROM: MORGAN COUNTY SHERIFF'S DEPARTMENT

FAX NUMBER: 1/205/351-4822

NUMBER OF PAGES TO FOLLOW: ___

SAGE:

_Attn. Lt Atchinson_
_or_
_Linda Miller_

_Thank's_
_Sgt Wayne Whisenant_

_Office # 205.351.4804_

Maples - DOC
000060




## State of Alabama
# Alabama Department of Corrections

### W. C. Holman Correctional Facility

Holman 3700
Atmore, AL 36503



**Bob Riley**
GOVERNOR

**Donal Campbell**
COMMISSIONER

---

**INMATE CONSENT** *Kairos #7*

The undersigned does herby consent to be photographed and/ or interviewed by news media representatives. The interviews may also include a recording thereof.

The undersigned consents and authorizes that any such photographs or interview material may be utilized by the news media through their normal sources.

Furthermore, the undersigned does hereby release and does save harmless the Alabama Department of Corrections, its agents and servants, from any and all claims for damage for libel, slander, invasion of the right of privacy, or any other claim based on the sue of said material. I give the above consent freely and voluntarily without promises, threats, or duress.

Date *April 1, 2006*          Signature *Name + "Z" # Kenny Smith Z-512*
*(myplefus Z-62#)*

Address *Holman 3700*
*Atmore, AL 36503*

Witnessed By *Chris Simmons*

Address *W.C. Holman*

ADOC Form 005-B- October 29, 2004

AR 005 – October 29, 2004

```
CBR716-3
```
ALABAMA DEPARTMENT OF CORRECTIONS          INST:  999
INMATE SUMMARY AS OF 02/22/20             CODE: CORVK

```
********************************************************************************
```

AIS: 0000Z624    INMATE: MAPLES, COREY                    RACE: W  SEX: M

INST: 999 - HOLMAN DEATH ROW             DORM:  SC  JAIL CR:  00Y 00M 00D

DOB:     1974  SSN:        5716

ALIAS: MAPLES, COREY ROSS

ADM DT: 11/21/1997 DEAD TIME: 000Y 00M 00D

ADM TYP: DEATH ROW                    STAT: DISCIPLINARY SEGREGATION

CURRENT CUST: Z2 -G   CURRENT CUST DT: 03/10/2004  PAROLE REVIEW DATE: - NONE -

SECURITY LEVEL: NO CLASSIFICATION RECORD FOUND

SERVING UNDER ACT446 LAW IN ELIGIBLE      CURRENT CLASS DATE:   11/21/1997
INMATE IS EARNING : OR GROUP ACTIVITY

| COUNTY | SENT DT | CASE NO | CRIME | | JL-CR | TERM |
|---|---|---|---|---|---|---|
| MORGAN | 11/21/97 | N95000842 | MURDER | | 00000 | 000Y 00M 00D CS |
| | | | 2 CTS; CAPITAL | | | |

| TOTAL TERM | MIN REL DT | GOOD TIME BAL | GOOD TIME REV | LONG DATE |
|---|---|---|---|---|
| 000Y 00M 00D | 00/00/0000 | 000Y 00M 00D | 000Y 00M 00D | 00/00/0000 |

INMATE LITERAL:
```
********************************************************************************
```

DETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS
```
********************************************************************************
```

ESCAPEE-PAROLE SUMMARY

    INMATE CURRENTLY HAS NO PAROLE RECORDS

    INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

    INMATE HAS NO ESCAPES FROM ALABAMA D.O.C.
    SINCE D.B.S.C.I.S. RECORDING BEGAN IN 1973
```
********************************************************************************
```

DISCIPLINARY/CITATION SUMMARY

 >> DISCIPLINE: 02/05/2008  TIME LOST: 00Y00M00D   CUST FROM Z2 G TO Z2 G
    DISCIPLINE TYPE: MAJOR            AT INST: 003     RULE NUMBER: 90
    RETAINED DAYS: 0000    SEQ #: 04   RULE LIT: UNDER INFLUENCE OF ALCOHOL OR NAR

 >> DISCIPLINE: 08/30/2007  TIME LOST: 00Y00M00D   CUST FROM Z2 G TO Z2 G
    DISCIPLINE TYPE: MAJOR            AT INST: 999     RULE NUMBER: 90
    RETAINED DAYS: 0000    SEQ #: 03   RULE LIT: UNDER INFLUENCE OF ALCOHOL OR NAR

CONTINUED ON NEXT PAGE

Maples - DOC
000062

```
CBR716-3
```
ALABAMA DEPARTMENT OF CORRECTIONS           INST:   999
INMATE SUMMARY AS OF 02/22/2003           CODE: CDRVK

*****************************   CONTINUATION   *******************************

AIS: 00002624     INMATE: MAPLES, COREY                    RACE: W  SEX: M

******************************************************************************

DISCIPLINARY/CITATION SUMMARY

>> DISCIPLINE: 10/03/2005  TIME LOST: 00Y00M00D   CUST FROM Z2 G TO Z2 G
    DISCIPLINE TYPE: MAJOR                 AT INST: 003    RULE NUMBER: 35
    RETAINED DAYS: 0000     SEQ #: 02    RULE LIT: FIGHTING WITHOUT A WEAPON

   >> CITATION: 05/01/2000                    CUST FROM OTH9 TO OTH9
     CITATION TYPE: BEHAVIOR CITATION     AT INST: 003    RULE NUMBER: 90
     RETAINED DAYS: 0000     SEQ #: 01    RULE LIT: UNDER INFLUENCE OF ALCOHOL OR NAR

Maples - DOC
000063

```
CBR716-3
```

ALABAMA DEPARTMENT OF CORRECTIONS
INMATE SUMMARY AS OF 08/31/2007

INST: 999
CODE: CDRVK

```
****************************************************************************
```

AIS: 00002624    INMATE: MAPLES, COREY                RACE: W  SEX: M

INST: 999 - HOLMAN DEATH ROW              DORM:  SC  JAIL CR:  00Y 00M 00D

DOB:     1974  SSN:      -5716

ALIAS: MAPLES, COREY ROSS

ADM DT: 11/21/1997 DEAD TIME: 000Y 00M 00D

ADM TYP: DEATH ROW                    STAT: DISCIPLINARY SEGREGATION

CURRENT CUST: Z2 -G   CURRENT CUST DT: 03/10/2004  PAROLE REVIEW DATE: - NONE -

SECURITY LEVEL: NO CLASSIFICATION RECORD FOUND

SERVING UNDER ACT446 LAW IN  ELIGIBLE        CURRENT CLASS DATE:    11/21/1997
INMATE IS EARNING : OR GROUP ACTIVITY

COUNTY       SENT DT  CASE NO  CRIME                    JL-CR      TERM
MORGAN       11/21/97 N95C00842 MURDER                  00000 000Y 00M 00D CS
                               2 CTS: CAPITAL

 TOTAL TERM      MIN REL DT      GOOD TIME BAL      GOOD TIME REV      LONG DATE
000Y 00M 00D    00/00/0000      00CY 00M 00D       000Y 00M 00D       00/00/0000

INMATE LITERAL:
****************************************************************************

DETAINER WARRANTS SUMMARY
     INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS
****************************************************************************

ESCAPEE-PAROLE SUMMARY

     INMATE CURRENTLY HAS NO PAROLE RECORDS

     INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

     INMATE HAS NO ESCAPES FROM ADOC SINCE OJSCIS RECORDING B
****************************************************************************

DISCIPLINARY/CITATION SUMMARY

 >> DISCIPLINE: 08/30/2007  TIME LOST: 00Y00M00D   CUST FROM Z2 G TO Z2 G
    DISCIPLINE TYPE: MAJOR              AT INST: 999     RULE NUMBER: 90
    RETAINED DAYS: 0000    SEQ #: 03   RULE LIT: UNDER INFLUENCE OF ALCOHOL OR NAR

 >> DISCIPLINE: 10/03/2005  TIME LOST: 00Y00M00D   CUST FROM Z2 G TO Z2 G
    DISCIPLINE TYPE: MAJOR              AT INST: 003     RULE NUMBER: 35
    RETAINED DAYS: 0000    SEQ #: 02   RULE LIT: FIGHTING WITHOUT A WEAPON

                    CONTINUED ON NEXT PAGE
```

Maples - DOC
000064

CBR7162-3

ALABAMA DEPARTMENT OF CORRECTIONS
INMATE SUMMARY AS OF 08/31/2007

INST:   999
CODE: CDRVK

**************************   CONTINUATION   ****************************

AIS: 00002624     INMATE: MAPLES, COREY                    RACE: W  SEX: M

***********************************************************************

DISCIPLINARY/CITATION SUMMARY

>> CITATION: 05/01/2000                    CUST FROM OTH9 TO OTH9
   CITATION TYPE: BEHAVIOR CITATION     AT INST: 003     RULE NUMBER: 90
   RETAINED DAYS: 0000    SEQ #: 01    RULE LIT: UNDER INFLUENCE OF ALCOHOL OR NAR

Maples - DOC
000065

```
                    ALABAMA DEPARTMENT OF CORRECTIONS
CJP232              INMATE SUMMARY AS OF 11/21/97              CODE: CIADM


************************************************************************

 AIS: 00002624    INMATE: MAPLES, COREY            RACE: W  SEX: M

 INSTITUTION: 252 - MORGAN                  JAIL CR: 00Y00M00D

 DOB:    '74    SSN: 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

 ALIAS: MAPLES, COREY ROSS              ALIAS:

 ADM DT: 11/21/97   DEAD TIME: 00Y 00M 00D

 ADM TYP: DEATH ROW                      STAT: DEATH ROW

 CURRENT CUST: OTW-9   CURRENT CUST DT: 11/21/97    PAROLE REVIEW DATE: -NONE-

 SECURITY LEVEL: NO CLASSIFICATION RECORD FOUND

 SERVING UNDER ACT446 LAW IN CLASS IV       CURRENT CLASS DATE:   11/21/97
 INMATE IS EARNING : PROHIBITED FROM EARNING GOODTIME

 COUNTY       SENT DT  CASE NO    CRIME                JL-CR     TERM
 MORGAN     11/21/97N95000842 MURDER               00000 00CY 00M 00D CS
                             2 CTS; CAPITAL

  TOTAL TERM      MIN REL DT     GOOD TIME BAL     LONG DATE
  00CY 00M 00D    00/00/0000     00CY 00M 00D      00/00/0000

  INMATE LITERAL:
************************************************************************

DETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER-WARRANT RECORDS

************************************************************************

ESCAPEE-PAROLE SUMMARY
    INMATE CURRENTLY HAS NO PAROLE RECORDS

    INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

    INMATE HAS NO ESCAPES FROM ALABAMA D.O.C.
    SINCE D.P.S.C.I.S. RECORDING BEGAN IN 1979

************************************************************************

DISCIPLINARY/CITATION SUMMARY
    INMATE CURRENTLY HAS NO DISCIPLINARY/CITATION RECORDS
```

Maples - DOC
000066

# STATE DEPARTMENT OF CORRECTIONS

INITIAL 'UC'

## CLASSIFICATION SUMMARY

AIS # : 0000Z624          NAME: MAPLES, COREY                    RACE: W    SEX: M

DATE OF BIRTH:    1974          BIRTH COUNTRY: UNITED STATES      STATE OF BIRTH: AL

INSTITUTION :  HOLMAN DEATH ROW                                  CITIZENSHIP:  true

PAROLE CONSIDERATION DATE:                                       SSN:        5716

RELIGION : NONE          STG:N/A    HAIR: XXX    EYES: XXX

CURRENT CUSTODY :                DNA TEST :          HEIGHT: 6FT 1IN            WEIGHT: 194

PRIMARY OCCUPATION: LABORER - CONSTRUCTION          SECONDARY OCCUPATION: LABORER - GENERAL

HIGHEST GRADE LEVEL COMPLETED : 12TH GRADE, GED OR HED          MIN RELEASE DATE :

       DRIVER'S LICENSE # AL - :                          LONG RELEASE DATE :

STATUS: INCARCERATED

DUTY STATUS: EXCELLENT (GOOD HEALTH)                    Youth Offender: A

EMERGENGENCY CONTACT :

---

## SPECIAL NEEDS

**Psychologist :**

**Physician :**

**Physical Limitations :**

**Physical Comments :**          Nondiabetic, no known physical limitations.

**Medication Types :**

**Medication Comments :**          none noted.

**Communication Needs :**          none noted.

**Communication Comments :**

**Treatment Needs :**          any and all death row programs/ activities

**Treatment Comments :**

**Mental Health Code :**          MH 0

**Health Code :**          1

**Programs :**

**Inmate Stated he/she received special education services :**          No

Maples - DOC
000067

AIS: 0000Z624

## CURRENT CONVICTIONS

| Suf | COUNTY | CASE # | DATE | CRIME | TERM | CS/CC |
|-----|--------|--------|------|-------|------|-------|
|  | MRGN | 000842 | 11/21/1997 | MURDER | 000Y00M00D | CS |

### CRIME DETAILS

Verification : Verified
Victim Injury : Death
Plea Bargained? : No
Original Charge : murder
High Profile? : Yes
YOA Indicator : Yes
Notes : victims in this case were                white male found face up at or near the Maple's residence with a gun shot wound to the left side of the head, body discovered on 7/8/1995 at 1:26 a.m. another body was discovered at approximately 9:00 p.m. in a creek about a mile from the Maple's residence identified as                who was shot at least once in the head with a small caliber weapon.
Is Capital Offense : Yes
Provoked/Extenuating Circumstances : No
Murder Victim : Acquaintance

---

AIS: 0000Z624

## DETAINERS

NO ACTIVE DETAINERS FOUND ON FILE

---

AIS: 0000Z624

## PRIOR CONVICTIONS

NO PRIOR CONVICTIONS ON FILE

---

AIS: 0000Z624

## ESCAPES

NO ESCAPE RECORDS FOUND ON FILE

---

AIS: 0000Z624

## PAROLE & PROBATION

NO P&P RECORDS FOUND ON FILE

# DISCIPLINARIES
## AIS: 0000Z624  SUFFIX :

| | | | |
|---|---|---|---|
| | | **INSTITUTION :** | HOLMAN PRISON |
| **DATE :** | 09/09/2009 | **REASON :** | MAJOR - POSSESSION OF CONTRABAND |
| **RESULT :** | NONE | **COMMENTS:** | 6 MTHS LOSS VISITS; 30 DS |
| | | **INSTITUTION :** | HOLMAN PRISON |
| **DATE :** | 02/05/2008 | **REASON :** | MAJOR - UNDER INFLUENCE OF ALCOHOL OR NARCOTICS |
| **RESULT :** | NONE | **COMMENTS:** | 45 DS 45 LOP |
| | | **INSTITUTION :** | HOLMAN DEATH ROW |
| **DATE :** | 08/30/2007 | **REASON :** | MAJOR - UNDER INFLUENCE OF ALCOHOL OR NARCOTICS |
| **RESULT :** | NONE | **COMMENTS:** | 45 DS |
| | | **INSTITUTION :** | HOLMAN PRISON |
| **DATE :** | 10/03/2005 | **REASON :** | MAJOR - FIGHTING WITHOUT A WEAPON |
| **RESULT :** | NONE | **COMMENTS:** | 30 DAYS DS; 30 DAYS LOP |
| | | **INSTITUTION :** | HOLMAN PRISON |
| **DATE :** | 05/01/2000 | **REASON :** | BEHAVIOR CITATION - UNDER INFLUENCE OF ALCOHOL OR NARCOTICS |
| **RESULT :** | NONE | **COMMENTS:** | 45 DYS LOSS STO/PH/VISIT PRIVILEGES |

Maples - DOC
000069

## INMATE CLASSIFICATION SECURITY LEVEL

**Name**   MAPLES, COREY                    **Number :**   0000Z624

**Classification Specialist :**   docal\penny.emmons              **Date :**  08/17/2009

| | |
|---|---|
| **History of Institutional Violence** | 0 |
| None -- (Rate Last 5 Years...) | **Score** |
| **Severity of Current Offense** | 6 |
| Highest | **Score** |
| **Prior Assault Offensive History** | 0 |
| None, Low, or Low/Moderate | **Score** |
| **Escape History (rate last 5 years of incarceration)** | 0 |
| No escapes or attempts (or no prior incarceration) | **Score** |
| **Current Age** | 0 |
| 30-39 years | **Score** |
| **Other Risk Factors** | 0 |
| None | **Score** |
| **Prior Felony Convictions** | 0 |
| None | **Score** |
| **TOTAL** | 6 |
| | **Total Score** |

Maples - DOC
000070

## INMATE CLASSIFICATION SECURITY LEVEL

### AIS : 0000Z624

| I. | Security Level indicated by score. | 4 |
|---|---|---|
| II. | Recommended Security Level. | 7 |

**Security Restrictions:**   LWOP or death

#### Comments:

Institution Recommendation   Maples is serving a death row sentence for the murder of 2 of his close friends, reports state he had been using drugs after the fact and denied that he was using drugs during the act, and does admit to drinking.  He shot 2 of his friends at point blank range, near his home.  He stole one of the victims car and drove to Tenn. Maples admitted to the murders of the two victims.  He has a history of using since he has been incarcerated, however his has not had many behavior problems since incarceration.  Advise attendance to programs offered on death row.

Psych Associate Review   Inmate Maples is a death row inmate who is generally cooperative. Counseling is available to him as needed.

Warden Review   agree with recommendation

TPat

| Title | Custody | Sec Lvl | Date |
|---|---|---|---|
| **Specialist Final Review And Submission** | CLOSE | 7 | 12/07/2009 |
| docal\penny.emmons | | | |
| **Central Review Board 1** | CLOSE | 7 | 12/07/2009 |
| docal\stephanie.atchison | | | |
| **Complete** | CLOSE | 7 | 12/07/2009 |

#### APPROVED INSTITUTIONS

HOLMAN DEATH ROW

AIS # : 0000Z624               NAME:  MAPLES, COREY                    RACE:  W    SEX:  M

EARNING STATUS :

CLASSIFYING INSTITUTION IS -       HOLMAN DEATH ROW

RECOMMMENDED CUSTODY IS - _ _ _ _ _ _ _ _ _ _ _ _ _ _     APPROVED CUSTODY IS -_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

RECOMMMENDED INST IS - _ _ _ _ _ _ _ _ _ _ _ _ _ _ _     APPROVED PLACEMENT IS -_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

PRESENT WORK     ASSIGNMENT                                    NEW WORK ASSIGNMENT

PRIMARY -    _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _        _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

SECONDARY - _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _        _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

PROGRAM PARTICIPATION  - _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

WAIVER OF CRITERIA REQUESTED FOR - _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

JUSTIFICATION AND COMMENTS -
Maples is serving a death row sentence for the murder of 2 of his close friends, reports state he had been using drugs after the fact and
denied that he was using drugs during the act, and does admit to drinking.  He shot 2 of his friends at point blank range, near his home.
He stole one of the victims car and drove to Tenn.  Maples admitted to the murders of the two victims.  He has a history of using since he
has been incarcerated, however his has not had many behavior problems since incarceration.  Advise attendance to programs offered on
death row.

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _        _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
CLASSIFICATION SPECIALIST          DATE                 CLASSIFICATION CO-ORDINATOR         DATE

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _        _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
PSYCHOLOGIST                       DATE                 CENTRAL REVIEW BOARD                DATE

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _        _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
WARDEN OR REPRESENTIVE             DATE                 CENTRAL REVIEW BOARD                DATE

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _        _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
INMATE                             DATE                 CENTRAL REVIEW BOARD                DATE

Maples - DOC
000072

ALABAMA BOARD OF CORRECTIONS
DIVISION OF PROFESSIONAL SERVICES
INMATE INTERVIEW RECORD

| NAME: Maples, Corey | | | Z-624 W M | | | 74 |
|---|---|---|---|---|---|---|
| Last | First | Middle | Serial No. | Race | Sex | DOB: M/D/Y |

**USE OF FORM:** Each interview summary should contain the following material as appropriate: topics discussed; recommendations made by counselor; decisions made by inmate; progress noted or other observations of counselor. All inmates must be advised during the initial interview of the nature and extent of confidentiality in the counseling relationship. Each entry must be dated and signed by the counselor.

**NOTE:** NO PART OF THIS RECORD IS TO BE DUPLICATED OR EXTRACTED, EITHER IN FACT OR IN SUBSTANCE, WITHOUT THE WRITTEN AUTHORIZATION OF THE INMATE NAMED ABOVE.

| Date of Entry | SUMMARY OF INTERVIEW | Signature of Counselor |
|---|---|---|
| 11-2-97 | Rec'd from Morgan County to Holman's Death Row on 11-21-97. Serving Death Sentence for Murder during Robbery. Two or more people. Adjusting to status. | James Prince Clan. Supv. |
| 3/3/04 | Summary Completed — | James Prince Clan. Supv. |
| 3/17/04 | Information entered in IMS this date. | Hugh Sims |

B of C 400                                    Page____

Maples - DOC
000073

ALDOC Form 225B

**ALABAMA DEPARTMENT OF CORRECTIONS**
**DISCIPLINARY REPORT**

1.  Inmate: **Maples, Corey**          Custody: **3G Z2 G**          AIS: **W/Z-624**

2.  Facility: **W. C. HOLMAN CORRECTIONAL FACILITY**          Disciplinary # **HP09- 892-A**

3.  The above named inmate is being charged by **Correctional Officer Donald Odom** with violation of rule number **64**
    specifically **Possession of Contraband** from regulation # **403** which occurred on or about **August 25**, 20**09** at
    (time) **1:15** (am),  Location: **Cell G-26** .
    A hearing on this charge will be held after 24 hours from service.

4.  Circumstances of the violation(s) are as follows: **During a search of inmate Maples, Corey W/Z-624 cell a T-**
    **Mobile cell phone was found. Inmates are not allowed to have cell phones at W. C. Holman Correctional**
    **Facility.**

    _8-28-09_                                      _Donald Odom_ CO
    Date                                      Arresting Officer / Signature / Rank

5.  I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed
    inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the
    witnesses on this the _28_ day of _August_, 20_09_, at (time) _5:00_ (am/pm)

    _MB Branch_                                      _X Cory Maples Z-624_
    Serving Officer / Signature / Rank                    Inmate's Signature / AIS Number

6.  Witnesses desired?      NO _X Cory Maples Z-624_          YES _____
                              Inmate's Signature                    Inmate's Signature

7.  If yes, list: _____

    _____

8.  Hearing Date _3 Sept 09_     Time _1:25 pm_          Place _Seg Shift Ofc._

9.  Inmate must be present in Hearing Room.  If he/she is not present explain in detail on additional page and attach.

10.  A finding is made that inmate (is / is not) capable of representing himself.

    _Michael St. Adams, Lt._
    Signature / Hearing Officer

11.  Plea: _____ Not Guilty _Cory Maples Z-624_ Guilty

12.  The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.

    _Michael St. Adams, Lt._
    Signature / Hearing Officer

    SEP 15 ENTD

13.   Arresting Officer's testimony  (at the hearing):   **N/A**

14.   Inmate's Testimony:   **I got caught with a phone during a shakedown.**

Witness:  **N/A**        Substance of Testimony:

Witness:  **N/A**        Substance of Testimony:

Witness:  **N/A**        Substance of Testimony:

15.   The inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached.

           Signature / Hearing Officer

16.   The following witnesses were not called  -  Reason not called

    1.  **N/A**

    2.

    3.

Maples - DOC
000075

17. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)

The Hearing Officer finds that:   <u>On August 25, 2009 at approximately 1:15 AM in the cell G-26 area of</u>

<u>Holman Unit, inmate Corey Maples W/Z624 violated rule #64-Possession of Contraband.</u>

18. Basis for Finding of Fact:   <u>Inmate Maples, who stated under oath: that he had got caught with a cell phone</u>

<u>during a shakedown.</u>

19. Hearing Officer's Decision:   <u>XXX</u>   Guilty   _____   Not Guilty

20. Recommendation of Hearing Officer:   <u>6 months loss visits, and 30 days disciplinary segregation.</u>

Signature / Hearing Officer

**Michael Strickland, Correctional Lieutenant**
Typed Name and Title

21. Warden's Action — Date   *September 9, 2009*

Approved   *Sylvester Robbs, Warden I*

Disapproved

Other (specify) _____

22. Reason if more then 30 calendar days delay in action. _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above
Named inmate on this the *11th* day of *September* 20*09* at (time) *12:50* (am / pm).

Signature / Serving Officer / Title          Inmate's Signature and AIS Number

Alabama Department of Corrections                                              **DISC002**

# DISCIPLINARY REPORT

403A (5-7)

**Incident Report Number:**    HCF-14-00693

**1. Inmate:**    MAPLES, COREY                    **Custody:**    CLOSE              **AIS:**  0000Z624

**2. Institution:**   HOLMAN DEATH ROW                                             **Disc #:**  HCF-14-00693-1

**3. The above inmate is being charged by:**        BROWN, DEXTER G

    **with a violation of the following Rule(s):**

    510 - Conspiracy to commit a violation of rule(s)

    **From Administrative Regulation #403, which occured on or about:**

    May  8 2014  4:45PM at Death Row Cell G1-26A

    **A hearing on this charge will be held after 24 hours from being served.**

**4. Circumstances of the violation(s) are as follows:**

    On 5/8/14, Lieutenant Brown was passing out legal mail addressed to inmate Maples and confiscated a cell phone, digital scale,and a large amount of crystal meth.

| 05/08/2014 | BROWN, DEXTER G / Lieutenant |
|---|---|
| Date | Arresting Officer Name / Title |

**5. I hereby certify that on this 13th day of May, 2014, at (time) 19:27:00, I have personally served a copy of the foregoing upon the above named inmate and I have informed the inmate of his/her right to present oral or written statement at the hearing and to present written questions for the witnesses.**

| WHITTLE, EMILY M | Inmate Refused to Sign |
|---|---|
| Serving Officer Name / Title | Inmate's Signature / AIS Number |

**6. Witnesses desired?**    **NO:**  Inmate Refused to Sign                **YES:**

                                    Inmate's Signature                                     Inmate's Signature

**7. If yes, list:**    N/A

Alabama Department of Corrections                                    **DISC006**

# DISCIPLINARY REPORT
### 403A Final

**Incident Report Number:**     HCF-14-00693

| | | |
|---|---|---|
| **1. Inmate:** MAPLES, COREY | **Custody:** CLOSE | **AIS:** 0000Z624 |
| **2. Institution:** HOLMAN DEATH ROW | | **Disc #:** HCF-14-00693-1 |

**3. The above inmate is being charged by:**     BROWN, DEXTER G

    **with a violation of the following Rule(s):**

    510 - Conspiracy to commit a violation of rule(s)

    **From Administrative Regulation #403, which occured on or about:**

      May  8 2014  4:45PM at Death Row Cell G1-26A

    **A hearing on this charge will be held after 24 hours from being served.**

**4. Circumstances of the violation(s) are as follows:**

    On 5/8/14, Lieutenant Brown was passing out legal mail addressed to inmate Maples and confiscated a cell phone, digital scale,and a large amount of crystal meth.

| 05/08/2014 | BROWN, DEXTER G / Lieutenant |
|---|---|
| Date | Arresting Officer Name / Title |

**5.  I hereby certify that on this 13th day of May, 2014, at (time) 19:27:00, I have personally served a copy of the foregoing upon the above named inmate and I have informed the inmate of his/her right to present oral or written statement at the hearing and to present written questions for the witnesses.**

| WHITTLE, EMILY M | Inmate Refused to Sign |
|---|---|
| Serving Officer Name / Title | Inmate's Signature / AIS Number |

**6. Witnesses desired?**     **NO:** Inmate Refused to Sign                    **YES:**

| | Inmate's Signature | | Inmate's Signature |
|---|---|---|---|

**7. If yes, list:**  N/A

**8. Hearing Date:**   May 21, 2014    **Time:**  07:50:00    **Place:**  Seg shift office

**9. Inmate must be present in Hearing Room.  If he / she is not present, explain in detail on additional page and attach.**

**10. The Arresting Official, Inmate, and all Witnesses were sworn to tell the truth.**

| WHITTLE, EMILY M |
|---|
| Hearing Officer Name / Title |

**11. A finding is made that the inmate is capable of representing himself / herself.**

| WHITTLE, EMILY M |
|---|
| Hearing Officer Name / Title |

**12. Plea:**            MAPLES, COREY / 0000Z624                    **Not Guilty**

**13. Arresting Official's testimony (at the hearing):**

On the date in question I was passing out legal mail, I went to inmate Maples to pass out his legal mail and found a phone, digital scale, and crystal meth in the package.

**14. Inmate's testimony:**

Inmate Maples refused to attend hearing , a not guilty plea was entered on his behalf.

**15. The inmate was allowed to submit question(s) to all witnesses. Copy of questions and answers are attached.**

Alabama Department of Corrections

**DISC006**

## DISCIPLINARY REPORT CONTINUATION HCF-14-00693-1

403A Final

WHITTLE, EMILY M
_____
Hearing Officer Name / Title

**16. The following witnesses were not called:**

N/A

**17. After hearing all of the testimony, the Hearing Officer makes the following findings of fact (Be Specific):**

**The hearing Officer finds that:**

Inmate Maples did violate rule#510, by attempting to receive contraband through his legal mail.

**18. Basis for finding of fact:**

Based on the Arresting Officer testimony and circumstance of the offense.

**19. Hearing Officer's decision:** [ X ] Guilty  [   ] Not Guilty  [   ] **Recommend for reinitiation**

**20. Hearing Officer's recommendation of sanction(s) to be taken against this inmate:**

[   ] Counseling / Warning

[   ] Extra Duty for _____ days at _____ hours per day under supervision _____ Shift

[   ] Loss of Outside privileges for _____ days          **Community Based Institutions Only:**

[ X ] Loss of Canteen privileges for 30 days, as of 05/28/2014          [   ] Draw cut to __ (min $25) for __ days

[ X ] Loss of Telephone privileges for 30 days, as of 05/28/2014          [   ] Restriction / State Whites for _____ days

[ X ] Loss of Visiting privileges for 30 days, as of 05/28/2014          [   ] Loss of Passes for _____ days

[   ] Removal from Hobby Craft          [   ] Return to Inmate Staff for _____ days

[   ] Loss of Good Time _____ Yrs _____ Mos _____ Dys

[ X ] Disciplinary Seg for 30 days

[   ] Recommend Custody Review

[   ] Recommend Job Change

[   ] Financial Compensation _____

WHITTLE, EMILY M
_____
Hearing Officer Name / Title

**21. Warden's Action - Date:**          05/28/2014

**Approved**          Gwendolyn Givens
_____

**Disapproved**          _____

**Other
(specify)**          _____

Maples - DOC
000079

Alabama Department of Corrections                              **DISC006**

## DISCIPLINARY REPORT CONTINUATION HCF-14-00693-1

403A Final

**22. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named Inmate on this the 28th day of May, 2014 at 18:24:00.**


23  DAUGHTRY, CHARLES E                    See Signed 403A Warden Decision Report

_____      _____
Serving Officer Name / Title             Inmate's Signature / AIS Number

Distribution:    Original to Central Records Division

        Copy to:    I & I (If Federal or State law violated)

                Inmate Institutional File

                Board of Pardons and Parole

                Sentencing Judge (if applicable)

Alabama Department of Corrections

**DISCIPLINARY REPORT**

DISC001

403A (1-4)

**Incident Report Number:**   HCF-14-00693

1. **Inmate:**   MAPLES, COREY                    **Custody:**   CLOSE                    **AIS:** 0000Z624
2. **Institution:**   HOLMAN DEATH ROW                                                        **Disc #:** HCF-14-00693-1
3. **The above inmate is being charged by:**                BROWN, DEXTER G

   **with a violation of the following Rule(s):**

   510 - Conspiracy to commit a violation of rule(s)

   **From Administrative Regulation #403, which occured on or about:**

   May  8 2014  4:45PM at Death Row Cell G1-26A

   **A hearing on this charge will be held after 24 hours from being served.**

4. **Circumstances of the violation(s) are as follows:**

   On 5/8/14, Lieutenant Brown was passing out legal mail addressed to inmate Maples and confiscated a cell phone, digital scale,and a large amount of crystal meth.

   ___05/08/2014___                                    ___BROWN, DEXTER G / Lieutenant___
   Date                                                        Arresting Officer Name / Title

5. I hereby certify that on this ___13___ day of ___May___, 20 __14__, at (time) __7:27__ ( am / pm ), I have personally served a copy of the foregoing upon the above named inmate and I have informed the inmate of his/her right to present oral or written statement at the hearing and to present written questions for the witnesses.

   _____         _____Refused to Sign (EW)_____
   Serving Officer Name / Title                     Inmate's Signature / AIS Number

6. **Witnesses desired?**        **NO:** _Refused to Sign (EW)_          **YES:** _____
                                      Inmate's Signature                              Inmate's Signature

7. **If yes, list:**   **AIS:** _____        **NAME:** _____
                       **AIS:** _____        **NAME:** _____
                       **AIS:** _____        **NAME:** _____

_Due by_
_5-28-14_

Maples - DOC
00008

Alabama Department of Corrections

**DISC004**

**DISCIPLINARY REPORT**

403A Warden Decision

**Incident Report Number:**     HCF-14-00693

| | | |
|---|---|---|
| 1. **Inmate:** MAPLES, COREY | **Custody:** CLOSE | **AIS:** 0000Z624 |
| 2. **Institution:** HOLMAN DEATH ROW | | **Disc #:** HCF-14-00693-1 |

3. **The above inmate is being charged by:**          BROWN, DEXTER G

    with a violation of the following Rule(s):

    510 - Conspiracy to commit a violation of rule(s)

    **From Administrative Regulation #403, which occured on or about:**

        May  8 2014  4:45PM at Death Row Cell G1-26A

    A hearing on this charge will be held after 24 hours from being served.

4. **Circumstances of the violation(s) are as follows:**

    On 5/8/14, Lieutenant Brown was passing out legal mail addressed to inmate Maples and confiscated a cell phone, digital scale, and a large amount of crystal meth.

| | |
|---|---|
| 05/08/2014 | BROWN, DEXTER G / Lieutenant |
| Date | Arresting Officer Name / Title |

5. **I hereby certify that on this 13th day of May, 2014, at (time) 19:27:00, I have personally served a copy of the foregoing upon the above named inmate and I have informed the inmate of his/her right to present oral or written statement at the hearing and to present written questions for the witnesses.**

| | |
|---|---|
| WHITTLE, EMILY M | Inmate Refused to Sign |
| Serving Officer Name / Title | Inmate's Signature / AIS Number |

6. **Witnesses desired?**          **NO:** Inmate Refused to Sign                    **YES:**

                                 Inmate's Signature                    Inmate's Signature

7. **If yes, list:**     N/A

8. **Hearing Date:** May 21, 2014          **Time:** 07:50:00          **Place:** Seg shift office

9. **Inmate must be present in Hearing Room. If he / she is not present, explain in detail on additional page and attach.**

10. **The Arresting Official, Inmate, and all Witnesses were sworn to tell the truth.**

                            WHITTLE, EMILY M

                            Hearing Officer Name / Title

11. **A finding is made that the inmate is capable of representing himself / herself.**

                            WHITTLE, EMILY M

                            Hearing Officer Name / Title

| | | |
|---|---|---|
| 12. **Plea:** | MAPLES, COREY / 0000Z624 | **Not Guilty** |

13. **Arresting Official's testimony (at the hearing):**

On the date in question I was passing out legal mail, I went to inmate Maples to pass out his legal mail and found a phone, digital scale, and crystal meth in the package.

14. **Inmate's testimony:**

Inmate Maples refused to attend hearing , a not guilty plea was entered on his behalf.

15. **The Inmate was allowed to submit question(s) to all witnesses. Copy of questions and answers are attached.**

                            WHITTLE, EMILY M

                            Hearing Officer Name / Title

Maples - DOC
000082

Alabama Department of Corrections                           **DISC004**

## DISCIPLINARY REPORT CONTINUATION HCF-14-00693-1

### 403A Warden Decision

**16. The following witnesses were not called:**

N/A

**17. After hearing all of the testimony, the Hearing Officer makes the following findings of fact (Be Specific):**

**The hearing Officer finds that:**

Inmate Maples did violate rule#510, by attempting to receive contraband through his legal mail.

**18. Basis for finding of fact:**

Based on the Arresting Officer testimony and circumstance of the offense.

**19. Hearing Officer's decision:**  [ X ] Guilty  [ ] Not Guilty  [ ] Recommend for reinitiation

**20. Hearing Officer's recommendation of sanction(s) to be taken against this inmate:**

[ ] Counseling / Warning

[ ] Extra Duty for _____ days at _____ hours per day under supervision _____ Shift

[ ] Loss of Outside privileges for _____ days                **Community Based Institutions Only:**

[ X ] Loss of Canteen privileges for 30 days, as of 05/28/2014    [ ] Draw cut to __ (min $25) for __ days

[ X ] Loss of Telephone privileges for 30 days, as of 05/28/2014   [ ] Restriction / State Whites for _____ days

[ X ] Loss of Visiting privileges for 30 days, as of 05/28/2014    [ ] Loss of Passes for _____ days

[ ] Removal from Hobby Craft                               [ ] Return to Inmate Staff for _____ days

[ ] Loss of Good Time _____ Yrs _____ Mos _____ Dys

[ X ] Disciplinary Seg for 30 days

[ ] Recommend Custody Review

[ ] Recommend Job Change

[ ] Financial Compensation _____

WHITTLE, EMILY M
Hearing Officer Name / Title

**21. Warden's Action - Date:**      05/28/2014

**Approved**      Gwendolyn Givens

**Disapproved**

**Other (specify)**

**22.** I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named inmate on this the _28_ day of _May_ , 20 _14_ at (time) _6:24_ ( am / pm ).

**23.** _Charles Daughtey CO_                    _Cliff Maple 2624_
Serving Officer Name / Title                    Inmate's Signature / AIS Number

Distribution:    Original to Central Records Division
                Copy to:    I & I (If Federal or State law violated)

Run Date: 5/28/2014 3:59:33 PM                                Page 2 of 3

Maples - DOC
000083

Alabama Department of Corrections

**DISC004**

**DISCIPLINARY REPORT CONTINUATION HCF-14-00693-1**

403A Warden Decision

Inmate Institutional File

Board of Pardons and Parole

Sentencing Judge (if applicable)

Maples - DOC
000084

# STATE OF ALABAMA
## DEPARTMENT OF CORRECTIONS

*us*
*8-20-07*

## INCIDENT REPORT

**AW**

| 1. Institution:<br>**W. C. Holman Correctional Facility** | 2. Date:<br>**7/25/07** | 3. Time:<br>**7:30 AM** | 4. Incident Number:<br>**HP07- 724** | Class Code:<br>**C** |
|---|---|---|---|---|

| 5. Location Where Incident Occurred:<br>**FCC Drug Screening Room** | 6. Type of Incident: Consumption or use of, or under the influence of alcohol, narcotics, or other intoxicants |
|---|---|
| 7. Time Incident Reported:<br>**7:30 AM** | 8. Who Received Report: *Greg Fralick* **8-16-07**<br>**Greg Fralick, Correctional Sergeant** |

**9. Victims:** Name — AIS

| | Name | | No. | AIS |
|---|---|---|---|---|
| a. | **N/A** | | No. | |
| b. | | | No. | |
| c. | | | No. | |

| 10. Suspects: | Name | | AIS | | 11. Witnesses: | Name | | AIS |
|---|---|---|---|---|---|---|---|---|
| a. | **Maples, Corey** | No. | **W/Z624** | | a. | **N/A** | No. | |
| b. | **West, Geoffrey** | No. | **W/Z658** | | b. | | No. | |
| c. | **Dallas, Donald** | No. | **W/Z588** | | c. | | No. | |
| d. | | No. | | | d. | | No. | |
| e. | | No. | | | e. | | No. | |
| | | | | | f. | | No. | |
| | | | | | g. | | No. | |

**PHYSICAL EVIDENCE:**

12. Type of Evidence

**Urine Specimen**

13. Description of Evidence:

**4 oz. plastic bottle with urine provided by the above named Inmate properly labeled and sealed**

14. Chain of Evidence:

a **Inmate**
b **Bobby Lane, CO**
c **Terry Quarker, CO**
d **East Alabama Medical Center**
e

15. Narrative Summary:

On July 25, 2007, at approximately 7:30 AM, Correctional Officer Bobby Lane was instructed by Correctional Sergeant Greg Fralick to collect urine specimen (s) of the following Inmate (s): Maples, Corey, W/Z624, West, Geoffrey, W/Z658, Dallas, Donald, W/Z588. Officer Lane collected a urine specimen from the above named inmates using the proper collection method and chain of evidence procedure. The urine specimen (s) were taken to Correctional Officer Terry Quarker a trained operator of the Pronto Evolution Precise Analyzer.

The following inmates tested positive for THC, marijuana: Corey Maples, W/Z624, Geoffrey West, W/Z658, and Donald Dallas, W/Z588.

*8/21/07*

Maples - DOC
000085

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

## INCIDENT REPORT/DUTY OFFICER REPORT
## CONTINUATION

| Institution:<br>**W. C. Holman Correctional Facility** | Incident Number:<br>**HP07-724** | Class Code:<br>**C** |
|---|---|---|
| Date:<br>7/25/07 | Type of Incident: Consumption or use of, or under the influence of alcohol, narcotics, or other intoxicants | |

Narrative Summary (Continued) Page No. 2

The sample was then sent to East Alabama Medical Center Toxicology Department for confirmation. The samples were confirmed for THC, marijuana on July 31, 2007 at approximately 4:25 PM for Donald Dallas, 4:26 PM for Geoffrey West, and for Corey Maples at 4:27 PM.

The above named inmate (s) will receive disciplinary action for rule violation #90, specifically Consumption or use of, or under the influence of alcohol, narcotics, or other intoxicants.

Bobby Lane, Correctional Officer

ADOC Form 302-B – June 1, 2005

Maples - DOC
000086

ALDOC Form 225B             **ALABAMA DEPARTMENT OF CORRECTIONS**
                                  **DISCIPLINARY REPORT**

1. INMATE: **Maples, Corey** CUSTODY:**MAX** AIS NO. **W/Z624**
              Last    First    Middle          DISCIPLINARY #**HP07-724**
2. FACILITY: **W. C. Holman Correctional Facility**
3. The above inmate is being charged by **Correctional Officer Bobby Lane**
   with a violation of Rule **#90** specifically **Consumption or use of, or under the**
   **influence of alcohol, narcotics, or other intoxicants** from regulation #**403** which
   occurred on or about **July 25, 2007** at (time)**10:15 AM**, Location: **Death Row Unit.** A
   hearing on this charge will be held after 24 hours from service.
4. Circumstances of the violation(s) are as follows: **Inmate Maples tested**
   **positive for THC, "marijuana", from a random drug screen collected by**
   **Correctional Officer Bobby Lane.**

   Date: _8-13-07_               _Bobby Lane Co_
                                 Arresting Officer/Signature/Rank
5. I hereby certify that I have personally served a copy of the foregoing upon the
   above named inmate and I informed inmate of his/her right to present written or
   oral statement at the hearing and to present written questions for the witnesses
   on this the _13th_ day of _August_ , 2007 at (time)_12:54_ (am/pm).

   _____ Co           _Refuse to sign_ _____ Co
   Serving Officer/Signature Rank      Inmate's Signature/AIS Number
6. Witnesses desired? NO _Refuse to sign_ _____ YES _____
                           Inmate's Signature              Inmate's Signature
7. If yes, list_____
8. Hearing Date_8-15-07_          Time_9:14 AM_      Place P&Q Dayroom
9. Inmate must be present in Hearing Room. If he/she is not present explain in
   detail on an additional page and attach.
10. A finding is made that inmate (is/is not) capable of representing himself.

                          _Sgt. James English_
                          Signature/Hearing Officer
11. Plea:_____ Not Guilty _____ Guilty
12. The Arresting Officer, inmate and all witnesses were sworn to tell the
    truth.

                          _Sgt. James English_
                          Signature/Hearing Officer
13. Arresting Officer's Testimony (at the hearing):_____
    Due process violation – Disciplinary was not served within 10 days.

    _____

14. Inmate's Testimony):_____
    _____
    _____
    _____
    _____

                                  **Annex C to AR 403 (Page 1 of 3 pages)**

_Due Process Violation_

Maples - DOC
000087

Witness:_____ AIS#_____ Substance of Testimony: _____

_____

_____

Witness:_____ AIS#_____ Substance of Testimony: _____

_____

_____

Witness:_____ AIS#_____ Substance of Testimony: _____

_____

_____

5.  The inmate was allowed to submit written questions to all witnesses. (Copy of questions and answers
    are attached).                              *Sgt. James English*
                                         Signature/Hearing Officer

6.  The following witnesses were not called:        Reason not called:
    1._____           _____
    2._____           _____
    3._____           _____

7.  After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
    The Hearing Officer finds that: _____

    _____

    _____

18. Basis for Findings of Fact: _____
    __**Due process violation – Disciplinary was not served within 10 days.**__

    _____

    _____

19. Hearing Officer's Decision: _____ GUILTY ___ xx ___ NOT GUILTY

20. Recommendation of Hearing Officer: ___ **None** _____

                                    *Sgt. James English*
                                 Signature/Hearing Officer
                                 **James English, Correctional Sergeant**
                                 Type Name and Title

21. Warden's Action Date: ____ *8-20-07* _____
    Approved _____
    Disapproved _____
    Other (Specify) *Reinitiate Disciplinary   Watson /s/ Captain*
22. Reason if more than 30 calendar days delay in action: _____

    _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above
    named inmate on this *20* day of *Aug* 2007, at time *4:03pm* (AM / PM).

    *ThomasBell CO*                        *Caryle L-624*
    Signature/Serving Officer/Title        Inmate's Signature/AIS Number

Maples-DOC
000088

## PRESENTING YOUR DEFENSE AT DISCIPLINARY HEARINGS

1.  IF YOU WISH TO MAKE A STATEMENT IN YOUR BEHALF, YOU WILL NEED TO HAVE YOUR STATEMENT IN WRITING. YOU WILL READ IT INTO THE RECORD WHEN YOU PRESENT YOUR DEFENSE.  AFTER YOU READ IT INTO THE RECORD, YOU WILL GIVE THE WRITTEN STATEMENT TO THE HEARING OFFICER.  YOU WILL BE GIVEN THE OPPORTUNITY TO ADD TO YOUR STATEMENT, VERBALLY, BEFORE THE HEARING OFFICER CLOSES FOR DELIBERATION.

2.  IF YOU HAVE REQUESTED WITNESSES, YOU WILL NEED TO PRESENT ALL QUESTIONS WHICH YOU WANT THE HEARING OFFICER TO ASK, IN WRITING, TO THE HEARING OFFICER.  HE WILL ASK THE QUESTIONS IF PERTINENT TO THIS CASE.  QUESTIONS, AS WELL AS YOUR STATEMENT, ARE TO BE SUBMITTED ON PAPER 8 ½ X 11 INCHES. YOU MAY USE INMATE STATIONERY, LEGAL PAPER FROM THE LAW LIBRARY OR ANY OTHER PAPER THE CORRECT SIZE.  LEAVE ENOUGH SPACE BETWEEN QUESTIONS FOR THE HEARING OFFICER TO WRITE THE ANSWERS.  USE ONLY ONE SIDE OF EACH SHEET OF PAPER.  YOU DO NOT HAVE THE RIGHT TO INSIST UPON A YES OR NO ANSWER; THIS IS AT THE DISCRETION OF THE HEARING OFFICER.  SUBMIT SEPARATE STATEMENTS AND QUESTIONS FOR EACH DISCIPLINARY AND EACH WITNESS.

3.  IF YOU HAVE REQUESTED MORE THAN THREE WITNESSES, YOU WILL NEED TO PREPARE A WITNESS LIST, WITH A BRIEF SUMMARY OF WHAT YOU EXPECT EACH WITNESS TO TELL THE HEARING OFFICER.  THE HEARING OFFICER MAY REFUSE TO ALLOW ANY WITNESS, WHOSE TESTIMONY IS NOT RELEVANT, TO TESTIFY.

4.  READ ADMINISTRATIVE REGULATION 403, WHICH IS AVAILABLE IN THE LAW LIBRARY FOR YOUR USE.

I HAVE READ THESE INSTRUCTIONS ON _8-13-07   12:50 PM_
                                          (DATE AND TIME)

_REFUSE TO SIGN_
INMATE'S SIGNATURE

I CERTIFY THAT I DID SERVE A COPY OF THESE INSTRUCTIONS TO THE ACCUSED ALONG WITH HIS DISCIPLINARY.

                    SERVING OFFICER

Maples - DOC
000089

ALABAMA DEPARTMENT OF CORRECTIONS
MAJOR INSTITUTIONS - BEHAVIOR CITATION

INCIDENT REPORT #     HP0910-01119

INMATE Maples, Corey   RACE/AIS w/m-624     BED G1-26A
FACILITY: W.C. HOLMAN C.F.   JOB ASGMT. None   CUSTODY Close

The above named inmate is cited by Officer Naomi Lyons for the following violation(s) of
institutional/departmental rule(s) as described:
RULE #: 85   VIOLATION: Violation of Institutional Rules and Regulations
STATEMENT: Inmates Maples did place his hand on ms.
thigh and continued to move his (inmate maples) hand
toward ms.            Vaginal area, and did begin to rub ms.
            Vaginal area.

Date of Infraction: 10-4-10      Time of Infraction: 12:30pm
Location of Infraction: W.C. Holman Visitation Yard

                    Naomi Lyons  CO 10-4-10
                    Citing Employee's Signature/Date

I have investigated the circumstances surrounding this citation and recommend that the following
sanction(s) be taken against this inmate:

(X) Loss of Telephone Privileges for _30_ days      ( ) Counseling/ Warning
(X) Loss of Canteen Privileges for _30_ days        ( ) Removal from Incentive Program
(X) Loss of Visiting Privileges for _30_ days       ( ) Removed from Hobby Craft Prog.
( ) Extra Duty for _____ days at _____ hours per day under supervision of _____ shift
( ) Removal from present job assignment.

Corey Maples  2-624  10/22/10         Sgt. 10-22-2010
Inmate's Signature/AIS/Date           Staff/Supervisor's Signature/Title/Date

After having reviewed this citation and the recommended sanction(s) presented, the following
action is approved:
(✓) Citation and sanctions are approved
( ) Citation and sanctions are approved as modified below.                NOV 09

( ) Citation and sanctions are disapproved and formal disciplinary action is to be immediately
    initiated under the provisions of ADOC AR 403.
( ) Citation and sanctions are disapproved. Expunge action from inmate's file.

    10/29/10                                    10/28/10
Effective Dates of Sanctions          Warden/Designee's Signature/Date

Inmates Receipt of completed action: _____ Corey Maples 2-624
                                      Inmate's Signature/AIS/Date
Serving Officer's initials: _____

DISTRIBUTION:   ( ) Classification (original)   ( ) Captain   ( ) Inmate   ( ) Suspense
                    Restrictions end 11-28-2010.

Rev. 12/26/01                           Attachment 1 to SOP 15-30      Maples - DOC
                                                                       000090

*Not Guilty*          *Death Row*

ALDOC Form 225B

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

1. Inmate: **Maples, Corey**          Custody: **Close**          AIS: **W/Z-624**

2. Facility: **W.C Holman Correctional Facility**          HCF-10-01119

3. The above named inmate is being charged by **Officer Naomi Lyons** with violation of rule number **63** specifically **Disorderly Conduct** from regulation # **403** which occurred on or about 10-4-20**10** at (time) **12:30** (am / pm), Location: W.C Holman visitation yard_____ . A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows: **Inmate Maples did place his hand on Ms. _____ thigh and continued to move his (inmate Maples) hand toward Ms. _____ vaginal area, and did begin to rub Ms. _____ vaginal area**.

          *Naomi Lyons CO*
          Officer Naomi Lyons, CO

**10-4-2010**                    _____
   Date                          Arresting Officer / Signature / Rank

5. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the **13th** day of **October**, 20**10**, at (time) **3:50** (am /**pm**)

*M. Branch CO*                    *Corey Maples Z-624*
Serving Officer / Signature / Rank          Inmate's Signature / AIS Number

6. Witnesses desired?     NO _____     YES **X** *Corey Maples*
                          Inmate's Signature          Inmate's Signature

7. If yes, list: **Ellis Mashburn, CO. Brandon Carroll** _____

8. Hearing Date **10-22-2010**     Time **9:15 Am**     Place **Seg. Shift Office**

9. Inmate must be present in Hearing Room. If he/she is not present explain in detail on additional page and attach.

10. A finding is made that inmate (is / ~~is not~~) capable of representing himself.
          *Sgt. Jeff Conley*
          Signature / Hearing Officer

11. Plea *Corey Maples Z-624* ___ Not Guilty _____ Guilty

12. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.
          *Sgt. Jeff Conley*
          Signature / Hearing Officer

Maples DOC
000091

HPTO-011-19

13.   Arresting Officer's testimony  (at the hearing):   <u>On the day in question, I was working visitation. I observed</u> <u>inmate Corey Maples W/Z624 with his hand on his female visitors (Ms.</u>         <u>, thigh and vaginal area. I</u> <u>stood up and got inmate Maples attention. I informed inmate Maples his visit was terminated.</u>

14.   Inmate's Testimony:   **(See Attached Statement).**

Witness:   **Inmate Ellis Mashburn**
           **W/Z730**                          Substance of Testimony:   **(See Attached Questions).**

Witness:   **Correctional Officer**
           **Brandon Carroll**                  Substance of Testimony:   **(See Attached Questions).**

Witness:   **N/A**                             Substance of Testimony:

15.   The inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached.

           Signature / Hearing Officer

16.   The following witnesses were not called  -  Reason not called

      1.   **N/A**                              **N/A**
      2.   **N/A**                              **N/A**
      3.   **N/A**                              **N/A**

HPi0-01119

17. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)

The Hearing Officer finds that: **On 10/4/2010, at approximately 12:30 PM, in the Holman Visitation Yard area of Holman C. F.  Inmate Corey Maples W/Z624 did not violate rule #63, Disorderly Conduct.**

18. Basis for Finding of Fact: **The Arresting Officer, Lyons who stated under oath; that she observed inmate Corey Maples with his (inmate Maples) hand on Ms          thigh and vaginal area.**

19. Hearing Officer's Decision:  _____ Guilty  **XXX**  _____ Not Guilty

20. Recommendation of Hearing Officer: **Recommends Disciplinary to be turned to Citation for #85, Violation of Institutional Rules and Regulations. 30 days Loss Phone, Store and Visitation.**

Sgt. _____
Signature / Hearing Officer

**Jeff Cantey, Correctional Sergeant**
Typed Name and Title

21. Warden's Action – Date  _10/26/10_____

Approved

Disapproved

Other (specify) _____

22. Reason if more then 30 calendar days delay in action. _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above Named inmate on this the __29th__ day of __October__ 20_10_ at (time) __142__ (am/ pm).

_____          X Cory Maples Z-624
Signature / Serving Officer / Title          Inmate's Signature and AIS Number

STATEMENT

In the 13 years I've been visiting, I've NEVER been gotten on to or warned about anything on the yard. On the day in question, I was awaiting a decision by the US Supreme Court on my final appeal. Had I been denied, an execution date would've been set in just a few months. I wouldn't do anything to jeopardize my visits under normal circumstances, let alone in a situation like that. On top of that, I was surrounded by families. Mothers, fathers and children. I'd NEVER do anything to disrespect those families, my girlfriend, or Ms. Lyons. I could understand if I had a record of bad behavior out there, but again, I've NEVER been in trouble while visiting.

Secondly, I don't think the rule I was written up under fits the charge. RULE 63 of the 403 is, "a security violation that causes a disturbance or hinderance to normal facility operating procedure." Whereas RULE 37 is, "Excessive hugging, kissing or contact." That's not an admission of guilt, just a definition of the rules. I caused neither a disturbance, nor a security risk by my alleged actions.

Finally, the disciplinary is written up as I rubbed her thigh, moved toward her vagina AREA, and rubbed her vagina AREA. It doesn't say I rubbed her vagina, which is why Ms. Lyons told me I had to leave. The vagina area, while seated, could be mid thigh. I NEVER touched her vagina.

In closing, I did not do what I was accused of. After 13 years, with my last appeal pending, I didn't just suddenly lose my mind and respect, and start molesting my girlfriend. When Ms. Lyons started hitting the window, I was actually talking to someones mom, 7 feet away!

Thank you.
Cory Maples

Maples - DOC
000094

<u>Questions</u>

1. <u>Ms. Lyons</u> - From where you were seated, could you clearly see me? Ye
Because I could only see a little of your shoulder.

2. <u>Ms. Lyons</u> - IN 13 years, have you ever had to get on to, or
chastise or warn me for anything? let alone anything of this
Nature.        FROM TIME TO TIME

3. <u>Officer Carroll</u> - You had a direct sightline to me All day. Did
you see me do anything like I've been accused of.?
        NO

4. <u>Ellis Mashburn</u> - Could your dad see directly under my Table?
        yes

5. <u>Ellis Mashburn</u> - At the Time Ms. Lyons Started beating on the
window, what was I doing? Talking To my mom.

Maples - DOC
000095

<u>Questions</u>

1. ~~Ms. Lyons~~ Ms. Lyons— in The 7 months I've been visiting with Ms. ___, have you had to get on to me for any thing? I've Told you SEVERAL TIMES TO PUT YOUR LEGS UNDER THE TABLE.

Maples - DOC
000096

# PRESENTING YOUR DEFENSE AT DISCIPLINARY HEARINGS

1. IF YOU WISH TO MAKE A STATEMENT IN YOUR BEHALF, YOU WILL NEED TO HAVE YOUR STATEMENT IN WRITING. YOU WILL READ IT INTO THE RECORD WHEN YOU PRESENT YOUR DEFENSE. AFTER YOU READ IT INTO THE RECORD, YOU WILL GIVE THE WRITTEN STATEMENT TO THE HEARING OFFICER. YOU WILL BE GIVEN THE OPPORTUNITY TO ADD TO YOUR STATEMENT, VERBALLY, BEFORE THE HEARING OFFICER CLOSES FOR DELIBERATION.

2. IF YOU HAVE REQUESTED WITNESSES, YOU WILL NEED TO PRESENT ALL QUESTIONS WHICH YOU WANT THE HEARING OFFICER TO ASK, IN WRITING, TO THE HEARING OFFICER. HE WILL ASK THE QUESTIONS IF PERTINENT TO THIS CASE. QUESTIONS, AS WELL AS YOUR STATEMENT, ARE TO BE SUBMITTED ON PAPER 8 ½ X 11 INCHES. YOU MAY USE INMATE STATIONERY, LEGAL PAPER FROM THE LAW LIBRARY OR ANY OTHER PAPER THE CORRECT SIZE. LEAVE ENOUGH SPACE BETWEEN QUESTIONS FOR THE HEARING OFFICER TO WRITE THE ANSWERS. USE ONLY ONE SIDE OF EACH SHEET OF PAPER. YOU DO NOT HAVE THE RIGHT TO INSIST UPON A YES OR NO ANSWER; THIS IS AT THE DISCRETION OF THE HEARING OFFICER. SUBMIT SEPARATE STATEMENTS AND QUESTIONS FOR EACH DISCIPLINARY AND EACH WITNESS.

3. IF YOU HAVE REQUESTED MORE THAN THREE WITNESSES, YOU WILL NEED TO PREPARE A WITNESS LIST, WITH A BRIEF SUMMARY OF WHAT YOU EXPECT EACH WITNESS TO TELL THE HEARING OFFICER. THE HEARING OFFICER MAY REFUSE TO ALLOW ANY WITNESS, WHOSE TESTIMONY IS NOT RELEVANT, TO TESTIFY.

4. READ ADMINISTRATIVE REGULATION 403, WHICH IS AVAILABLE IN THE LAW LIBRARY FOR YOUR USE.

I HAVE READ THESE INSTRUCTIONS ON ____10/13/10___3:50 pm____
                                              (DATE AND TIME)

X _Cordlator_____

INMATE'S SIGNATURE

I CERTIFY THAT I DID SERVE A COPY OF THESE INSTRUCTIONS TO THE ACCUSED ALONG WITH HIS DISCIPLINARY. _M Branch CO____

                        SERVING OFFICER

Maples - DOC
000097

Alabama Department of Corrections

## INCIDENT REPORT

| 1. Institution/Division: | | 2. Date: | 3. Time: | 4. Inc. No: | HCF-10-01119 |
|---|---|---|---|---|---|
| HOLMAN DEATH ROW | | 10/4/2010 | 12:10:00 PM | Class Code: | C |

| 5. Type of Incident - PRIMARY: | 6. ASCA Incident Type - PRIMARY: |
|---|---|
| Disorderly Conduct | |

| 7. Type of Incident - Secondary: | 8: ASCA Incident Type - Secondary: |
|---|---|
| N/A | |

| 9. Who Received Report: | 10. Time Incident Reported: |
|---|---|
| TAYLOR, SHARON | 10/4/2010 12:15:00 PM |

**11. Location of Incident:**

W.C. Holman Visitation Yard

| 12. Victim(s): | Name | AIS |
|---|---|---|
| | N/A | |

| 13. Suspect(s): | Name | AIS |
|---|---|---|
| | MAPLES, COREY | 0000Z624 |
| | Battle, Amy | Other |

| 14. Witness(es): | Name | AIS |
|---|---|---|
| | N/A | |

**PHYSICAL EVIDENCE:**

| 15. Type of Evidence / Description: | 16. Chain of Evidence / Location & Date: |
|---|---|
| N/A | N/A |

**17. Narrative Summary:**

On October 5, 2010, at approximately 12:10 pm, Correctional Officer Naomi Lyons was assigned to W.C. Holman Correctional Facility visitation area for death row visitation for alphabet A-M. Officer Lyons observed inmate Corey Maples, W/Z624, and inmate Maples' female friend , sitting on the visiting yard. Inmate Maples placed his hand on Ms.         thigh and continued to move his (inmate Maples') hand toward Ms.         vaginal area. Inmate Maples began rubbing Ms.         s vaginal area. Officer Lyons instructed inmate Maples to report to the Officer's table. Officer Lyons informed inmate Maples that his (Maples) visit was terminated due to rule #63-Disorderly Conduct. At approximately 12:15 pm, Officer Lyons informed Correctional Lieutenant Sharon Taylor of the incident. At approximately 12:20 pm, Correctional Officer Terrance McCants entered the visiting yard and escorted inmate Maples from the visiting area back to inmate Maples' cell, G1-26A. At approximately 12:27 pm, Officer Lyons escorted Ms.         from the visiting area and explained to Ms.         why her (       ) visit was terminated. Ms.         exited the facility without any further incident. Inmate Maples was advised that he (Maples) would be receiving disciplinary action for rule #63-Disorderly Conduct. No further incident occurred.

10/5/2010 1:21 PM by sharon.taylor 10/5/2010 3:49 PM by jesse.bishop 10/6/2010 12:26 PM by william.howard

Signature: _____

ADOC Form 302-A - August 2, 2010

Maples - DOC
000098

ALDOC Form 225B

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

1. Inmate: **Corey Maples**          Custody: **CLS.**          AIS: **W/ Z624**

2. Facility: **W.C. Holman Correctional Facility**          Disciplinary **#HCF-11-00 956**

3. The above named inmate is being charged by **Correctional Sergeant Christopher Earl** with violation of rule number **#64** specifically: **Possession of Contraband** from regulation # **403** which occurred on or about **8/16/11** at (time) **5:15(PM).** Location: **Death Row cell G-26.** A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows: **On 8/16/11, during a search of your (Corey Maples W/Z624) cell G-26 Sgt. Earl did find and confiscate one black and silver AT&T (HTC) cell phone and one black Samsung cell phone charger from inside your (Maples) mattress.**

   _8/19/11_                                  _C.L. OC 9_
   Date                                       Arresting Officer / Signature / Rank

5. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the _19_ day of _Aug_ , 20_11_ , at (time) _4:00_ (am/pm).

   _Sold co_                                  _Cory Maple Z-624_
   Serving Officer / Signature / Rank         Inmate's Signature / AIS Number

6. Witnesses desired?     NO _Cory Maple Z-624_          YES _____
                             Inmate's Signature                    Inmate's Signature

7. If yes, list: _____

   _____

8. Hearing Date _8-30-11_     Time _2:20 pm_     Place _Shift Office_

9. Inmate must be present in Hearing Room. If he/she is not present explain in detail on additional page and attach.

10. A finding is made that inmate (is /is not) capable of representing himself.

    _Penton Bsmith Ch_
    Signature / Hearing Officer

11. Plea: _____ Not Guilty _x Cory Maple Z-624_ Guilty      SEP 13 2011

12. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.

    _Penton Bsmith Ch._
    Signature / Hearing Officer



ORIGINAL
Maples - DOC
000099

**HP11-#**

13.   Arresting Officer's testimony  (at the hearing):   **N/A** _____

_____

_____

_____

_____

_____

14.   Inmate's Testimony:   **"I'm guilty"** _____

_____

_____

_____

_____

Witness:   **N/A** _____   Substance of Testimony: _____

_____

_____

Witness:   **N/A** _____   Substance of Testimony: _____

_____

_____

Witness:   **N/A** _____   Substance of Testimony: _____

_____

_____

15.   The inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached.

_Denton Blackwath CL_ _____
Signature / Hearing Officer

16.   The following witnesses were not called  - Reason not called

1.   **N/A** _____   _____

2.   **N/A** _____   _____

3.   **N/A** _____   _____

ORIGINAL
Maples - DOC
000160

HP11- __00956__

17. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)

The Hearing Officer finds that: __On August 16, 2011 at approximately 5:15pm in cell G-26 at Holman CF__

__Inmate Corey Maples W/Z624 did have a cell phone in his possession. This action is a direct violation of__

__rule #64 Possession of Contraband.__

18. Basis for Finding of Fact: __Fact – Inmate Corey Maples plead guilty__

19. Hearing Officer's Decision: __X__ Guilty _____ Not Guilty

20. Recommendation of Hearing Officer: __45DDS, 90DLOSP, and 6 months loss of visitation__

_Penton Ashworth_
Signature / Hearing Officer

**Correctional Lieutenant Penton Ashworth**
Typed Name and Title

21. Warden's Action – Date __6 Sept 11__
Approved __DeAngelo Burrell__
Disapproved
Other (specify)

22. Reason if more then 30 calendar days delay in action. _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above
Named inmate on this the __6__ day of __September__ 20_11_, at (time) __4:40__ (am / pm)

Signature / Serving Officer / Title          Cory Maples Z-624
                                             Inmate's Signature and AIS Number

ORIGINAL (Page 1 of 5)

Maples - DOC
000101

## PRESENTING YOUR DEFENSE AT DISCIPLINARY HEARINGS

IF YOU WISH TO MAKE A STATEMENT IN YOUR BEHALF, YOU WILL NEED TO HAVE YOUR STATEMENT IN WRITING. YOU WILL READ IT INTO THE RECORD WHEN YOU PRESENT YOUR DEFENSE. AFTER YOU READ IT INTO THE RECORD, YOU WILL GIVE THE WRITTEN STATEMENT TO THE HEARING OFFICER. YOU WILL BE GIVEN THE OPPORTUNITY TO ADD TO YOUR STATEMENT VERBALLY BEFORE THE HEARING OFFICER CLOSES FOR DELIBERATION.

IF YOU HAVE REQUESTED WITNESSES, YOU WILL NEED TO PRESENT ALL QUESTIONS WHICH YOU WANT THE HEARING OFFICER TO ASK, IN WRITING, TO THE HEARING OFFICER. HE WILL ASK THE QUESTIONS PERTINENT TO THIS CASE. QUESTIONS, AS WELL AS YOUR STATEMENT, ARE TO BE SUBMITTED ON PAPER 8 1/2 X 11 INCHES. YOU MAY USE INMATE STATIONERY, LEGAL PAPER FROM THE LAW LIBRARY OR ANY OTHER PAPER THE CORRECT SIZE. LEAVE ENOUGH SPACE BETWEEN QUESTIONS FOR THE HEARING OFFICER TO WRITE THE ANSWERS. USE ONLY ONE SIDE OF EACH SHEET OF PAPER. YOU DO NOT HAVE THE RIGHT TO INSIST UPON A YES OR NO ANSWER, THIS IS AT THE DISCRETION OF THE HEARING OFFICER. SUBMIT SEPARATE STATEMENTS AND QUESTIONS FOR EACH DISCIPLINARY AND EACH WITNESS.

IF YOU HAVE REQUESTED MORE THAN THREE WITNESSES, YOU WILL NEED TO PREPARE A WITNESS LIST WITH A BRIEF SUMMARY OF WHAT YOU EXPECT EACH WITNESS TO TELL THE HEARING OFFICER. THE HEARING OFFICER MAY REFUSE TO ALLOW ANY WITNESS WHOSE TESTIMONY IS NOT RELEVANT TO TESTIFY.

READ ADMINISTRATIVE REGULATION NO. 403 WHICH IS AVAILABLE IN THE LAW LIBRARY FOR YOUR USE.

I HAVE READ THESE INSTRUCTIONS ON _____8-19-11_____  4:00 p.m._____

_____  DATE AND TIME

*Cory Maples*   Z-624
INMATE'S SIGNATURE

I CERTIFY THAT I DID SERVE A COPY OF THESE INSTRUCTIONS TO THE ACCUSED ALONG WITH THIS DISCIPLINARY.

_____
                           OFFICER

Maples - DOC
000102

Alabama Department of Corrections

# INCIDENT REPORT

| 1. Institution/Division: | | 2. Date: | 3. Time: | 4. Inc. No: | IICF-11-00956 |
|---|---|---|---|---|---|
| HOLMAN DEATH ROW | | 8/16/2011 | 5:15:00 PM | Class Code: | C |

| 5. Type of Incident - PRIMARY: | 6. ASCA Incident Type - PRIMARY: |
|---|---|
| Contraband - Possession or Discovery | |

| 7. Type of Incident - Secondary: | 8: ASCA Incident Type - Secondary: |
|---|---|
| N/A | |

| 9. Who Received Report: | 10. Time Incident Reported: |
|---|---|
| RAINES, JOSEPH | 8/16/2011 5:20:00 PM |

| 11. Location of Incident: |
|---|
| Death Row cell G-26 |

| 12. Victim(s): | Name | AIS |
|---|---|---|
| | N/A | |

| 13. Suspect(s): | Name | AIS |
|---|---|---|
| | MAPLES, COREY | 0000Z624 |

| 14. Witness(es): | Name | AIS |
|---|---|---|
| | N/A | |

| PHYSICAL EVIDENCE: | |
|---|---|
| **15. Type of Evidence / Description:** | **16. Chain of Evidence / Location & Date:** |
| Other Cell Phone / One black and silver AT&T (HTC) touch screen, with slide out key pad cell phone and one black Samsung cell phone charger | COREY MAPLES AIS: 0000Z624 / Death Row cell G-26 8/16/2011 5:15:00 PM |
| | CHRISTOPHER EARL / Death Row cell G-26 8/16/2011 5:15:00 PM |
| | Cell Phone Disposal Box / Administrative Lieutenant's Office 8/16/2011 5:50:00 PM |

**17. Narrative Summary:**

On August 16, 2011, Correctional Sergeant Christopher Earl was Assistant Shift Commander assigned to Death Row at W.C. Holman Correctional Facility. At approximately 5:15pm, Sgt. Earl and Correctional Officer Darrell Owens began a search of inmate Cory Maples W/ z-624 and inmate Maples assigned cell G-26. Sgt. Earl handcuffed inmate Maples to the rear, released inmate Maples from cell G-26 and pat searched inmate Maples. No contraband was found on inmate Maples. Sgt. Earl then entered cell G-26 and began a search of inmate Maples assigned cell. During the search, Sgt. Earl found and confiscated one black and silver AT&T (HTC) touch screen, with slide out key pad cell phone and one black Samsung cell phone charger from inside inmate Maples mattress. Sgt. Earl secured the contraband in his right front pocket and completed the search. No other contraband was found. Inmate Maples was then secured back in cell G-26, pending disciplinary action for violation of rule #64 Possession of Contraband. At approximately 5:20pm, Sgt. Earl informed Correctional Lieutenant Joseph Raines of the incident. At approximately 5:50pm, Sgt. Earl secured the cell phone and charger in an envelope then secured the contraband in the cell phone disposal box located in the Administrative Lieutenant's Office.  8/19/2011 10:15 AM by christopher.earl

Signature: _____

ADOC Form 302-A - August 2, 2010

Maples - DOC
000103

*p-20*

ALDOC Form 225B

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

1. Inmate: **Corey Maples**        Custody: **CLS**        AIS: **W/M z624**

2. Facility: **W.C. Holman Correctional Facility**        **Disciplinary** #HCF-11-01243

3. The above named inmate is being charged by **Correctional Officer Frank Singleton** with violation of rule number **64** specifically: **Possession of Contraband** from regulation # **403** which occurred on or about **October 19, 2011** at (time) **1:15pm** Location: **Death Row cell P-20**. A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows: On October 19, 2011, during a search of your (Corey Maples W/ z624) assigned cell P-20, Correctional Officer Frank Singleton did find and confiscate one gray and black (LG) AT&T touch screen cellular phone from under the blanket on your (Maples) assigned mattress.

_10-19-11_                                         _Frank Singleton_
Date                                         Arresting Officer / Signature / Rank

5. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the _19_ day of _October_, 20_11_, at (time) _5:30 PM_ (am/pm).

_M. Williams    CO_                    _Corey Maples  2-624_
Serving Officer / Signature / Rank              Inmate's Signature / AIS Number

6. Witnesses desired?    NO _Corey Maples 2-624_        YES _____
                              Inmate's Signature                    Inmate's Signature

7. If yes, list: _____

8. Hearing Date _10-29-11_        Time _2:00 P.M._        Place _SEG Shift_

9. Inmate must be present in Hearing Room. If he/she is not present explain in detail on additional page and attach.

10. A finding is made that inmate (is / is not) capable of representing himself.

_____
Signature / Hearing Officer

NOV 17 2011

11. Plea: _Refused to sign_ ☒ Not Guilty _____ Guilty

12. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.

_____ co
Signature / Hearing Officer

**ORIGINAL**

Annex 3 to AR 403    Page 1 of 5)
Maples - DOC
000104

HCF #11-01243

13.   Arresting Officer's testimony  (at the hearing):   **On date and time in question during a search of inmate**
      **Corey Maples assigned cell P-20, I did find and confiscate one gray and black (LG), AT & T touch screen**
      **cellular phone from under the blanket on his assigned mattress.**

      _____

      _____

      _____

14.   Inmate's Testimony:   **Inmate Corey Maples refused to attend disciplinary hearing #HCF-110-01243.**

      _____

      _____

      _____

      _____

      Witness:  **N/A**                      Substance of Testimony:  _____

      _____

      Witness:  **N/A**                      Substance of Testimony:  _____

      _____

      Witness:  **N/A**                      Substance of Testimony:  _____

      _____

15.   The inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached.

      _____
      Signature  Hearing Officer

16.   The following witnesses were not called  -  Reason not called

      1.  **N/A** _____    _____

      2.  _____    _____

      3.  _____    _____

ORIGINAL

Maples - DOC
000105

17. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)

The Hearing Officer finds that:   **On October 19, 2011, at approximately 1:15pm, in the Death Row/Cell**

**P-20 area of Holman Correctional Facility. Inmate Corey Maples W/Z624 did have one gray and black**

**(LG) AT&T touch screen cellular phone under his blanket on his assigned mattress. This action is a direct**

**violation of rule #64-Possession of contraband.**

18. Basis for Finding of Fact:   **Arresting Officer Singleton stated under oath: that he did find and confiscate**

**one gray and black (LG) AT&T touch screen cellular phone under the blanket on inmate Corey Maples**

**assigned mattress while being housed in a single man cell.**

19. Hearing Officer's Decision:   **XXX**   Guilty   _____   Not Guilty

20. Recommendation of Hearing Officer:   **45 Days Disciplinary Segregation, 90 Days loss of store and phone**

**privileges and 6 months loss of visitation privileges.**

_____
Signature / Hearing Officer

**James Peacock, Correctional Officer**
Typed Name and Title

21. Warden's Action – Date   1 Nov 11

Approved   DeAngelo Burrell

Disapproved   _____

Other (specify)   _____

22. Reason if more then 30 calendar days delay in action.   _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above
Named inmate on this the   17   day of   November   2011, at (time)   12:40   (am) pm).

_____          _____
Signature / Serving Officer / Title          Inmate's Signature and AIS Number

ORIGINAL

Inmate Refusal to Attend Disciplinary Hearing

On __10-29-11__ at approximately __2:00 P.m__

Inmate __Corey Maples__ AIS= __W/m 2624__

Refused to attend the disciplinary hearing for

Violation of rule = __64  Possession of Contraband__

Case #HP __HCF-11-01243__

per Officer __Frank Singleton__

Hearing Officer __James Pennoct__

Entered a plea of NOT GUILTY

Witnesses __Corey Maples__ is absent

The Hearing Officer continued with the disciplinary hearing as usual.

__Frank Singleton__  __10-29-11__          __James Pennoct__  __10-29-11__
Officer's Signature  Date                    Hearing Officer's Signature  Date

Maples - DOC
000107

Alabama Department of Corrections

# INCIDENT REPORT

| 1. Institution/Division: | | 2. Date: | 3. Time: | 4. Inc No: | HCF-11-01243 |
|---|---|---|---|---|---|
| HOLMAN DEATH ROW | | 10/19/2011 | 1:15:00 PM | Class Code: | C |
| 5. Type of Incident - PRIMARY: | | | 6. ASCA Incident Type - PRIMARY: | | |
| Contraband - Possession or Discovery | | | | | |
| 7. Type of Incident - Secondary: | | | 8. ASCA Incident Type - Secondary: | | |
| N/A | | | | | |
| 9. Who Received Report: | | | 10. Time Incident Reported: | | |
| EARL, CHRISTOPHER | | | 10/19/2011 1:17:00 PM | | |
| 11. Location of Incident: | | | | | |
| Cell P-20 | | | | | |
| 12. Victim(s): | Name | | | AIS | |
| | N/A | | | | |
| 13. Suspect(s): | Name | | | AIS | |
| | MAPLES, COREY | | | 0000Z624 | |
| 14. Witness(es): | Name | | | AIS | |
| | N/A | | | | |

| PHYSICAL EVIDENCE: | |
|---|---|
| 15. Type of Evidence / Description: | 16. Chain of Evidence / Location & Date: |
| Other Cell Phone / One gray and black (LG) AT&T, touch screen cellular phone. | COREY MAPLESAIS: 0000Z624 / Death Row cell P-20 10/19/2011 1:15:00 PM |
| | FRANK SINGLETON / Death Row cell P-20 10/19/2011 1:16:00 PM |
| | Cell Phone Disposal Box / Administrative Leiutenant's Office 10/19/2011 2:30:00 PM |

**17. Narrative Summary:**

On October 19, 2011, Correctional Officer Frank Singleton was assigned to the Death Row Unit at W.C. Holman Correctional Facility. At approximately 1:15pm, CO Singleton and Correctional Sergeant Christopher Earl began a search of inmate Corey Maples W/ z624 and inmate Maples assigned cell P-20. CO Singleton secured handcuffs to the rear of inmate Maples. Inmate Maples was then released from cell P-20 and pat searched. No contraband was found on inmate Maples' person. During the search of inmate Maples cell (P-20), CO Singleton did find and confiscate one gray and black (LG) AT&T touch screen cellular phone from under the blanket of the mattress assigned to inmate Maples. At this time, CO Singleton informed Sgt. Earl of his (Singleton) findings. CO Singleton secured the contraband and continued the search. No other contraband was found. Inmate Maples was then secured back in cell P-20, where he (Maples) remains pending disciplinary action for violation of rule #64 Possession of Contraband. At approximately 2:30pm, CO Singleton secured the contraband in a white envelope properly labeled and secured the contraband in the cellular phone disposal box located in the Administrative Lieutenant's Office. No further action taken. 0/19/2011 5:36 PM by christopher.earl 10/20/2011 8:30 AM by christopher.earl 10/20/2011 8:31 AM by christopher.earl

Signature: _____

| Page    1   of   1 | ADOC Form 302-A - August 2, 2010 |
|---|---|

Maples - DOC
000108

*Disapproved*

ALDOC Form 225B

# ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

1.  Inmate: **Corey Maples**          Custody: **CLOSE**          AIS: **W/Z624**

2.  Facility: **W. C. Holman Correctional Facility**          HCF: **12-01049(B)**

3.  The above named inmate is being charged by: **Correctional Officer Charles Andrews** with violation of
    rule number: **#64** Specifically: **Possession Of Contraband (Cell Phone)**
    from regulation: **#403** which occurred on or about Date: **8/27/2012** Time: **6:50** pm
    Location: **Housing Unit G – Cell G1-26** A hearing on this charge will be held 24 hours from service.

    Circumstances of the violation(s) are as follows:
    **On 8/27/2012, a search was conducted of inmate Corey Maples (W/Z624) person, property, and cell. During the search, CO Charles Andrews discovered and confiscated one (1) inmate-made cell phone charger. The inmate-made cell phone charger was not issued by the ADOC, nor sold on the institutional canteen, nor was the cell phone approved by the Warden, therefore inmate Jones is in violation of Rule #64 – Possession of Contraband.**

4.

_8/28/12_
Date                                          Arresting Officer / Signature / Rank

5.  I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed
    inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the
    witnesses on this the **25** day of **August**, 20**12** at (time) **5:02** (am) (pm).
        (Day)          (Month)

    Serving Officer / Signature / Rank          Inmate's Signature / AIS Number

6.  Witnesses desired? NO _____          YES _____
                Inmate's Signature                    Inmate's Signature

    If yes, list:  1._____

                   2._____

7.                 3._____

8.  Hearing Date: **9-1-12** Time: **11:30 pm** Place: **Seg Shift Office**

9.  Inmate must be present in Hearing Room. If he/she is not present explain in detail on additional page and attach.

10. A finding is made that inmate ( is / is not ) capable of representing himself.

    Signature / Hearing Officer

11. Plea: **Cory Maples Z.624** Not Guilty _____ Guilty

12. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.

**ORIGINAL**

HCF-12-01049B

13. Arresting Officer's testimony  (at the hearing):   **I, Correctional Officer Charles Andrews (along with Correctional Sergeant Kenneth Tyus), was conducting a routine shakedown on inmate Corey Maples' person, property & cell G-26.  During the shakedown I observed a wire running from inmate Maples' fan and down the side of his bed.  I traced the wire down the wall until I reached the end of the wire and then noticed the end was made like a cell phone charger.  I then confiscated the inmate-made cell phone charger.**

14. Inmate's Testimony:   **I, Corey Maples, did not have a cell phone as it states on #3 of the disciplinary.  I had a cell phone charger.  According to 403 the description is supposed to be accurate.**

Witness:  **N/A**          Substance of Testimony:  **N/A**

Witness:  **N/A**          Substance of Testimony:  **N/A**

Witness:  **N/A**          Substance of Testimony:  **N/A**

15. The inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached.

_____
Signature / Hearing Officer

16. The following witnesses were not called  -  Reason not called

1.  **N/A**          **N/A**
2.  **N/A**          **N/A**
3.  **N/A**          **N/A**

17.   After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
The Hearing Officer finds that:   **On 8/27/12 at approximately 6:50 PM in the Housing Unit G-26 area of**
**Holman C.F. inmate Corey Maples W/z624 violated Rule #64 Possession of Contraband.  The hearing**
**Officer finds that such action is not permitted at Holman, therefore the inmate's action does constitute**
**disciplinary action.**

18.   Basis for Finding of Fact:   **Based on testimony of the arresting Officer Charles Andrews who stated**
**under oath that while conducting a search of inmate Corey Maples' person, property and cell G-26 he**
**noticed a wire running from inmate Maples' fan and when he traced the wire to the end, it looked like a**
**cell phone charger.  Officer Andrews stated he confiscated one (1) inmate-made cell phone charger.**

19.   Hearing Officer's Decision:   __**X**__   Guilty   _____   Not Guilty

20.   Recommendation of Hearing Officer:   **45 days disciplinary segregation, 90 days loss of store & phone,**
**6 months loss of visitation**

_Yulander K Drane CO_
Correctional Officer Yulander K. Drane

21.   Warden's Action – Date   _Sept 14 2012_
Approved
(Disapproved)   _Awardby Sam_
Other (specify)   _disciplinary was served before Captain Howard_
_Signed off._

22.   Reason if more then 30 calendar days delay in action.   _____

23.   I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above
Named inmate on this the __14__ day of _September_ 20_12_ at (time) _12:10_ (am / pm)

_Cecil Lett CO_                                    _Cory Maple Z-624_
Signature / Serving Officer / Title          Inmate's Signature and AIS Number

<u>Disciplinary</u> <u>STATEMENT.</u>

There are 3 procedural mistakes in my disciplinary I'd like to point out. #1) At the Top of the disciplinary where it states what I'm being charged with, it states SPECIFICALLY A CELL PHONE. There was <u>NO</u> cell phone found in my cell, property or on my person. For it to state I am being charged with a cell phone when <u>NONE</u> was found in my possession is due process violation. AR 403 states that the charges must be accurate. #2) This occurs in the Circumstances of the Violation section where it again states that I was caught with a cell phone. Again, there was no phone found in my possession. #3) This also occurs in the Circumstances of the Violation section, it refers to me as "INMATE JONES." That is <u>NOT</u> my name and the AR 403 states that like the charges, the inmates name must be accurate as well.

Due to these mistakes, which violate my due process, I ask that this disciplinary be found null and void.

Thank you for your time.

Respectfully,
Cory Maples.
2-624

Maples - DOC
000112

<u>Disciplinary Questions</u>

1) The Disciplinary states I was <u>specifically</u> found with a cell phone, I'd like to see the phone that was found. Cell phone would have been entered into evidence.

2) *For officer Andrews* Did you search my cell? YES

3) *For officer Andrews* Did you find a cell phone? No, but I found a charger.

4) *For officer Andrews* Did you type the disciplinary? If not, why and who did? AR #63 states the arresting officer is responsible for the paperwork. No, but I wrote it.

5). What is my name? (I ask because in the paperwork I am referred to as "Inmate Jones".) Corey Maples

## PRESENTING YOUR DEFENSE AT DISCIPLINARY HEARINGS

1. IF YOU WISH TO MAKE A STATEMENT ON YOUR BEHALF, YOU WILL NEED TO HAVE YOUR STATEMENT IN WRITING. YOU WILL READ IT INTO RECORD WHEN YOU PRESENT YOUR DEFENSE. AFTER YOU READ IT INTO THE RECORD, YOU WILL GIVE THE WRITTEN STAEMENT TO THE HEARING OFFICER. YOU WILL BE GIVEN THE OPPORTUNITY TO ADD TO YOUR STATEMENT VERBALLY BEFORE THE HEARING OFFICER CLOSES FOR DELIBERATION.

2. IF YOU HAVE REQUESTED WITNESSES, YOU WILL NEED TO PRESENT ALL QUESTIONS WHICH YOU WANT THE HEARING OFFICER TO ASK, IN WRITING, TO THE HEARING OFFICER. HE WILL ASK THE QUESTIONS IF PERTINENT TO THE CASE. QUESTIONS, AS WELL AS YOUR STATEMENT, ARE TO BE SUBMITTED ON PAPER 8 ½ X 11 INCHES. YOU MAY USE INMATE STATIONARY, LEGAL PAPER FROM THE LAW LIBRARY OR ANY OTHER PAPER THE CORRECT SIZE. LEAVE ENOUGH SPACE BETWEEN QUESTIONS FOR THE HEARING OFFICER TO WRITE THE ANSWERS. USE ONLY ONE SIDE OF EACH SHEET OF PAPER. YOU DO NOT HAVE THE RIGHT TO INSIST UPON A 'YES' OR 'NO' ANSWER. THIS IS AT THE DISCRETION OF THE HEARING OFFICER. SUBMIT SEPARATE STATEMENTS AND QUESTIONS FOR EACH DISCIPLINARY AND EACH WITNESS.

3. IF YOU HAVE REQUESTED MORE THAN THREE (3) WITNESSES, YOU WILL NEED TO PREPARE A WITNESS LIST WITH A BRIEF SUMMARY OF WHAT YOU EXPECT EACH WITNESS TO TELL THE HEARING OFFICER. THE HEARING OFFICER MAY REFUSE TO ALLOW ANY WITNESS WHOSE TESTIMONY IS NOT RELEVANT TO TESTIFY.

4. READ ADMINISTRATIVE REGULATION #403 WHICH IS AVAILABLE IN THE LAW LIBRARY FOR USE.

I HAVE READ THESE INSTRUCTIONS ON: _8/28/12   5:02 A.m._
(DATE AND TIME)

INMATE'S SIGNATURE: _Cory Maples_
(NAME AND AIS NUMBER)

I CERTIFY THAT I DID SERVE A COPY OF THESE INSTRUCTIONS TO THE ACCUSED ALONG WITH THE DISCIPLINARY.

_Everett Stanton_
SERVING OFFICER

Maples - DOC
000114

Alabama Department of Corrections

## INCIDENT REPORT

| 1. Institution/Division: | | 2. Date: | 3. Time: | 4. Inc. No: | HCF-12-01049 |
|---|---|---|---|---|---|
| HOLMAN DEATH ROW | | 8/27/2012 | 6:45:00 PM | Class Code: | C |

| 5. Type of Incident - PRIMARY: | 6. ASCA Incident Type - PRIMARY: |
|---|---|
| Possession of a Communication Device(s) / Accessory(s) | |

| 7. Type of Incident - Secondary: | 8: ASCA Incident Type - Secondary: |
|---|---|
| N/A | |

| 9. Who Received Report: | 10. Time Incident Reported: |
|---|---|
| PATTERSON, ANTHONY | 8/27/2012 7:15:00 PM |

| 11. Location of Incident: |
|---|
| Housing Unit G |

| 12. Victim(s): | Name | AIS |
|---|---|---|
| | N/A | |

| 13. Suspect(s): | Name | AIS |
|---|---|---|
| | JONES, ANTONIO | 0000Z706 |
| | MAPLES, COREY | 0000Z624 |

| 14. Witness(es): | Name | AIS |
|---|---|---|
| | N/A | |

| PHYSICAL EVIDENCE: | |
|---|---|
| **15. Type of Evidence / Description:** | **16. Chain of Evidence / Location & Date:** |
| Other Other / One (1) cell phone charger. | COREY MAPLESAIS: 0000Z624 / Death Row Cell G-26 8/27/2012 6:40:00 PM |
| | CHARLES ANDREWS / Death Row Cell G-26 8/27/2012 6:50:00 PM |
| | PENTON ASHWORTH / Segregation Shift Office 8/27/2012 7:00:00 PM |
| | Cell Phone Disposal Box / Administrative Lieutenant's Office 8/27/2012 10:50:00 PM |
| Other Cell Phone / One (1) Verizon Samsung black and grey cell phone. | ANTONIO JONESAIS: 0000Z706 / Death Row Cell G-5 8/27/2012 6:40:00 PM |
| | CHARLES DAUGHTRY / Death Row Cell G-26 8/27/2012 6:55:00 PM |
| | PENTON ASHWORTH / Segregation Shift Office 8/27/2012 7:00:00 PM |
| | / Administrative Lieutenant's Office 8/27/2012 10:50:00 PM |

**17. Narrative Summary:**

On 8/27/12, Correctional Lieutenant Penton Ashworth was assigned as the Shift Commander at W.C. Holman Correctional Facility. At approximately 6:45PM, CL Ashworth organized a search team which consisted of Correctional Sergeants Kenneth Tyus, Chris Kimbrel, and Correctional Officers Charles Andrews, Charles Daughtry, Thaddeus Betts, Steven Henry, Donnie Stewart, Russell Johnson and Ernest Stanton. The search team entered Housing Unit G to conduct an Institutional Search. At approximately 6:50PM, Officer Andrews and Correctional Officer Russell Johnson conducted a search of inmate Corey Maples' W/Z,624, person and assigned living area. Inmate Maples is housed in G-26. CO Andrews found and confiscated a cell phone charger that was plugged into inmate Maples' fan. At approximately 6:55PM, CO Daughtry and Stanton conducted a search of inmate Antonio Jones' B/Z706 person and assigned living areas. Inmate Jones is housed in G-5. CO Daughtry found and confiscated a black and gray Samsung Verizon cellular phone from inmate Jones. At approximately 7:00PM, CL Ashworth took possession of all of the above mentioned contraband. At approximately 7:15PM, CL Ashworth contacted Correctional Warden III, Tony Patterson and notified him of the incident via email. At approximately 10:00PM, CL Ashworth processed the contraband as evidenced. At approximately

Maples - DOC
000115

Alabama Department of Corrections

## INCIDENT REPORT CONTINUATION HCF-12-01049

---

**17. Narrative Summary:**

10:50PM, CL Ashworth placed the cell phone in the cell phone disposal box in the Administrative Lieutenant's Office. CL Ashworth placed the cell phone charger and the fan in the Administrative Lieutenant's Office. CL Ashworth informed inmates Jones and Maples that disciplinary action would be initiated for rule violation #64-Possession of Contraband/Communication Devices or Accessories in accordance with Administrative Regulation #403. Inmates Jones remains housed in G-5 and inmate Maples remains housed in G-26. No further action taken.

8/27/2012 11:00 PM by chris.kimbrel 8/28/2012 11:06 PM by chris.kimbrel 8/29/2012 8:36 AM by gwendolyn.givens

Signature: _____

---

ADOC Form 302-A - August 2, 2010

Maples - DOC
000116

# Alabama Department of Corrections

## DUTY OFFICER REPORT

| 1. Institution/Division:<br>HOLMAN DEATH ROW | | 2. Date<br>5/8/2014 | 3. Time<br>4:45:00 PM | 4. Inc. No:   HCF-14-00693 |
|---|---|---|---|---|
| | | | Class Code: | B |

| 5. Type of Incident - PRIMARY:<br>Drugs Found on Property | 6. ASCA Incident Type - PRIMARY:<br>III 12.1 Major Contraband Finds of an Illicit Substance. |
|---|---|
| 7. Type of Incident - Secondary:<br>Violation of ADOC Regulations/Standard Operating Procedures (or Conspiring, Aiding and Abetting) | 8. ASCA Incident Type - Secondary: |

**9. Location of Incident:**   Death Row cell G1-26A

**10. Victim(s):**

| Name | AIS | R/S | DOB | Sentenced From | Date | Length | Min Rel |
|---|---|---|---|---|---|---|---|
| N/A | | | | | | | |
| Offense(s) | | | | | | | |

**11. Suspect(s):**

| Name | AIS | R/S | DOB | Sentenced From | Date | Length | Min Rel |
|---|---|---|---|---|---|---|---|
| MAPLES, COREY | 0000Z624 | W / M | 1974 | MORGAN | 11/21/1997 | 0Y 0M 0D | |
| Offense(s) | MURDER | | | | | | |

**BRIEF Narrative:**

On May 8, 2014, Correctional Lieutenant Dexter Brown was assigned as the Shift Commander at W.C. Holman Correctional Facility. At approximately 4:45 pm, Lieutenant Brown was passing out Death Row legal mail on G-side. Lieutenant Brown approached cell G1-26A assigned to Inmate Corey Maples WM/Z624 to give Inmate Maples his legal mail. Lieutenant Brown retrieved a FedEx box that was addressed to Inmate Maples from Law Offices of                                     . Lieutenant Brown opened the mail in front of inmate Maples and began searching the mail for any contraband before turning it over to Inmate Maples. As Lieutenant Brown was searching the mail an envelope fell from the box. Lieutenant Brown picked the envelope up, looked inside the envelope and it contained (5) one-hundred dollar bills with serial                                     . Lieutenant Brown asked inmate Maples if he knew anything about the contents in the package. Inmate Maples stated that he did not know where the legal mail came from, that the name on the mail was not his attorney's office. Lieutenant Brown continued searching the package. Lieutenant Brown observed a large amount of what appeared to be crystal meth; Lieutenant Brown pilled back a brown paper that was glued inside the box and found a white Samsung touchscreen cellular phone. Lieutenant Brown searched a stack of legal papers that contained a black digital scale within the papers. At approximately 5:00 pm, Lieutenant Brown notified Correctional Captain Ronzella Howard of the incident. At approximately 5:05 pm, Captain Howard notified Warden II Walter Myers of the incident. At approximately 5:15 pm, I&I Investigator               was notified of the incident. At approximately 7:25 pm, Lieutenant Brown conducted a field test using NIK (Narcotics Identification Kit) the substances tested positive for Methamphetamine. At approximately 7:35 pm, Lieutenant Brown placed the white Samsung touchscreen cellular phone in the Cell Phone drop box and placed the crystal meth. and digital scale in an evidence bag secured it in the Evidence Box in front of Central Control. Inmate Maples remained in his assigned cell without further incident. Inmate Maples will receive disciplinary action for Conspiracy. No further action taken. 5/8/2014 8:01 PM by dexter.brown  5/8/2014 8:01 PM by emily.whittle

ADOC Form 302-C - August 2, 2010

Maples - DOC
000117

Alabama Department of Corrections

# INCIDENT REPORT

| 1. Institution/Division: | | 2. Date: | 3. Time: | 4. Inc. No: | HCF-14-00693 |
|---|---|---|---|---|---|
| HOLMAN DEATH ROW | | 5/8/2014 | 4:45:00 PM | Class Code: | B |

| 5. Type of Incident - PRIMARY: | 6. ASCA Incident Type - PRIMARY: |
|---|---|
| Violation of ADOC Regulations/Standard Operating Procedures (or Conspiring, Aiding and Abetting) | |

| 7. Type of Incident - Secondary: | 8. ASCA Incident Type - Secondary: |
|---|---|
| Drugs Found on Property | III 12.1 Major Contraband Finds of an Illicit Substance. |

| 9. Who Received Report: | 10. Time Incident Reported: |
|---|---|
| HOWARD, RONZELLA | 5/8/2014 5:00:00 PM |

**11. Location of Incident:**

Death Row Cell G1-26A

| 12. Victim(s): | Name | AIS |
|---|---|---|
| | N/A | |

| 13. Suspect(s): | Name | AIS |
|---|---|---|
| | MAPLES, COREY | 0000Z624 |

| 14. Witness(es): | Name | AIS |
|---|---|---|
| | N/A | |

**PHYSICAL EVIDENCE:**

| 15. Type of Evidence / Description: | 16. Chain of Evidence / Location & Date: |
|---|---|
| Drug Other / crystal methamphetamine | FEDEX box addtessed to Inmate Corey Maples / Death Row cell G1-26A 5/8/2014 4:45:00 PM |
| | DEXTER BROWN / Death Row cell G1-26A 5/8/2014 4:46:00 PM |
| | Evidence Box in front Central Control / in front of central control 5/8/2014 7:35:00 PM |
| Other Cell Phone / White samsung galaxy touchscreen cell phone | FEDEX box addtessed to Inmate Corey Maples / Death Row cell G1-26A 5/8/2014 4:45:00 PM |
| | DEXTER BROWN / Death Row cell G1-26A 5/8/2014 4:46:00 PM |
| | Cell Phone Box / in front of central control 5/8/2014 7:35:00 PM |
| Other Other / black digital scale | FEDEX box addtessed to Inmate Corey Maples / Death Row cell G1-26A 5/8/2014 4:45:00 PM |
| | DEXTER BROWN / Death Row cell G1-26A 5/8/2014 4:46:00 PM |
| | Evidence Box in front Central Control / in front of central control 5/8/2014 7:35:00 PM |
| Other Other / (5) one hundred dollar bills | FEDEX box / Death Row cell G1-26A 5/8/2014 4:45:00 PM |
| | DEXTER BROWN / Death Row cell G1-26A 5/8/2014 4:46:00 PM |
| | Warden Myers mailbox / Adminstration building 5/8/2014 7:40:00 PM |

**17. Narrative Summary:**

On May 8, 2014, Correctional Lieutenant Dexter Brown was assigned as the Shift Commander at W. C. Holman Correctional Facility. At approximately 4:45 pm, Lieutenant Brown was passing out Death Row legal mail on G-Tier. Lieutenant Brown approached cell G1-26A assigned to Inmate Corey Maples WM/Z624 to give Inmate Maples his legal mail. Lieutenant Brown retrieved a FedEx box addressed to Inmate Maples from the Law Offices o                                                                                 Lieutenant Brown opened the mail in front of Inmate Maples and began searching the mail for contraband before turning it over to Inmate Maples. As Lieutenant Brown was searching the mail an envelope fell from the box. Lieutenant Brown picked the envelope up and looked inside the envelope. The envelope contained five (5)

Maples - DOC
000118

Alabama Department of Corrections

## INCIDENT REPORT CONTINUATION HCF-14-00693

**17. Narrative Summary:**

one-hundred dollar bills with serial #                                                      Lieutenant Brown asked
Inmate

Maples if he knew anything about the contents in the package. Inmate Maples claimed he did not know where the legal mail came from and the name on the mail was not his attorney's office. Lieutenant Brown continued searching the package. Lieutenant Brown observed a large amount of what appeared to be crystal methamphetamine. Lieutenant Brown peeled back a brown paper that was glued inside the box and found a white Samsung touchscreen cellular phone. Lieutenant Brown searched a stack of legal papers that contained a black digital scale within the papers. At approximately 5:00 pm, Lieutenant Brown notified Correctional Captain Ronzella Howard of the incident. At approximately 5:05 pm, Captain R. Howard notified Correctional Warden II Walter Myers of the incident. At approximately 5:15 pm, Lieutenant Brown notified I&I Investigator              of the incident. At approximately 7:25 pm, Lieutenant Brown conducted a field test using NIK (Narcotics Identification Kit) the substances tested positive for Methamphetamine. At approximately 7:35 pm, Lieutenant Brown placed the white Samsung touchscreen cellular phone in the Cell Phone Disposal Box located in front of Central Control.  The crystal methamphetamine and digital scale was placed in an evidence bag and secured in the Evidence Box located in front of Central Control. Inmate Maples remained in his assigned cell. Inmate Maples will receive disciplinary action for Violation of ADOC Regulations/Standard Operating Procedure (or Conspiring/Aiding and Abetting). Correctional Sergeant Emily Whittle took a picture of the contraband for evidence purposes (see attached). No further action taken. 5/8/2014 8:01 PM by dexter.brown 5/8/2014 8:01 PM by emily.whittle 5/9/2014 6:17 PM by ronzella.howard 5/12/2014 3:56 PM by ronzella.howard  5/12/2014 5:19 PM by gwendolyn.givens

Signature: _____

ADOC Form 302-A - August 2, 2010

Maples - DOC
000119

# Alabama Department of Corrections

## DUTY OFFICER REPORT

| 1. Institution/Division: | | | 2. Date | 3. Time | 4. Inc. No: | HCF-17-00067 |
|---|---|---|---|---|---|---|
| HOLMAN DEATH ROW | | | 1/12/2017 | 12:30:00 PM | Class Code: | B |

| 5. Type of Incident - PRIMARY: | 6. ASCA Incident Type - PRIMARY: |
|---|---|
| Possession of a Communication Device(s) / Accessory(s) | |

| 7. Type of Incident - Secondary: | 8. ASCA Incident Type - Secondary: |
|---|---|
| N/A | |

**9. Location of Incident:**   G-26

**10. Victim(s):**

| Name | AIS | R/S | DOB | Sentenced From | Date | Length | Min Rel |
|---|---|---|---|---|---|---|---|
| N/A | | | | | | | |
| Offense(s) | | | | | | | |

**11. Suspect(s):**

| Name | AIS | R/S | DOB | Sentenced From | Date | Length | Min Rel |
|---|---|---|---|---|---|---|---|
| MAPLES, COREY | 0000Z624 | W / M | '1974 | MORGAN | 11/21/1997 | 0Y 0M 0D | |
| Offense(s) | MURDER | | | | | | |

**BRIEF Narrative:**

On January 12, 2017 at approximately 12:30pm, Sergeant Corey Lewis conducted a search of inmate Corey Maples W/z624 and his assigned cell G-26. During the search, Sergeant Lewis confiscated one cell phone and one cell phone charger. No other contraband was found. Sergeant Lewis advised Sergeant Christopher Earl and Captain Jeff Emberton of the incident. Inmate Maples remains in cell G-26 pending disciplinary action for Possession of a communications device/accessories. 1/12/2017 1:16 PM by christopher.earl

ADOC Form 302-C - August 2, 2010

Maples - DOC
000120